UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a
Minnesota Corporation,

Plaintiff,

vs. ORDER

Injection Research
Specialists, Inc., a
Colorado Corporation, and
Pacer Industries, Inc.,
a Missouri Corporation,

Defendants. Civ. No. 01-543 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of August, 2001.

I. Introduction

On August 9, 2001, the Court heard argument on Plaintiff's Motion to Compel the Defendants to Answer the Amended Complaint. At the time of the Hearing, the Plaintiff Arctic Cat, Inc. ("Arctic Cat"), appeared by J. Derek Vandenburgh, Esq., and the Defendants Injection Research Specialists, Inc., and Pacer Industries, Inc. (collectively, "IRS"), appeared by Anthony de Alcuaz, and David P. Pearson, Esqs.

For reasons expressed during the Hearing, and briefly reiterated below, we deny the Plaintiff's Motion.

FILED AUG 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(24)

## II. Factual and Procedural History

This is a Declaratory Judgment action, in which Arctic Cat seeks to establish the inapplicability, or the invalidity, of certain of IRS's patents, which affect Arctic Cat. Arctic Cat advises that there has been an ongoing dispute between these parties, dating back to litigation that had been commenced, by IRS against Arctic Cat, in 1997. In that suit, IRS claimed that Arctic Cat had misappropriated trade secrets and had committed fraud. The United States District Court for the District of Colorado entered Summary Judgment for Arctic Cat, on December 14, 1998. However, that case did not involved any allegations of patent infringement, which is the subject of this litigation.

This litigation arose from a letter dated March 23, 2001, from IRS to Arctic Cat, in which IRS accused Arctic Cat of infringing four of IRS's patents. Thereafter, Arctic Cat filed this action for a declaration determining that Arctic Cat is not infringing any of IRS's patents, or a declaration that IRS's four patents are invalid. Other contentions are contained in the Complaint as to why Arctic Cat is not liable for any potential infringement, including laches, estoppel, acquiescence, license, and waiver, intervening rights, res judicata, collateral estoppel, and a statute of limitations defense.

On May 29, 2001, IRS moved to dismiss four Counts of the Complaint. Although Arctic Cat "considered the Motion to have little merit," it filed an eleven count Amended Complaint, which it believed mooted IRS's previous Motion to Dismiss. Nonetheless, IRS again filed a Motion to Dismiss three of the eleven Counts in the Amended Complaint, as it believes that Arctic Cat has failed to state a claim on which relief can be granted as to those three Counts. The Motion is addressed, in particular, to Arctic Cat's contention of non-liability due to laches, estoppel, waiver, or acquiescence. In turn, Arctic Cat has brought this Motion because it believes that IRS's Motion to Dismiss is only being pursued for the purpose of delay and, therefore, that IRS should be compelled to answer the Amended Complaint, in order to set this case on track.

## III. Discussion

As Arctic Cat has readily admitted, most Courts have determined that a Motion to Dismiss stays a defendant's responsibility to answer the pleading until the Motion has been decided, even when the Motion to Dismiss only targets specific portions of the Complaint, such as the case here. See, e.g., Brocksopp Engineering, Inc. v. Bach-Simpson, Ltd., 136 F.R.D. 485, 486 (W.D. Wis. 1991). Morever, Rule 12(a)(4), Federal Rules of Civil Procedure, authorizes a defendant to delay its Answer to a Complaint until ten days



AUG-17-2001 14:22 US DISTRICT COURT 612 664 5124 P.06/18

after the Court rules on a Motion to Dismiss.[1] See, Northland Ins. Co. v. Blaylock, 115 F. Supp.2d 1108, 1115 (D. Minn. 2000)("When a motion to dismiss has been filed, no answer need be filed until ten days after the court disposes of the motion."). While we understand Arctic Cat to contend that, notwithstanding such authority, this Court has the discretion, under Rule 12(a)(4), to direct IRS to answer the Amended Complaint -- and while we do not quarrel with that proposition -- Arctic Cat has not advanced any cogent reason to deviate from the routine application of Rule 12(a)(4).

Moreover, as we pointed out at the Hearing, Arctic Cat's concern regarding the progress of this case, which it believes is at a standstill, as least insofar as discovery is concerned, is unfounded. Under Rule 26(d), the parties may commence discovery at this time by agreement, or by Order of the Court. See, Rule 26(d), Federal Rules of Civil Procedure ("Except * * * when authorized

---

[1] Rule 12(a)(4) provides as follows:

> Unless a different time is fixed by court order, the service of a motion permitted under this rule alters these periods of time as follows:
>
> (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action[.]

Rule 12(a)(4), Federal Rules of Civil Procedure.



AUG-17-2001 14:22 US DISTRICT COURT 612 664 5124 P.07/18

under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."). Therefore, as we find no reason to deter from the normal procedure, which dictates that IRS will not have to answer the Complaint until the District Court rules on the Motion to Dismiss, we deny Arctic Cat's Motion to Compel.[2]

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion to Compel the Defendants to Answer the Amended Complaint [Docket No. 11] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[2]We also note that, by this Motion, Arctic Cat is essentially asking us to determine that IRS's Motion to Dismiss is wholly without merit. However, such a determination is properly the province of the District Court, unless the dispositive Motion should be referred to this Court, which has not occurred here.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500