UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a
Minnesota Corporation,

Plaintiff,

vs.

MINUTE ORDER

Injection Research
Specialists, Inc., a
Colorado Corporation, and
Pacer Industries, Inc., a
Missouri Corporation,

Defendants.

and

Injection Research
Specialists, Inc. a
Colorado Corporation, and
Pacer Industries, Inc, a
Missouri Corporation,

Counterclaimants,

vs.

Arctic Cat, Inc. a
Minnesota Corporation, and
Suzuki Motor Corporation,
a Japanese Corporation,

Counterdefendants. Civ. No. 01-543 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of April, 2002.

* * *

75

FILED APR 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK MJB

By letter dated April 17, 2002, the Defendants request this Court to establish an expedited schedule with respect to its Partial Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction, and to stay discovery on U.S. Patent Nos. 34,079 and 6,062,202.[1] As alleged by Defendants, they issued a "Covenant Not to Sue" to the Plaintiff which insulates the Plaintiff from suit as to those Patents, so the Plaintiff's claims as to those Patents fails to present an actual case or controversy. During the course of a Hearing on April 4, 2002, we rejected the Defendants' request that discovery be stayed as to those Patents, and noted that such discovery was relevant until such time as the effectiveness of the "Covenant Not to Sue" has been judicially determined.

The Defendants now advise that they have filed their transmittal letter, which served their Partial Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction upon the Plaintiff, and seek an expedited resolve of those issues by precluding any related discovery, and expediting all related briefing.

---

[1]Given our familiarity with the issues presented, and in the absence of a request for oral argument, we have considered the Plaintiff's requests on the parties' written submissions. For these purposes, the Plaintiff has appeared by J. Derek Vandenburgh, Esq., the Defendants have appeared by Robert J. Blanch, Esq., and no appearance was made by, or on behalf of, the Counterdefendant Suzuki Motor Corporation.

Although we are presented with little information concerning the specific legal and factual matters which are germane to the Plaintiff's Partial Motion to Dismiss, we are not persuaded that these dispositive Motions should trump all other matters in this case. Earlier, the Plaintiff served four Motions for Summary Judgment on the Defendants, and the Defendant considered those Motions to be premature, notwithstanding the Plaintiff's strong disagreement. A Hearing on those Motions has been deferred as the parties undertake appropriate discovery. We are hard pressed, on this Record, to draw a different conclusion as to the Defendants' dispositive Motion.

As we understand the dispute, the Plaintiff does not deny the existence of the "Covenants Not to Sue," but contends they do not shield the Plaintiff from Patent litigation, and particularly as to future claims of infringement, as the Defendants currently suggest. Without a reading of those Covenants, we cannot say that the issue is not as potentially fact-driven as, the Defendants contend, are the Plaintiff's dispositive Motions. Further, absent a particularly cogent showing, we do not endorse piecemeal dispositive Motions which may unnecessarily tax the District Court, as one litigant seeks relief from discovery, that the opposing litigant regards as indispensable. This was one of the arguments, advanced by the Plaintiff, in initially seeking an expedited resolve of its

dispositive Motions -- an argument that the Defendants vigorously opposed.

In the final analysis, we deal here with "Covenants Not to Sue," and not with the intricacies of tax revenue indentures, and related bonding debentures. We confront, rather, a form of document that is readily recognizable by those who are even modestly familiar with litigation. The Covenants at issue here either do provide the protections the Defendants claim, or they do not, as the Plaintiff claims. If there is doubt, then we suspect that the doubt could expeditiously be resolved by a simple redrafting so that the concerns of all sides can be resolved. Should the parties reject such an approach, then resolution by judicial act would appear to be an alternative, and we leave to the District Court whether to consider the Defendants' dispositive Motion separately, and in advance of, the Plaintiff's dispositive Motion.

NOW, THEREFORE, It is --

ORDERED:

That the Defendants' informal Motion for expedited briefing, and a stay of discovery, as to their Partial Motion to Dismiss

First Amended Complaint for Lack of Subject Matter Jurisdiction, is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE