UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a
Minnesota Corporation,

Plaintiff,

vs.

Injection Research
Specialists, Inc., a
Colorado Corporation, and
Pacer Industries, Inc.,
a Missouri Corporation,

Defendants,

and

Injection Research
Specialists, Inc. a
Colorado Corporation, and
Pacer Industries, Inc, a
Missouri Corporation,

Counterclaimants,

vs.

Arctic Cat, Inc. a
Minnesota Corporation, and
Suzuki Motor Corporation,
a Japanese Corporation,

Counterdefendants. Civ. No. 01-543 (MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 28th day of August, 2002.

* * *

By Order dated May 15, 2002, we scheduled a Status Conference, to occur on August 28, 2002, in order to determine the status of discovery, as well as the advisability of further deferring the submission of briefs responsive to the Plaintiff's Motions for Summary Judgment. Recognizing that a fair opportunity to discover could counsel a deferral of a Summary Judgment Motion, see Rule 56(f), Federal Rules of Civil Procedure, we concluded, in our previous Order, that we would not indefinitely postpone the submission of responsive briefs, but that we would defer the briefing for approximately six months in order to determine if, at that time, further discovery would obviate resort to Rule 56(f).

As scheduled, on August 28, 2002, we conducted a Status Conference, at which, the Plaintiff and Counterdefendant, Arctic Cat, Inc., appeared by Derek J. Vandenburgh, Esq.; the Defendants, and Counterclaimants, Injection Research Specialists, Inc., and Pacer Industries, Inc. (collectively "IRS"), appeared by Anthony de Alcuaz, Esq.; and the Counterdefendant, Suzuki Motor Corporation, appeared by Bruce C. Zotter, Esq. Given the discovery to date, and the discovery disputes that have ensued, we grant the informal Motion by IRS to defer briefing further, and to conduct another Status Conference in approximately sixty days. Our decision is predicated, in part, upon the difficulties that IRS has experienced

in conducting discovery, by Letters Rogatory, as to foreign entities who were manufacturers of component parts which are implicated in this litigation.

In addition, the discovery has not proceeded with the dispatch that was initially anticipated, in part because of disputes concerning the proper content of a Protective Order, the need to translate certain of the discovery documents from Japanese, and difficulties encountered in the conduct of Rule 30(b)(6) depositions, and in paper discovery. In the interests of fairness, as well as in implementing the intent of Rule 56(f), we find that a further deferral is warranted, if not required. Again, however, we do not indefinitely continue the matter of briefing, and we expressly forewarn that past differences in the conduct of legitimate discovery will not be condoned, and will prompt more stringent rectification. Certain stances taken by the parties could appear to be motivated by an interest in delay, rather than in preserving legitimate objections to inappropriate discovery requests. We need make no such finding at this point, but we will be vigilant to assure that delay, for the sake of delay, will not occur. The parties are apprised that expedition may counsel the use of this Court's "open door" policy, although the parties always have access to the Motion practice afforded by our Local Rules. After sixty additional days of discovery, we will revisit the need, if any, for

a further deferral of briefing on the Motions for Summary Judgment but, understandably, with each revisiting, the showings for a further continuance will be more exacting. We direct that, at least one week before the scheduled date for the Status Conference, the parties simultaneously submit position statements as to the status of this matter, as well as to the need for a postponement of Summary Judgment briefing.

NOW, THEREFORE, It is --

ORDERED:

1. That the informal Motion of the Defendants, and Counter-claimants, to further defer briefing on the Plaintiffs' Motions for Summary Judgment, is GRANTED.

2. That the parties are directed to appear, by telephone, for a Status Conference on **October 28, 2002, at 10:00 o'clock a.m.**, with counsel mutually arranging for the Conference call.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE