UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota Corporation,

Plaintiff,

vs.

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Defendants.

and

Injection Research Specialists, Inc., a Colorado corporation, and Pace Industries, Inc., a Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor Corporation, a Japanese Corporation,

Counterdefendants. Civ. No. 01-543(MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 30th day of December, 2002.

FILED DEC 30 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

## I. Introduction

On October 31, 2002, we heard the Motion of Defendants Injection Research Specialists, Inc., and Pacer Industries, Inc. ("IRS"), to compel the Plaintiff Arctic Cat, Inc. ("Arctic Cat"), to produce documents which Arctic Cat had claimed were insulated from discovery by the attorney-client and/or work product privileges. IRS claimed those privileges had been waived by Arctic Cat's assertion of an "advice-of-counsel" defense, and that, therefore, the challenged documents were discoverable. By Order dated November 12, 2002, we issued our ruling which detailed the scope of the waiver effected by Arctic Cat's assertion of an "advice-of-counsel" defense, and concluded that two of the documents, which Arctic Cat had submitted for our in camera review, appeared to require disclosure to IRS.

However, since Arctic Cat had failed to identify the bases for any claimed privilege attendant to these specific documents, and out of concern that we may have read more into the documents than they truly conveyed, or that some redaction would be warranted for extraneous information, we directed Arctic Cat, if it chose to do so, to "provide us with an Affidavit, for in camera review, to support either a more restrictive application of waiver, or the propriety of specific redaction." Order of November 12, 2002, at p. 16.

Thereafter, Arctic Cat submitted two Affidavits for our in camera review, which were prepared by the authors of the two documents in question. Applying the considerations we detailed in our Order of November 12, 2002, which we incorporate without reiteration, we again conclude that the two documents must be produced to IRS, but that Arctic Cat should be permitted to redact information not subject to its waiver of privilege.

## II. Discussion

The two documents, which are subject to our prior disclosure Order, include an e-mail from J. Derek Vandenburgh, Esq. ("Vandenburgh"), who serves as litigation counsel to Arctic Cat, which was prepared on April 22, 2002, and handwritten notations of Ole Tweet ("Tweet"), who is Arctic Cat's Vice President of New Product Development, that relate to a conference in which he participated with John Gould ("Gould"), who is also a litigation attorney for Arctic Cat, and an author of certain of the legal opinions which Arctic Cat previously disclosed to IRS, when Arctic Cat invoked the "advice-of-counsel" defense. We address these writing separately.

### A. Vandenburgh's E-Mail of April 22, 2002.

Vandenburgh's e-mail outlines the issues in this case, and was intended to serve as an agenda, or guide, for a teleconference call which would occur between principles of Arctic Cat, and Arctic Cat's attorneys. On our initial review, we concluded that, "[b]y

every appearance, the outline pertains to subject matter which served as the basis for Arctic Cat's advice of counsel defense, as the document appears to weigh the validity of certain of the opinions expressed" and, accordingly, ordered that document to be produced to IRS. Id. at 16.

Arctic Cat argues that the purpose of Vandenburgh's memorandum was to aid in the determination of which positions were best for Arctic Cat to pursue in litigation, and was not to advise Arctic Cat as to whether its products were infringing on IRS's patents. Accordingly, Arctic Cat urges that the document is outside the scope of documents that it must produce. Alternatively, Arctic Cat argues that, if it is required to produce the document, it should be allowed to redact the "Comments" column prior to production, because the contents of that column reveals the mental impressions, and litigation strategies, of its counsel, and therefore, those comments should not be disclosed.

Frankly, we are surprised by the argument as we understood Arctic Cat to have "concede[d] that it had waived any otherwise applicable attorney-client and/or work product privilege, even as to expressions of opinion which occurred after the filing of this lawsuit," with respect to the subject matters addressed by the Opinion and Audit Letters upon which it relied for its advice of counsel defense. Id. at p. 9. Now, however, Arctic Cat appears to

undercut the very representations it made during the Hearing on this issue, without requesting a reconsideration, and without the benefit of any supportive legal authorities. To the extent that Arctic Cat now argues that only documents which specifically address the prior Opinion and Audit Letters are subject to disclosure to IRS, we flatly reject the argument as without merit for reasons we have already detailed.[1]

As we related in our prior Order, IRS is entitled to discover whether Arctic Cat "was justified in relying on patent counsel's advice," Cordis Corp. v. SciMed Life Systems, Inc., 980 F.Supp. 1030, 1032 (D. Minn. 1997), and accordingly, must be afforded an opportunity to inquire as to whether those opinions were sufficient "to instill belief in the infringer that a court might reasonably

[1]We understand Arctic Cat's concern that, given that its opinion counsel also serves as its litigation counsel, the production of relevant documents could disclose the mental thought processes of Trial counsel, but that is the consequence of selecting the same law firm to provide an "advice-of-counsel" opinion, and to prosecute Arctic Cat's action. While we express no criticism of that election, the volume of documents, which are potentially subject to disclosure, necessarily increases by that election. Routinely, the expert chosen to express an "advice-of-counsel" opinion, is independent of, yet ancillary to, the other issues in the case. In those cases, the discovery of the undergirdings to an "advice-of-counsel" defense are fairly circumscribed, and distanced from the advices of Trial counsel for strategic litigation purposes. Given the breadth of documents which could be subject to disclosure, IRS's pointed skepticism, that all such documents have been produced for our in camera review, is not particularly surprising.

hold the patent is invalid, not infringed, or unenforceable." Westvaco Corp. v. International Paper Co., 991 f.2d 735, 743-44 (Fed. Cir. 1993). In order to allow IRS to make such an informed inquiry, the challenged document must be produced.

In short, Arctic Cat received a series of opinions from its counsel, as to whether it was infringing IRS's patents, in which Arctic Cat's counsel identified a series of arguments that could be made to refute the infringement allegations. The e-mail of April 22, 2002, is a subsequent document by which Arctic Cat's counsel assesses the subject matter of the opinions previously expressed, together with certain additional arguments, so as to appraise their overall legitimacy. The information contained in the document, subject to specific redaction which we later detail, is precisely the type of information upon which IRS may legitimately inquire as to which opinions, that were formally addressed by Arctic Cat's legal counsel in letter format, are window dressing, or garnishing, and which have substantive merit. We are not persuaded by Arctic Cat's semantical sophistry, and to adopt its proposed scope of disclosure would restrict IRS to a superficial exploration of the previously disclosed Opinion and Audit Letters. Such an approach would not allow the rigorous inquiry into the competency of the opinions expressed, that the "advice-of-counsel" defense necessarily invites.

To more specifically particularize the information contained in the e-mail would jeopardize the status quo, prior to Arctic Cat's opportunity to exhaust any necessary appeals, but we regard that information as plainly relevant in determining whether "counsel's opinion [was] thorough enough, as combined with other factors, to instill a belief in the infringer that a court might reasonably hold the patent is invalid, not infringed or unenforceable." Cordis Corp v. SciMed Life Systems, Inc., supra at 1032. The waiver of privilege, which is occasioned by the invocation of an "advice-of-counsel" defense is a subject matter waiver and, as a result, IRS is entitled to any expressions of opinion, from Arctic Cat's counsel to Arctic Cat, which pertain to the subject matter of the opinions upon which Arctic Cat has predicated that defense. Thus, the challenged document, including the material in the "Comments" column, is properly discoverable.

Arctic Cat has also asserted that not all of the statements, which are included in Vandenburgh's e-mail, should be disclosed. In particular, Arctic Cat urges that the e-mail contains eleven additional grounds to support its claim of non-infringement, or unenforceability, which were not identified in any of the Opinion or Audit Letters. Arctic Cat contends that it should be allowed to redact any reference to these additional grounds prior to the e-mail's disclosure to IRS. Initially, the argument has facial

appeal, for our ruling was tethered to the notion that documents should be disclosed which include any "expression of opinion, * * * which pertains to the subject matter" of the Opinion or Audit Letters, and Arctic Cat argues that these specific portions of the e-mail do not reference arguments raised in the Opinion or Audit Letters, but introduce new arguments against infringement, which should be redacted. On closer examination, however, we find the argument to be without merit.

While we understand Arctic Cat to represent that the eleven arguments are truly novel ones, which have not found direct expression in the referenced Opinion and Audit Letters, we view the arguments as varied reiterations of the old one, or as simply subparts of the opinions expressed in the Opinion and Audit letters. While to so hold would require more evidence than Arctic Cat has proffered up to this point, we need not, and do not, rule on this issue dispositively, because we find the argument to be unavailing. Arctic Cat errs in its conception of "subject matter," by equating that term with the particular opinions and arguments expressed by its counsel in the Opinion and Audit Letters that have already been produced.

Instead, the relevant "subject matter" is the infringement, or enforceability, of IRS's patents by the challenged Arctic Cat products. Arctic Cat went to counsel for advice on whether its

products infringed IRS's patents, and it received opinions on that subject matter. By choosing to rely on those opinions as a defense, Arctic Cat waived otherwise applicable privileges as to all further opinions on that same subject matter -- the infringement of IRS's patents by Arctic Cat's products -- including both novel opinions generated after the original Opinion and Audit Letters, and refinements to the initial opinions expressed. Were we to define "subject matter" as Arctic Cat suggests, we would permit a party to obtain an opinion of counsel, assert an "advice-of-counsel" defense, obtain new opinions, and shield those, perhaps contradictory opinions, from the opposing party's scrutiny. Such a ruling would deprive IRS of a reasonable means of determining whether the opinions, that Arctic Cat's counsel formally expressed, were either competent, or thorough.

Lastly, there is information, which is contained in Vandenburgh's e-mail, which is unrelated to counsel's expression of opinions, and which require specific redaction. Namely, Arctic Cat may redact any reference to the '202 patent, as it is no longer in suit, and may redact those portions of the document that concern the issue of damages, since that information is wholly irrelevant to the issues of the competency of Arctic Cat's counsel's opinion, and of Arctic Cat's reasonable reliance upon that advice.

B. Tweet's Notes of October 22, 2001.

Tweet's notations relate to a conference on October 22, 2001, between counsel for Arctic Cat, and certain of the principles of Arctic Cat, and appear to record the subject matter of Merchant & Gould's advice of counsel. Tweet avers that, at the meeting during which the notations were taken, there was no specific conversation about counsel's opinions on infringement, and no infringement opinions rendered. Accordingly, Arctic Cat asserts that the notations fall outside the scope of documents which should be disclosed in the context of its "advice-of-counsel" defense. We have already rejected this argument, as an unduly pinched construction of the "subject matter" of the "advice-of-counsel" waiver, and therefore, we proceed to Arctic Cat's alternative argument, that certain information should be redacted from Tweet's notations, as not subject to the waiver that Arctic Cat made.

There are portions of Tweet's notations which pertain to matters unrelated to the subject matter of the "advice-of-counsel" opinions, and these need not be disclosed to IRS. Specifically, Arctic Cat may redact the notations concerning the issue of damages, references to patents which are not longer in suit, and the specific entries that have been identified in paragraph 10 to Tweet's Affidavit. So as to assure compliance, at such time as the

disclosures are made, copies of the redacted documents should also be transmitted to this Court, for our review.

Lastly, in order to preserve the status quo, Arctic Cat need not disclose the documents, which we have identified as being subject to production, until it has exhausted any appeal it wishes to take from this Order. If no appeal is to be taken, by any of the parties, then the referenced data shall be produced on the date on which the appeal period has been exhausted.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff shall produce the documents we have identified in this Order, and in our prior Order of November 12, 2002, after first making the redactions we have allowed.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE