IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

ARCTIC CAT, INC., a Minnesota corporation,

Plaintiff,

v.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,

Defendants.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,

Counterclaimants,

v.

ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,

Counterclaim Defendants

Court File No. 01-CV-543 MJD/RLE

**STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF**
**<u>POLARIS DOCUMENTS, MATERIALS AND INFORMATION</u>**

WHEREAS, Injection Research Specialists, Inc. and Pacer Industries, Inc. (hereinafter collectively referred to as "IRS") served a subpoena upon Polaris Industries Inc. f/k/a Polaris Industries L.P. (referred to hereinafter as "Polaris") on or about March

260 261

JUN 18 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

14, 2003 (referred to hereinafter as the Subpoena"), demanding production of certain documents produced during and generated as a result of the litigation styled *Injection Research Specialists, Inc. v. Polaris Industries, L.P.*, U.S. Dist. Ct., Dist. of Colo., Civil Action File No. 90-C-1143 (hereinafter referred to as the "*IRS-Polaris* litigation"); and

WHEREAS, Polaris objected to the subpoena on a number of grounds, including but not limited to demanding production of trade secrets and other proprietary and confidential materials, over breadth, imposition of an undue burden and seeking documents and materials that had been already produced by Polaris to IRS; and

WHEREAS, Polaris and IRS have reached agreement on (a) the scope of Polaris' search for documents responsive to the subpoena and (b) the maximum amount of attorney fees IRS must pay to Polaris for Polaris' search for responsive documents; and

WHEREAS, Polaris, IRS, Arctic Cat, Inc. and Suzuki Motor Corporation have reached agreement on the treatment and use of documents and materials that are responsive to the subpoena and that Polaris considers to be trade secret, proprietary and otherwise confidential.

NOW, THEREFORE, Polaris, IRS, Arctic Cat, Inc. and Suzuki Motor Corporation stipulate and agree as follows:

## I. SCOPE OF SEARCH

Polaris will search for documents responsive to the subpoena in (a) the files that Polaris has specifically designated as related to the *IRS-Polaris* litigation and that have been maintained by Polaris in the ordinary course of business and (b) the files that its

outside counsel, Cleary, Gottlieb, Stein & Hamilton, have maintained as a result of their representation of Polaris in the *IRS-Polaris* litigation.

## II. REIMBURSEMENT OF ATTORNEY FEES

Polaris shall not seek to recover more than SIX THOUSAND FIVE HUNDRED TWENTY-FIVE and 00/100 DOLLARS ($6,525.00) in attorney fees, exclusive of copying and related costs.

## III. TREATMENT AND USE OF POLARIS' CONFIDENTIAL DOCUMENTS AND MATERIALS

A. Polaris may designate the information, documents and other materials produced in response to the subpoena as "CONFIDENTIAL—ATTORNEYS' EYES ONLY—POLARIS" (referred to hereinafter as "Polaris Confidential Materials"). Such information, documents and other materials shall not be made available to any person or entity except as authorized herein. Such information, documents and other materials shall be used by the outside attorney(s) and outside expert(s) of the party or parties to whom it is provided solely for purposes of this litigation. Such information, documents and other materials shall not be used by or disclosed to any other person or entity other than the outside attorney(s) and outside expert(s) of the receiving party for any use or purpose, unless such use or disclosure is authorized herein, otherwise agreed to in writing by Polaris, or ordered by a court.

B. Polaris may designate as Polaris Confidential Material any document, material, or other information that it produces in response to the subpoena and that Polaris designated as "CONFIDENTIAL" in the *IRS-Polaris* litigation.

C. Polaris Confidential Material may be disclosed only to the following persons:

1. Outside counsel of record for the parties to this litigation, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel; and

2. Outside consultants or expert witnesses performing services in connection with the prosecution or defense of this litigation.

D. Polaris shall indicate its designation of documents, information and materials as Polaris Confidential Material by stamping or writing on each page of document the legend "CONFIDENTIAL—ATTORNEYS' EYE ONLY—POLARIS."

E. Information or material produced in a magnetic medium (e.g., floppy diskette or tape) is to be designated as Polaris Confidential Material by marking or labeling the medium or medium container with that legend specified in paragraph D. If any person or entity who receives such a designated magnetic medium prints or otherwise transfers to another medium any of the information contained on the magnetic medium, any resulting document or other medium shall be marked by the person or entity producing such copy as Polaris Confidential Material in accordance with the marking on the medium or medium container.

F. A physical exhibit is to be designated as Polaris Confidential Material by affixing to it a label with the legend specified in paragraph D.

G. If Polaris inadvertently fails to mark an item as Polaris Confidential Material or marks an item with an incorrect designation of confidentiality at the time of the production, Polaris shall have three business days after learning of the inadvertent failure or mistake to correct its failure or mistake. The correction shall be made in writing and shall be accompanied by substitute copies of each item, appropriately

marked as Polaris Confidential Material. Within five (5) days of receipt of the substitute copies, the receiving party or parties shall return the previously unmarked, or incorrectly marked, items and all copies thereof.

H. All provisions of this Protective Order restricting the communication or use of Polaris Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by all the parties or ordered by the Court. Upon conclusion of the litigation, including the running of any time to appeal or to move for relief under Fed. R. Civ. P. 60(b)(1)-(3), a party in possession of designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY—POLARIS", other than that which is contained in attorney notes, pleadings, correspondence, and deposition transcripts, shall return such materials, no later than 30 days after conclusion of this action, to counsel for Polaris.

I. If any Polaris Confidential Material is disclosed to any person to whom such disclosure is not authorized by this Protective Order, or other than in a manner authorized by this Protective Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform Polaris of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are know to the party responsible for the disclosure (including the name, address, telephone number, and employer of the person to whom the disclosure was made), shall immediately take all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall immediately require each unauthorized person to return all Polaris Confidential Material that was improperly disclosed to that person, all copies made of the improperly disclosed Polaris Confidential Material, and all

documents containing excerpts from or references to the improperly disclosed Polaris Confidential Material.

J. Each person receiving Polaris Confidential Materials under the terms of this Protective Order shall execute a copy of the Consent (attached hereto as Exhibit A), and hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

K. Each person who receives Polaris Confidential Material shall exercise due and proper care, in connection with the storage, custody, use, and dissemination of such material, to avoid any international or inadvertent use by or disclosure to persons whom disclosure is not permitted under this Protective Order.

Dated June 10, 2003

Andrew W. Horstman

Annamarie Daley
Andrew Horstman
**ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500

***ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM DEFENDANT ARCTIC CAT, INC.***

Dated June 16, 2003

Anthony de Alcuaz
Robert J. Blanch
Peter Van Mieghem
**McDERMOTT, WILL & EMERY**
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650-813-5000

- and -

David P. Pearson (#8712)
Steven C. Tourek (#110565)
**WINTHROP & WEINSTINE, P.A.**
3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-347-0700

***ATTORNEYS FOR DEFENDANTS INJECTION RESEARCH SPECIALISTS, INC. AND PACER INDUSTRIES, INC.***

Dated ______________________, 2003

Thomas H. Jenkins
Bruce C. Zotter
Naoki Yoshida
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER L.L.P.**
1300 I Street, N.W.
Washington, D.C. 20005-2215
Telephone: 202-408-4000

- and -

William F. Forsyth
**HENSON & EFRON, P.A.**
220 South Sixth Street
Suite 1800
Minneapolis, MN 55402
Telephone: 612-339-2500

Dated ______________________, 2003

Anthony de Alcuaz
Robert J. Blanch
Peter Van Mieghem
**McDERMOTT, WILL & EMERY**
3150 Porter Drive
Palo Alto, CA 94304
Telephone: 650-813-5000

- and -

David P. Pearson (#8712)
Steven C. Tourek (#110565)
**WINTHROP & WEINSTINE, P.A.**
3000 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN 55402
Telephone: 612-347-0700

***ATTORNEYS FOR DEFENDANTS INJECTION RESEARCH SPECIALISTS, INC. AND PACER INDUSTRIES, INC.***

Dated June 13, 2003

Thomas H. Jenkins
Bruce C. Zotter
Naoki Yoshida
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER L.L.P.**
1300 I Street, N.W.
Washington, D.C. 20005-2215
Telephone: 202-408-4000

- and -

William F. Forsyth
**HENSON & EFRON, P.A.**
220 South Sixth Street
Suite 1800
Minneapolis, MN 55402
Telephone: 612-339-2500

Dated June 9, 2003

David S. Miller

Timothy J. Mattson (#194517)
David S. Miller (#239860)
**BOWMAN AND BROOKE LLP**
150 South Fifth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-339-8682

***ATTORNEYS FOR NON-PARTY POLARIS INDUSTRIES INC.***

IT IS SO ORDERED:

Dated June 18, 2003

Raymond L. Erickson

Raymond L. Erickson
United States Magistrate Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

ARCTIC CAT, INC., a Minnesota corporation,

Plaintiff,

v.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,

Defendants.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,

Counterclaimants,

v.

ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,

Counterclaim Defendants

Civil Action No. 01-CV-543 MJD/RLE

**CONSENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY OF <u>POLARIS DOCUMENTS, MATERIALS AND INFORMATION</u>**

I, ____________________________, declare:

1. My address is __________________________________. My present occupation is __________________________________.

2. I have received a copy of the Stipulation and Protective Order Re Confidentiality of Polaris Documents, Materials and Information in this action. I have carefully read and understand the provisions of that protective order.

3. I will comply with all of the provisions of that protective order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the protective order, and will not copy or use except for purposes of this action, any Polaris Confidential Material which I receive in this action. I understand that any unauthorized use or disclosure of the Polaris Confidential Material I receive constitutes a violation of that Protective Order which may be redressed by an appropriate remedy, including, but not limited to contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _______ day of ___________, ___________, at ________________________________

__________________________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.