UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota Corporation,

Plaintiff,

vs.

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Defendants.

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor Corporation, a Japanese Corporation,

Counterdefendants. Civ. No. 01-543(MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 27th day of June, 2003.

FILED [illegible] 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

* * *

On June 27, 2003, the Court heard argument on the Plaintiff's informal Motion to compel a Rule 30(b)(6) deponent, who had been proffered by the Defendant Pacer Industries, Inc. ("Pacer"), to respond to questions pertaining to his retention, by Pacer, as a consulting expert. At the time of the Hearing, the Plaintiff appeared by Annamarie Daley, Esq., and the Pacer appeared by Robert J. Blanch, Esq. For reasons expressed at the close of the Hearing, and briefly reiterated below, the Plaintiff's Motion is denied.

According to the Record presented, the Plaintiff was taking the deposition of Charles Beach III ("Beach"), who was offered by Pacer as a Rule 30(b)(6) corporate representative. In response to questioning, Beach testified that he had been retained, at an hourly fee of $135.00, to consult with Pacer on this litigation. When counsel for the Plaintiff attempted to inquire as to the nature of the subject matter, as to which Beach was offering expertise, counsel for Pacer objected. At the time of the Hearing, counsel for Pacer disclosed, we understand for the first time, that Beach was reviewing documents in the litigation for Pacer. When apprised of this fact, counsel for the Plaintiff all but conceded that, had she been presented with such information, no effort to compel a further response would have been sought.

As both counsel recognize, Rule 26(b)(4)(A), Federal Rules of Civil Procedure, allows the deposition of "any person who has been identified as an expert whose opinions may be presented at trial." In turn, Rule 26(b)(4)(B) allows discovery of a non-testifying expert, "only as provided by Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Here, Rule 35(b) has no application, and the Plaintiff has failed to present any "exceptional circumstances" as contemplated by the Rule. In truth, the parties' present dispute underscores the importance of a responsible "meet and confer" prior to obtaining Court intervention. Had counsel for Pacer disclosed that Beach was consulting to the extent of reviewing documents, and not in anticipation of presenting opinions at Trial, no approach to the Court would have been needed. While inquiry, as to the amount of compensation derived from such an consultancy, would be appropriate so as to ascertain the potential for bias, as Beach was testifying on behalf of Pacer, we understand that such an inquiry was exhausted. Therefore, the Plaintiff's informal Motion to Compel is denied.[1]

---

[1]Counsel for Pacer raised, at the time of the Hearing, an objection to the scope of inquiry being made by the Plaintiff, as being outside the scope of the Rule 30(b)(6) deposition Notice. As (continued...)

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's informal Motion to Compel is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
we explained, in the absence of a copy of the deposition Notice, we were hard-pressed to determine the propriety of the questions being asked. As a consequence, we merely advised the parties that, consistent with Rule 30(b)(6), the questioning be restricted to the matters which had been described in the deposition Notice, "with reasonable particularity," as the topics for examination.