UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arctic Cat Inc., a Minnesota corporation,

Plaintiff,

v.

ORDER
Civ. No. 01-543(MJD/RLE)

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc. a Missouri corporation,

Defendants,

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc. a Missouri corporation,

Counterclaimants,

v.

Arctic Cat Inc., a Minnesota corporation and Suzuki Motor Corporation, a Japanese corporation,

Counterdefendants.

---

This matter is before the Court upon Arctic Cat Inc.'s appeal of Magistrate Judge Erickson's Order dated August 26, 2003. Arctic Cat seeks reversal of that part of the Order denying Arctic Cat's motion to file a supplemental invalidity claims chart.

The Court must modify or set aside any portion of the Magistrate Judge's Order found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). Based on a review of the record and the

FILED OCT 2 8 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

submissions of parties, the Court concludes that the Magistrate Judge's Order denying the motion to submit additional invalidity claims chart cannot stand.

In his Order, the Magistrate recognized that Arctic Cat would be prejudiced if the motion to supplement its invalidity claim charts was denied, as Arctic Cat would be foreclosed from presenting a claim-by-claim analysis on the issue of invalidation. The Magistrate also recognized that IRS would be prejudiced if the motion were granted, as IRS has already filed its rebuttal expert report, and formulated its trial strategies based on the initial invalidity claims chart. The Magistrate thus rested his decision on whether Arctic Cat was dilatory in bringing the motion to supplement its invalidity charts. Finding that Arctic Cat did not timely move to supplement, the motion was denied.

On appeal, Arctic Cat argues *inter alia* that it was not dilatory in seeking the prior art at issue. It concedes that it had some of the information months before, but that other relevant information was not produced, despite repeated efforts, until April and June 2003.

Contrary to the finding of the Magistrate, this Court finds that Arctic Cat's motion to supplement was timely filed. The Court is satisfied that Arctic Cat diligently attempted to obtain the necessary documents, and that the motion to supplement was brought soon after the necessary documents were obtained. But more importantly, the Court finds that the prejudice to Arctic Cat, if not allowed to supplement its invalidity claims chart, outweighs the prejudice to IRS if the motion is granted. Any prejudice to IRS if Arctic Cat is allowed to supplement its invalidity claims chart can be addressed by allowing IRS to file a supplemental rebuttal expert report. By contrast, there would be

no redress for Arctic Cat if its motion was denied. It would forever lose the ability to fully present its case. Accordingly, the Court will reverse the August 26, 2003 Order to the extent it denied Arctic Cat's motion to supplement its invalidity claims chart.

IT IS HEREBY ORDERED that the Order dated August 26, 2003 [Docket No. 312] is REVERSED to the extent it denied Arctic Cat's Motion to File Supplemental Invalidity Claims Charts [Docket No. 263]. The remainder of the August 26, 2003 remains in full force and effect. IRS can file a supplement rebuttal expert report, responsive to Arctic Cat's Supplement Invalidity Claims Chart on or before January 15, 2004.

Date: 10/24/03

Michael J. Davis
Michael J. Davis
United States District Court