UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arctic Cat Inc., a Minnesota corporation,

Plaintiff,

v.

ORDER
Civ. No. 01-543(MJD/RLE)

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc. a Missouri corporation,

Defendants,

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc. a Missouri corporation,

Counterclaimants,

v.

Arctic Cat Inc., a Minnesota corporation and Suzuki Motor Corporation, a Japanese corporation,

Counterdefendants.

---

This matter is before the Court upon Injection Research Specialists Inc.'s ("IRS") and Pacer Industries, Inc.'s ("Pacer") motion for stay of this Court's Orders dated November 14, 2003 and October 24, 2003, which require IRS and Pacer to produce documents withheld on the basis of privilege by November 28, 2003, pending IRS's and Pacer's appeal of these Orders to the Federal Circuit.

FILED 12·19·03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

IRS and Pacer have filed an appeal of the Orders dated November 14 and October 24, 2003. In addition, IRS and Pacer filed a motion to stay, and for a writ of mandamus, which motions were denied by the Federal Circuit by order dated November 26, 2003.

Standard

A motion to stay pending appeal is guided by the following four factors: "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies." Standard Havens Products, Inc. v. Gencor Industries, Inc., 897 F.2d 511, 512 (Fed. Cir. 1990)(citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The law provides for a flexible approach in applying these factors. Id. at 513.

In its motion, IRS and Pacer argue that the balance of harms supports a stay because the orders at issue are collateral thus little or no harm will result to Arctic Cat and Suzuki pending resolution of this matter, while disclosure of privileged communications or attorney work product will result in irreparable harm.

Arctic Cat and Suzuki respond that the motion to stay should be denied because the Orders at issue are interlocutory, and IRS and Pacer failed to obtain the necessary certification pursuant to 28 U.S.C. § 1292(b). They further argue that as the Federal Circuit has already denied a motion to stay and for a writ of mandamus, IRS and Pacer have failed to demonstrate a substantial case on the merits. Finally, Arctic Cat and Suzuki assert that the balance of harms weighs against a stay. The documents at issue in the November 14 and October 24, 2003 Orders are important to dispositive motions that

are due December 22, 2003.

This Court agrees that a stay is not warranted in this case. The Court has already reviewed and rejected IRS's and Pacer's arguments concerning the relevant privilege issues. In addition, the Federal Circuit has already denied a similar motion to stay, and a motion for a writ of mandamus. Accordingly,

IT IS HEREBY ORDERED that the motion to stay is DENIED.

Date: 12-19-03

Michael J. Davis
United States District Court