UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota Corporation,

Plaintiff,

vs.

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Defendants.

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor Corporation, a Japanese Corporation,

Counterdefendants. Civ. No. 01-543(MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of February, 2004.

FILED FEB 12 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motions of the Plaintiff and Counterdefendant Arctic Cat, Inc. ("Arctic Cat"), and Counterdefendant Suzuki Motor Corporation ("Suzuki"), for Sanctions, and to Modify the Pretrial Schedule to Extend the Deadline for Dispositive Motions.

A Hearing on the Motions was conducted on January 15, 2004, at which time, Arctic Cat appeared by Annamarie A. Daley; Suzuki appeared by Thomas H. Jenkins, Esq.; and the Defendants and Counterclaimants Injection Research Specialists, Inc., and Pacer Industries, Inc. (herein collectively referred to as "IRS"), appeared by Anthony de Alcuaz, Esq.

For reasons which follow, we deny the Motion of Arctic Cat and Suzuki to Modify the Pretrial Schedule, and we also deny the Motion of Arctic Cat and Suzuki for Sanctions, but we order IRS to produce the disputed discovery by no later than February 27, 2004.

## II. Factual and Procedural Background

As part of this litigation, IRS claims that Arctic Cat, and Suzuki, infringe upon IRS's '803 Patent, which was assigned by its inventor, Ronald E. Chasteen ("Chasteen"), to IRS. The '803 Patent has something of a convoluted history. Originally, the predecessor

of the '803 Patent was Patent Application '626 which was filed by Chasteen on November 12, 1987. Subsequently, on April 28, 1989, Chasteen abandoned that Application, and filed Continuation Application '803. The Continuation Application issued, on February 20, 1990, as Patent '701. In June of 1990 -- after it had been assigned Chasteen's interests in the '701 Patent -- IRS filed suit against Polaris Industries, Inc. ("Polaris"), alleging infringement of IRS's '701 Patent. According to Chasteen, during the course of that litigation, he came to understand that the claims of the '701 Patent were unduly narrow, owing to the errors of his then legal counsel, William O'Meara. As a result, on February 18, 1992, IRS sought a reissuance of the '701 Patent, which ultimately issued on December 6, 1994, as the '803 Patent. In this proceeding, IRS alleges that Arctic Cat, and Suzuki, are unlawfully infringing the '803 Patent.

On August 26, 2003, we granted the Motion of Suzuki to Compel IRS to produce documents related to the testing of its products. See, Docket No. 313. IRS objected to the disclosure of the requested documents, by asserting a claim of privilege, and explained that the tests had been conducted at the direction, and with the participation of its attorneys. We found that argument unconvincing, as we reasoned that the privilege did not protect the underlying facts of the tests. On September 10, 2003, IRS appealed

our Order to the District Court, the Honorable Michael J. Davis presiding. See, Docket No. 336. On October 28, 2003, the District Court denied IRS's appeal, and affirmed our Order of August 26, 2003. See, Docket No. 359.

On September 30, 2003, we granted the Motion of Arctic Cat, and Suzuki, to compel IRS to produce documents relating to statements that had been made in the Reissue Oaths. See, Docket No. 348. IRS also opposed that Motion on grounds of privilege. We explained that IRS could not rely on an advice of counsel defense, to the claims of Arctic Cat, and Suzuki, that the Patent was invalid under Title 35 U.S.C. §251 -- thereby using the privilege as a sword -- and then refuse to disclose documents related to the advise of its counsel by hiding behind the shield of the attorney-client privilege. On October 15, 2003, IRS appealed our decision to the District Court, see, Docket No. 351, and on November 14, 2003, the District Court affirmed our Order of September 30, 2003. See, Docket No. 386.

On November 19, 2003, IRS filed a Motion to Stay in the District Court, in order to appeal the District Court's Orders of October 28, 2003, and November 14, 2003, to the Federal Circuit Court of Appeals. See, Docket No. 387. On December 19, 2003, the District Court denied IRS's Motion to Stay pending the disposition of its appeal. See, Docket No. 456. The District Court reasoned

that a stay was not warranted because the Court had already considered, and rejected, IRS's claims of privilege. In addition, the District Court noted that the Federal Circuit Court of Appeals, on November 26, 2003, had denied the Motions of IRS for a stay, and also denied IRS' Petition for a Writ of Mandamus. Id.

Despite the Orders denying IRS's requests for a stay, IRS continues in its refusal to produce the requested documents until the Federal Circuit Court of Appeals rules on its appeal. Arctic Cat and Suzuki have filed a Motion to the Federal Circuit Court of Appeals to dismiss IRS's appeal, and they seek sanctions, from this Court, for IRS's failure to comply with our Orders. Arctic Cat and Suzuki also seek to modify the Pretrial Schedule.

## III. Discussion

### A. The Motion for Sanctions.

1. Standard of Review. Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to impose sanctions upon parties who fail to comply with discovery Orders, however, dismissal may be considered as a sanction only if there is: (1) an Order compelling discovery; (2) a willful violation of that Order; and (3) prejudice to the other party. Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000), citing Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000); see also, Mems v. City of St. Paul, Dept. of Fire and Safety Services, 327 F.3d 771, 779 (8th Cir.

2003). Further, "a district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests." United States v. Big D Enterprises, Inc., 184 F.3d 924, 936 (8th Cir. 1999); see also, Collins v. Burg, 169 F.3d 563, 565 (8th Cir. 1999)(Rule 37 "gives a district court broad authority to impose sanctions for failure to respond to discovery requests."); Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992)("Rule 37(b)(2)(C) authorizes the Court to exercise discovery abuse sanctions by dismissing a parties' action, or striking pleadings or entering a default judgment against the abusive litigant."). However, "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" Hairston v. Alert Safety Light Products, Inc., 307 F.3d 717, 719 (8th Cir. 2002), quoting Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (1992).

2. Legal Analysis. IRS does not deny that it has withheld discovery that was compelled by this Court, but instead, it justifies its refusal to comply with our Orders of August 26, 2003, and September 30, 2003, as affirmed by the District Court, in order to appeal those Orders to the Federal Circuit Court of Ap-peals. However, as stated, the District Court, on December 19, 2003, denied IRS's Motion for a Stay. Moreover, the Federal Circuit

Court of Appeals denied a similar Motion to Stay which had been filed by IRS, and the same Court denied IRS's Petition for a Writ of Mandamus. Notwithstanding these Orders, IRS has refused to produce the discovery as ordered. If parties were free to ignore, or disregard lawful Orders of the Court, the judicial processes would be substantially undermined.

Even if we were inclined to stay discovery pending the disposition of IRS's appeal to the Federal Circuit Court of Appeals, which we are not, we cannot condone IRS's abject refusal to comply with the operative Orders of the District Court, including the denial of IRS's request for a stay. While, conceivably, the Federal Circuit Court of Appeals could consider IRS' interlocutory appeal, that conception is substantially undercut by that Court's denial of IRS's request for equitable relief. While we agree with IRS, that "[t]he remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power," see, In re Pioneer Hi-Bred Intern., Inc., 238 F.3d 1370, 1373 (Fed. Cir. 2001), citing In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988), as observed by Arctic Cat and Suzuki, the Federal Circuit Court of Appeals has granted Petitions for a Writ of Mandamus in similar situations, see, In re Pioneer Hi-Bred Intern., Inc., supra at 1373; In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 804 (Fed. Cir. 2000); In re Regents

of Univ. of Cal., 101 F.3d 1386, 1387 (Fed. Cir. 1996), but denied IRS's Petition here.

Further, although the burden of proof for a Writ of Mandamus may be onerous, there is Federal Circuit precedent intimating that the Federal Circuit Court of Appeals will only consider challenges to interlocutory Orders -- even those Orders which impact upon a party's attorney-client privilege -- through the mechanism of a Writ of Mandamus. See, Quantum Corporation v. Tandon Corporation, 940 F.2d 642, 644-45 (Fed. Cir. 1991). In Quantum, the Federal Circuit Court of Appeals held that an appeal of an Order that required the production of documents, which were relevant to a claim of willful infringement, and which the responding party asserted were privileged, was not an appealable Order. Id at 643-44. Thus, we are not persuaded that the Federal Circuit Court of Appeals is likely to further consider the merits of IRS' appeal.

Although we would be well within the bounds of our sound discretion to sanction IRS for its refusal to comply with the Orders of this Court, we will allow IRS an opportunity to produce the requested discovery to Arctic Cat and Suzuki. Thus, IRS is directed to fully comply with our Orders of August 26, 2003, and September 30, 2003, as they have been affirmed, **by no later than February 27, 2004.** Accordingly, we deny the Motion of Arctic Cat and Suzuki for sanctions, but without prejudice to its renewal

should IRS fail to timely comply with the terms of this Order. We forewarn IRS that, should it fail to follow the directives of this Order, we shall impose such penalties, potentially inclusive of a recommended dismissal of those claims to which the disputed discovery is pertinent, or grant such other sanctions, as are just and appropriate.

B. The Motion to Modify the Pretrial Schedule.

December 29, 2003, was the date by which all dispositive Motions had to have been filed. See, Docket No. 455. Arctic Cat and Suzuki seek to extend that deadline, while IRS opposes any further extension.

1. Standard of Review. The Plaintiffs' Motion to Modify the Pretrial Schedule must be considered within the framework of Rule 16(b), Federal Rules of Civil Procedure." Alholm v. American Steamship Co., 167 F.R.D. 75, 77 (D. Minn. 1996). As we have recently reiterated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes--1983 Amendment; see also, Julian v. Equifax Check Services, Inc., 178 F.R.D. 10,

> 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatiBLE with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581-582 (D. Minn. 1999).

2. Legal Analysis. Arctic Cat and Suzuki argue that IRS's failure to comply with its discovery requests warrants the extension of the dispositive Motion deadline. They further contend that any discovery, which is now belatedly produced by IRS, could reveal the need for an additional dispositive Motion. Understandably, since the belated discovery has yet to be produced, Arctic Cat and Suzuki cannot state what, if any, dispositive Motions would be warranted. As a consequence, we find the Motion to Extend to be premature. If subsequent disclosure by IRS, pursuant to the Orders of the Court which IRS has ignored, or disregarded, warrant the filing, by Arctic Cat and Suzuki, of additional dispositive Motions, then they are at liberty to renew their request for an extension of the dispositive Motion deadline on that basis. Therefore, we deny the Motion of Arctic Cat and Suzuki to Modify the Pretrial Schedule as premature, and without prejudice.

NOW, THEREFORE, It is --

ORDERED:

1. That the Motion of Arctic Cat and Suzuki for Sanctions [Docket No. 432] is DENIED, but without prejudice.

2. That the Motion of Arctic Cat and Suzuki to Modify the Pretrial Schedule [Docket No. 463] is DENIED, but without prejudice.

3. That IRS is directed to comply with the terms of our Orders of August 26, 2003, and September 30, 2003, **by no later than February 27, 2004.**

4. That, should IRS fail to comply with the directives of this Order, and the our Orders of August 26, 2003, and September 30, 2003, we shall recommend that dismissal of all claims to which the disputed discovery is pertinent, and all other sanctions deemed just and appropriate.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE