UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota Corporation,

Plaintiff,

vs.

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Defendants.

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor

Corporation, a Japanese
Corporation,

Counterdefendants. Civ. No. 01-543(MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 30th day of March, 2004.

* * *

In an Order dated September 23, 2004, we directed the Defendants Injection Research Specialists, Inc., and Pacer Industries, Inc. ("IRS"), to produce to the Court, for in camera review, those documents as to which an attorney/client privilege was asserted, and which related to communications, between Ronald E. Chasteen ("Chasteen"), who is the inventor of the '701 Patent, and William O'Meara ("O'Meara"), who served as Chasteen's patent counsel on the original issuance of the '701 Patent. In that prior Order, we concluded that IRS could not employ the claimed privilege as both a sword and a shield, and we further concluded that the asserted privilege had been waived. We recognized, however, that some of the assertedly privileged "documents could contain unrelated, confidential advices, which are distinct, and unrelated, to the waiver we have found." Order of September 23, 2004, at p. 18.

As a result, we directed IRS to submit the documents with redactions, and without. Thereafter, IRS exhausted appeals from this Court's Order through the United States Court of Appeals for the Federal Circuit. Following the denial of those appeals, and attendant applications for a Writ of Mandamus, the issues concerning an in camera review resurfaced, and we conducted a telephonic Hearing, on the issues presented, on March 11, 2004, following which the parties submitted additional briefing. At the time of the Hearing, the Plaintiff Arctic Cat, Inc. ("Arctic Cat"), appeared by Annamarie A. Daley and Andrew W. Horstman, Esqs.; IRS appeared by Anthony de Alcuaz and Robert J. Blanch, Esqs,; and Counterdefendant Suzuki Motor Corporation ("Suzuki") appeared by Thomas H. Jenkins, Esq. For reasons which follow, we grant, in part, IRS' informal Motion for a Protective Order, and deny, in part, the informal Motion to Compel of Arctic Cat, and Suzuki.[1]

---

[1]Arctic Cat and Suzuki have challenged the Court's approach to the in camera review, as IRS failed to copy them with the cover letter, which transmitted the assertedly privileged documents for our review. As we expressed at the Hearing, the preferred mechanism would have followed the approach urged by Arctic Cat, and Suzuki, but IRS contends that it did nothing that Arctic Cat, and Suzuki, did not do when they had previously submitted documents for an in camera review, but we need not resolve that issue. We afforded Arctic Cat, and Suzuki, an opportunity to submit additional briefing, following the parties' "meet and confer" and we are satisfied that the content of the contested documents have been sufficiently characterized, on a
(continued...)

A total of seven documents were submitted, by IRS, for in camera review. Of those, two of the documents had been previously produced to Arctic Cat, and Suzuki, in unredacted form, as a part of IRS's discovery disclosures. The two documents comprise a letter dated October 24, 1988, from O'Meara to Chasteen, and a letter dated September 18, 1989, again, from O'Meara to Chasteen. Since Arctic Cat, and Suzuki, received redacted copies of the same documents, they know the portions of the letters which were redacted. Specifically, in each document, IRS redacted commentary relating to any interest, on Chasteen's part, in filing for foreign patent protection. Such a commentary, in our view, is irrelevant to any claim or defense that has been asserted in this litigation.

As to the remaining five documents, the first is a letter dated November 14, 1989, from O'Meara to Chasteen. The redactions in that letter, which relate to foreign

---

[1](...continued)
generic basis, to allow Arctic Cat, and Suzuki, to adequately communicate their substantive challenges to this Court. By its nature, an in camera review requires some degree of ex parte contact, and we have kept such contacts to the workable minimum. If the extent of exposure, to which Arctic Cat and Suzuki have alluded, were allowed, then there would be little in the way of confidentiality, which would attach to the documents, even if the claimed privilege were fully meritorious.

Accordingly, we grant the Motion for leave to file a Reply Memorandum, by Arctic Cat, and Suzuki.

patent protection, may remain, but the other redactions should be removed, as we find the information being redacted relevant, for purposes of discovery, without regard to whether the same information would be admissible at Trial.[2] See, Rule 16(b) (1), Federal Rules of Civil Procedure. The next letter, which is dated January 8, 1990, and which was transmitted by O'Meara to Chasteen, is entirely irrelevant to this proceeding, as it pertains to the billing practices of O'Meara's law firm. Similarly, a letter dated May 11, 1988, from O'Meara to Chasteen, is irrelevant in that it solely discusses foreign patent applications. The same irrelevancy applies, for the same reason, to the remaining two documents: 1) a letter dated October 27, 1989, from O'Meara to Judy Mattox ("Mattox"), who appears to be an in-house attorney for IRS;[3] and 2) a letter dated June 12, 1989, from O'Meara to Chasteen.

---

[2]Specifically, the redaction commencing with the fifth full paragraph on Bates No. PRIV0209, through the conclusion of the paragraph, which continues on Bates No. PRIV0210, should be removed on the copy of this letter which is produced to Arctic Cat and Suzuki.

[3]We note that a letter to Mattox has been produced for our review, which suggests that IRS understood that, while our Order of September 23, 2003, made specific reference to communications between O'Meara, and Chasteen, we implicitly included correspondence between O'Meara, and Chasteen, or between their intermediaries. If that implicit scope of production was not understood, we now make it explicit, and direct IRS to produce such documents, either to the opposing parties, or to the Court for further in camera review, should any exist.

While we are aware of the argument, by Arctic Cat, and Suzuki, that the foreign patent documents should be produced, because at least two of the letters, which were redacted so as to remove references to foreign patents, had previously been produced in full, and because one of IRS' foreign patents has a narrow patent claim such as that contained in the '701 Patent. The fact that irrelevant documents, or portions of documents, may have been freely produced in the past, says nothing about the relevance of those not produced. Moreover, none of the documents that we have reviewed contain any reference, however slight, to the proposed content of any foreign patent. We find such information to be irrelevant, whether privileged or not, and therefore, we do not require its production.

NOW, THEREFORE, It is --

ORDERED:

1. That the informal Motion for Protection of the Defendants Injection Research Specialists, Inc., and Pace Industries, Inc., is GRANTED in part, and the informal Motion to Compel of Counterdefendants Arctic Cat, Inc., and Suzuki Motor Corporation, is DENIED in part.

2. That the Motion of Arctic Cat, and Suzuki, to file a Reply Memorandum, with respect to the in camera review, and to submit additional information [Docket No. 561] is GRANTED.

BY THE COURT:

s/ Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE