UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota Corporation,

Plaintiff,

vs.

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Defendants.

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor

Corporation, a Japanese
Corporation,

Counterdefendants. Civ. No. 01-543(MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 19th day of April, 2004.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Motions of Injection Research Specialists, Inc., and Pacer Industries, Inc. (herein collectively referred to as "IRS"), for leave to file a Motion to Compel, and Motion to Compel.

A Hearing on the Motions was conducted on April 15, 2004, at which time, Arctic Cat, Inc. ("Arctic Cat") ,appeared by Andrew W. Horstman, Esq.; Suzuki Motor Corporation ("Suzuki") appeared by Christopher W. Day, and Bruce C. Zotter, Esqs.; and IRS appeared by Michael S. Wilcox, and Richard F. Cauley, Esqs.

For the reasons expressed at the Hearing on the Motions, and briefly reiterated below, we grant the Motions of IRS for leave to file its Motion to Compel, and its Motion to Compel. We further direct the parties to "meet and confer" in an effort to coordinate the production of all discoverable materials.

IRS seeks to compel the production of devices, which are known to the parties as "dry dynamometers," or "dry dynos," and which, IRS contends, Dr. Cuzzillo, who is the technical expert witness for both Arctic Cat and Suzuki, employed to formulate his opinions, and to offer at Trial. However, under the governing Pretrial Schedule, the deadline for the filing of all nondispositive Motions was set as December 1, 2003. Consequently, in order to file a Motion to Compel, IRS must first seek leave of the Court, by demonstrating that "good cause" exists to excuse the untimeliness of its Motion. See, Rule 16(b), Federal Rules of Civil Procedure.

IRS asserts that ample "good cause" exists to excuse its untimeliness. First, IRS submits that the deposition of Dr. Cuzzillo did not occur until January 21, 2004, after the expiration of the nondispositive Motion deadline, and that, at his deposition, Dr. Cuzzillo testified that he used dry dynos to formulate his opinions, and that he had begun to prepare other dry dynos which he intends to use as demonstrative aids at Trial. In response, Suzuki argues that dry dynos were discussed in Dr. Cuzzillo's expert report in June of 2003, well before the deadline of December 1, 2003.

Suzuki also argues that IRS never requested the production of dry dynos, but rather, only requested the production of documents. However, it is clear from IRS' Document Requests of August 7, 2003, that IRS requested "[a]ll documents **and**

**things** reflecting the facts or data upon which the deponent bases his opinions or inferences to this case," and "[a]ll documents **and things** that the deponent will or may use at trial to support, explain or demonstrate his testimony and opinions in this case." See, Ex. E, Subpoena, Notice and Document Requests, Request Nos. 6 & 9 [emphasis supplied]. Dry dynos are certainly among those "things" that the Federal Rules envisioned should be produced, if discoverable, in addition to documents. Thus, it is clear that IRS is entitled to discover anything on which Suzuki's, or Arctic Cat's, experts will rely at Trial, including dry dynos.

Further, as to IRS's "good cause" showing, as we expressed at the Hearing on the Motions, the critical issue with respect to the disclosure of the dry dynos is not the timeliness of IRS's Motion, but rather, the admissibility of Dr. Cuzzillo's testimony. Accordingly, it serves the interests of none of the parties, nor the Court, to squabble over such an inconsequential issue as the timing of a Motion to Compel, especially here, where the Pretrial Schedule has been modified on no less than three prior occasions. As a practical matter, Dr. Cuzzillo will not be permitted to testify at Trial to the extent that his testimony relies on undisclosed materials. See, Rule 37, Federal Rules of Civil Procedure. Regardless, we find "good cause" to allow the filing of the Motion to Compel.

As for the merits of the Motion to Compel, Suzuki and Arctic Cat contend that not all of the dry dynos, on which its experts will rely, are finished, and they note that Dr. Cuzzillo testified, at his deposition, that he had only begun to prepare the demonstrative aids. However, Suzuki also made reference to its disclosure of photographs and video of certain dry dynos, which were disclosed to IRS. Without question, the dry dynos depicted in those photographs and video are complete. Accordingly, we grant the Motion of IRS to compel, and we direct Arctic Cat and Suzuki to produce forthwith all of the completed dry dynos, and any other materials, on which its expert witnesses either will rely at Trial, or use as demonstrative aids at Trial. To the extent that some of the dry dynos, or other materials, have not yet been completed, we leave the parties to coordinate the timing of the production of those materials in a "meet and confer." Therefore, we direct the parties to have a meaningful "meet and confer" in order to facilitate the reciprocal disclosure of expert materials, and we direct the parties to produce all discoverable materials forthwith.

NOW, THEREFORE, It is --

ORDERED:

1. That the Motion of IRS for Leave to File a Motion to Compel [Docket No. 566] is GRANTED.

2. That the Motion of IRS to Compel [Docket No. 566] is GRANTED.

3. That the parties are directed to meet and confer in order to facilitate the reciprocal disclosure of all discoverable materials, consistent with this Order, and the Federal Rules of Civil Procedure.

BY THE COURT:

s/Raymond L. Erickson
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE