UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota Corporation,

Plaintiff,

vs.

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Defendants.

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor

Corporation, a Japanese
Corporation,

Counterdefendants. Civ. No. 01-543(MJD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 12th day of May, 2004.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon certain procedural matters related to the conduct of a Markman Hearing. See, Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995)(en banc), aff'd, 517 U.S. 370 (1996).

A status conference was conducted on May 10, 2004, at which time, Arctic Cat, Inc. ("Arctic Cat"), appeared by Andrew W. Horstman, Esq.; Suzuki Motor Corporation ("Suzuki") appeared by Thomas H. Jenkins, and Christopher W. Day, Esqs.; and Injection Research Specialists, Inc., and Pacer Industries, Inc. ("IRS") appeared by Anthony de Alcuaz, Esq.

For reasons expressed at the close of the conference, we find that IRS should proceed first at the Markman Hearing, followed by Arctic Cat and Suzuki. Further, to accommodate the parties' need for additional time, the Markman Hearing, which

was scheduled to begin at 1:00 o'clock p.m., on May 25, 2004, shall commence at 10:00 o'clock a.m., on that same date.

The parties were in disagreement over which party should proceed first at the Markman Hearing. IRS contended that, since it bears the burden with respect to infringement, and because it had to produce its Claim Charts first, it should be the first to proceed at the Hearing. IRS also submits that, as the patentee, it should be allowed to address the meaning of the patent claims first. Arctic Cat and Suzuki argue in response that they bear the burden on invalidity, and that, since Arctic Cat is the Plaintiff in this action, Arctic Cat should proceed first. Suzuki further asserts that it would be logical for it to proceed after Arctic Cat.

As we expressed at the conference, given that both sides bear the burden on different aspects of the case, which party should first present their positions on claim construction is wholly discretionary. While good arguments have been made by each party, we believe that IRS, as the proponent of the patent in issue, and the author of the claims contained therein, should first proceed at the Markman Hearing.

The parties also expressed concern that the Markman Hearing would not conclude on May 25, 2004, and therefore, the parties requested that the Court schedule additional time for the Markman Hearing on the morning of May 26, 2004.

To assuage the parties' concerns over the time limitations, we will start the Hearing three hours earlier. Now, instead of starting at 1:00 o'clock p.m. on May 25, 2004, the Markman Hearing shall commence at 10:00 o'clock a.m. on May 25, 2004.[1]

NOW, THEREFORE, It is --

ORDERED:

1. That IRS shall proceed first at the Markman Hearing.

2. That the Markman Hearing shall commence at 10:00 o'clock a.m. on May 25, 2004.

BY THE COURT:

s/Raymond L. Erickson
Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

---

[1]yThe pre-Markman brief of IRS shall be served and filed, effective as of the date of mailing, two weeks before the scheduled date of the Hearing, and any responsive briefs of Arctic Cat, and Suzuki, shall be served and filed, effective as of the date of mailing, one week bore the Hearing date.