**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT INC.,<br>a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC.,<br>a Colorado Corporation, and<br>PACER INDUSTRIES, INC.,<br>a Missouri corporation,<br><br>Defendants. | Civil Action No. 01-CV-543<br>(MJD/RLE)<br><br>Hon. Michael J. Davis<br>Hon. Raymond L. Erickson<br>(Magistrate) |
| INJECTION RESEARCH SPECIALISTS, INC.,<br>a Colorado Corporation, and<br>PACER INDUSTRIES, INC.,<br>a Missouri Corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT, INC.,<br>a Minnesota Corporation, and<br>SUZUKI MOTOR CORPORATION,<br>a Japanese Corporation,<br><br>Counterclaim Defendants. | **ORAL ARGUMENT REQUESTED** |

**ARCTIC CAT'S AND SUZUKI'S OPPOSITION TO IRS'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF NO INFRINGEMENT OF THE '803 PATENT**

Arctic Cat Inc. ("Arctic Cat") and Suzuki Motor Corporation ("Suzuki") respectfully oppose the Objections filed by Injection Research Specialists, Inc. ("IRS") to certain exhibits attached to the Declaration of Christopher W. Day in Support of the Motion for Summary Judgment of No Infringement of the '803 Patent.

## I. THE "CHART OF UNDISPUTED, MATERIAL FACTS" AND THE "OVERVIEW OF TWO-CYCLE ENGINES" COMPACT DISC WERE SUBMITTED AS COMPETENT, DEMONSTRATIVE EVIDENCE

IRS objected to the "Chart of Undisputed, Material Facts," provided in Exhibit A, and the compact disc entitled "Overview of Two-Cycle Engines," provided in Appendix 3 of Exhibit C, to the extent that Arctic Cat and Suzuki seek to use these materials as "evidence."[1]

This objection misapprehends the distinction between "physical" and "demonstrative" evidence under the Federal Rules of Evidence. The materials at issue were *not* submitted as real, physical evidence. Instead, they were submitted as demonstrative evidence under FED. R. EVID. 401(12) "to aid the trier to comprehend testimony or other evidence. Examples of demonstrative or illustrative evidence are *charts*, models, maps, drawings, and most photographs, films, and *videotapes*."[2]

As stated in Arctic Cat's and Suzuki's Memorandum, the chart was submitted to summarize the undisputed, material facts of record and related information cited throughout the Memorandum "[f]or the Court's convenience."[3] Similarly, the compact disc was submitted to "assist the Court in understanding the operation of two-cycle engines."[4] Three months ago, Dr. Cuzzillo testified that the purpose of the videotape was to provide the Court with "the opportunity to give a judge or a jury a tutorial."[5] And, as sworn by Dr. Cuzzillo, this compact disc "contains a true and accurate copy, in DVD format, of the explanatory videotape identified

---

1 IRS Objection at 2.

2 FED. R. EVID. 401(12) (emphasis added).

3 Opening No Infringement Summ. J. Mem. at n.2.

4 *Id.* at n.4.

5 Ex. 1, Dr. Cuzzillo's Dep. Tr. dated Jan. 21, 2004 at 104, ll. 11-12. All of the Exhibits cited herein are attached to the Declaration of Christopher W. Day submitted herewith.

in my declaration dated March 14, 2003, . . . which accompanied Arctic Cat's and Suzuki's opening brief in support of claim construction."[6]

Since the chart and the compact disc plainly fall within the enumerated categories of demonstrative evidence, the Court should consider these materials to the extent that they may aid it in understanding the subject matter at issue and resolving the issues presented by the summary judgment motion.

## II. DR. CUZZILLO'S EXPERT TESTIMONY FULLY COMPLIES WITH RULE 702 OF THE FEDERAL RULES OF EVIDENCE

IRS objects to Dr. Cuzzillo's expert testimony on the basis that his "limited testing" and reliance upon "control specifications . . . has been shown to be unreliable."[7]

This objection is completely unfounded. There is no support in law or fact to exclude Dr. Cuzzillo's testimony under FED. R. EVID. 702. In fact, Dr. Cuzzillo's expert testimony has already proven itself to be based on sound, scientific principles and methods, as well as helpful in assisting the Court in the *Polaris* case "in understanding the technology at issue."[8] In that case, Judge Weinshienk relied upon Dr. Cuzzillo's expert testimony in comparing the '803 patent claim terms to the accused EFI products, and in ultimately granting summary judgment of no infringement based on the same "timing sensing means" element at issue in Arctic Cat's and Suzuki's motion for summary judgment of no infringement.[9] And Dr. Cuzzillo has testified in

---

[6] Opening No Infringement Summ. J. Mem., Ex. C, Dr. Cuzzillo Decl. at ¶ 4; IRS did not object to the videotape copy of this evidence that accompanied Arctic Cat's and Suzuki's Opening Brief in Support of Claim Construction.

[7] IRS Objection at 3.

[8] Opening No Infringement Summ. J. Mem., Ex. D, Polaris Order at 2.

[9] *Id.* at 5.

this case that the opinions disclosed in his Expert Reports were based on the same general types of "dry dyno" testing equipment that he relied upon in the *Polaris* case.[10]

Moreover, in stark contrast to the single, isolated snowmobile test performed by IRS's expert, Dr. Ribbens, in this case, Dr. Cuzzillo methodically examined the operation of six different EFI engine configurations from the accused EFI systems throughout a wide range of operating conditions.[11] Dr. Cuzzillo first classified the accused EFI systems into several different categories, and then test exemplary systems for each category in his laboratory. Dr. Cuzzillo also conducted actual field tests on four of the engines. During these tests, Dr. Cuzzillo observed the operation of exemplary EFI systems to determine whether they, among other things, (1) actually injected fuel on every revolution during the "zeros in the map" and "skip cycle" (intermittent injection) regimes, and (2) performed computed injection timing.

Dr. Cuzzillo also examined the control specifications of the accused EFI systems to confirm his findings and reviewed Dr. Ribbens' analysis and conclusions. In fact, Dr. Cuzzillo concluded that Dr. Ribbens' test methodology "cannot be relied upon to indicate the occurrence of fuel flow" because it was based "on the examination of the presence or absence of electrical pulses delivered to the injectors, rather than the actual gasoline sprayed from them."[12]

## III. THERE IS NO BASIS TO EXCLUDE THE DRY DYNO TESTING EQUIPMENT DISCLOSED IN DR. CUZZILLO'S EXPERT REPORT ON JUNE 17, 2003, AND INSPECTED BY IRS ON MAY 14, 2004

IRS next objects to "the use of any dry dyno or any reference to or any evidence derived from the dry dynos" prepared by Dr. Cuzzillo. The sole basis for this objection is IRS's claim

---

10 Ex. 1, Dr. Cuzzillo's Dep. Tr. dated Jan. 21, 2004 at 158, l. 24, to 159, l. 10.

11 *See* Opening No Infringement Summ. J. Mem., Ex. C, App. 2, Dr. Cuzzillo's Report at ¶¶ 6-7.

12 *Id.* at ¶ 15.

that Arctic Cat and Suzuki should have "produced" this equipment earlier in response to IRS's requests for "documents and things." In making this claim, IRS ignores several key facts:

- All of the testing materials Dr. Cuzzillo relied upon in reaching his conclusions were disclosed in the Expert Report that has been in IRS's possession since June 17, 2003.[13]

- The materials accompanying Dr. Cuzzillo's Expert Report included two videotapes of the snowmobile and dry dyno laboratory tests conducted on the accused products.[14]

- The only reason why Arctic Cat and Suzuki did not physically "produce" this equipment to IRS before Dr. Cuzzillo's expert deposition was because of IRS's agreement to limit the scope of its requests to "*documents* required under FED. R. CIV. P. 26(2)(B)."[15]

- IRS waited until one week *after* deposing Dr. Cuzzillo to request an inspection of the dry dyno equipment.[16]

- After the April 19, 2004 telephonic Court Hearing, Arctic Cat and Suzuki offered IRS the opportunity to inspect the equipment disclosed in Dr. Cuzzillo's Expert Report between April 27-29, 2004, but IRS refused to conduct the inspection until May 14, 2004, the same day it filed its objection.[17]

---

[13] Opening No Infringement Summ. J. Mem., Ex. C, Cuzzillo Decl., App. 2, Cuzzillo Report at 2-3.

[14] *Id.* at 26 (attaching the "Video of snowmobile tests" as Exhibit C and the "Video of laboratory tests as Exhibit D). For the Court's convenience, Arctic Cat and Suzuki provide copies of these videotapes in Exhibits 2 and 3 to the attached Declaration of Mr. Day.

[15] Ex. 4, Daley Letter dated Sept. 3, 2003 at 1 (emphasis added) (memorializing the substance of the parties' agreement reached during the August 29, 2003 meet and confer).

[16] Ex. 5, Wilcox Letter dated Jan. 30, 2004.

[17] Ex. 6, Day Letter dated May 7, 2004.

Thus, the failure to inspect this equipment earlier was caused by IRS's own actions, and, in any event, IRS conducted the inspection on May 14, 2004, without raising any substantive objection.

**CONCLUSION**

For the foregoing reasons, IRS's objections should be overruled, and this Honorable Court should fully consider the evidence submitted in support of Arctic Cat's and Suzuki's motion for summary judgment of no infringement.

SUZUKI MOTOR CORPORATION

By its attorneys

Dated: May 21, 2004

s/William F. Forsyth

William F. Forsyth (MN Atty ID #31070)
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Telephone: (612) 339-2500
Facsimile: (612) 339-6364

Thomas H. Jenkins (Pro Hac Vice)
Bruce C. Zotter (Pro Hac Vice)
Christopher W. Day (Pro Hac Vice)
Finnegan, Henderson, Farabow
Garrett & Dunner L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

ARCTIC CAT INC.

By its attorneys

Dated: May 21, 2004

s/Annamarie A. Daley

Annamarie A. Daley (MN #158112)
Andrew W. Horstman (MN #47259)
Christopher J. Sorenson (MN #270118)
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181