ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-201
Tel: 612-349-8500 Fax: 612-33
www.rkmc.com

ATTORNEYS AT LAW

Annamarie A. Daley
(612) 349-88431

September 3, 2003

**Via Facsimile and U.S. Mail**

Richard F. Cauley, Esq.
Michael S. Wilcox, Esq.
McDermott, Will & Emery
3150 Porter Drive
Palo Alto, CA 94304-1212

Thomas H. Jenkins, Esq.
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street NW
Washington, D.C. 20005-3315

Re: *Arctic Cat Inc. v. Injection Research Specialists, Inc. et al*
Civil Action No. 01-CV-543-MJD/RLE
Our File No. 121363.0029

Dear Counsel:

This letter confirms our meet and confer via telephone on August 29, 2003, concerning various issues about the subpoenas and document requests for experts in the above-titled matter, and responds to Mr. Wilcox's August 29, 2003 letter. During the meet and confer we discussed issues relating to the subpoenas served on Arctic Cat's and Suzuki's experts; Messrs. Berry, Cuzzillo and O'Brien and documents to be produced by all parties' experts. We also discussed several other related issues.

**Berry Subpoena**

Request Nos. 1, 2 ,3, 6, 7, 8, 10, 11, 14, & 15

We reached agreement during the meet and confer that these requests were limited to those documents required under Fed. R. Civ. P. 26(2)(B) regarding the opinions in their reports. In Mr. Wilcox's letter, sent after the our meet and confer concluded, he stated a different position, that all documents "generated or reviewed by the expert related to the subject matter of the report must be produced."

We did not agree to the language in Mr. Wilcox's letter and that language was not even discussed during the meet and confer. We are uncertain how that position differs from the one we agreed to during the meet and confer We object to what appears to be your unilateral change in position and believe that this issue was resolved during the meet and confer. If you disagree, please inform me immediately.

Request Nos. 4, 5 & 13

We agreed that these requests include documents showing all direct and indirect payments by the parties and related entities to each testifying expert. Specifically, IRS and Pacer agreed that "related entities" includes all subsidiaries, affiliates and/or divisions of

Dana, Echlin and/or Pacer. We also agreed that Request No. 13 was the same as Request Nos. 4 and 5.

Request No. 9

We agreed that this request did not include demonstrative exhibits that may be used by the parties at trial that have not yet been created.

Request No. 12

We agreed that this request was limited to those communications related to the opinions rendered in the expert's report. Specifically, we agreed that this request would not apply to those documents that relate to any matter on which the expert was used by the party as a nontestifying consultant.

Request No. 16

This request was withdrawn by IRS and Pacer.

Request Nos. 17 -21

We were unable to reach agreement on whether these requests were proper expert discovery or whether they were impermissible attempts to conduct fact discovery after the close of discovery. However, without waiving any objections Arctic Cat has to this request, we will produce documents to the extent Mr. Berry has them.

Request No. 22

We were unable to reach agreement on this request, specifically whether IRS could subpoena Mr. Berry for Intelligent Controls, Inc. documents. However, without agreeing to the request, I took this request under advisement while I determine whether Mr. Berry is even in possession of Intelligent Controls, Inc. documents, regarding the compensation issue.

**Cuzzillo and O'Brien Subpoenas**

We agreed that, with the exception of the requests listed below, that the agreements stated above on the document requests in the Berry Subpoena (excepting issues related to Intelligent Controls documents) also will apply to the Cuzzillo and O'Brien subpoenas.

Cuzzillo Request Nos. 17 & 18

These requests were withdrawn by IRS and Pacer.

O'Brien Request No. 14

This request was withdrawn by IRS and Pacer as not applying to O'Brien.

O'Brien Request Nos. 16-18

We agreed that these requests were limited to the information contained in the expert reports provided. With that understanding, I have taken these requests under advisement.

O'Brien Request No. 19

Mr. Cauley informed all of us that there was a typographical error in this request and that the word "indirectly" should have been "regarding." With that correction, I have taken this request under advisement.

O'Brien Request Nos. 20 - 24

We agreed that these requests are limited to documents listed in O'Brien's report and that we would produce responsive documents, to the extent not already produced.

This letter also confirms that IRS and Pacer agreed to produce the same categories of documents for their experts as we have agreed to produce for Arctic Cat's and Suzuki's experts as described in this letter.

Additionally, I offered to postpone the Berry deposition until after the Court has ruled on any motion to compel that IRS or Pacer makes regarding the Berry documents. I understand that this deposition has been postponed. I am waiting to hear from Mr. de Alcuaz in response to the voice mail I left him last night, regarding scheduling of this deposition.

We also agreed that production of expert documents does not need to include documents already produced, rather a list of the respective Bates numbers will suffice. Finally, we agreed that the parties will produce full copies of the texts and treatises considered by its experts, unless the requesting party acknowledges that it already has a copy of that document.

Please advise me immediately if you disagree with any of the above statements.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Annamarie A. Daley

Annamarie A. Daley
(dictated, but not read)

AAD/mah

cc: David P. Pearson, Esq. (via facsimile)
William F. Forsyth, Esq. (via facsimile)