**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

ARCTIC CAT INC.,
a Minnesota Corporation,

Plaintiff,

v.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado Corporation, and PACER INDUSTRIES, INC., a Missouri Corporation,

Defendants.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado Corporation, and PACER INDUSTRIES, INC., a Missouri Corporation,

Counterclaimants,

v.

ARCTIC CAT INC.,
a Minnesota Corporation, and
SUZUKI MOTOR CORPORATION,
a Japanese Corporation,

Counterclaim Defendants.

Civil Action No. 01-CV-543 (MJD/RLE)

Hon. Michael J. Davis
Hon. Raymond L. Erickson (Magistrate)

**ARCTIC CAT'S AND SUZUKI'S SUPPLEMENTAL BRIEF ON NEW ISSUES RAISED DURING THE MAY 25, 2004 CLAIM CONSTRUCTION HEARING**

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Black Clawson Co., Inc. v. Kroenert Corp.*,
245 F.3d 759 (8th Cir. 2001) ....................3

*Bruckelmyer v. Ground Heaters, Inc.*,
2002 WL 31229712 (D. Minn. 2002) ....................4

*International Nutrition Co. v. Horphag Research Ltd.*,
220 F.3d 1325 (Fed. Cir. 2000) ....................2

*Pall Corp. v. Fisher Scientific Co.*,
962 F. Supp. 210 (D. Mass. 1997) ....................2, 3

*Parklane Hosiery Co., Inc. v. Shore*,
439 U.S. 322 (1979) ....................5

## SECONDARY AUTHORITIES

*Moore's Federal Practice 3d* (2004) ....................1

Wright, Miller, & Cooper, *Federal Practice and Procedure* (2002) ....................2

## INTRODUCTION

At the hearing on May 25, 2004, the Court questioned counsel for Suzuki regarding the stipulated dismissal with prejudice of all remaining claims on the patent issues, including defendants' declaratory judgment counterclaims for invalidity and unenforceability in the *IRS v. Polaris* case (in which JECS was a party). More specifically, the Court asked whether Arctic Cat's and Suzuki's purchase of JECS EFI systems puts them "in privity" with JECS for collateral estoppel purposes, and whether Arctic Cat and Suzuki could be collaterally estopped from asserting any of their defenses by virtue of JECS's agreement to dismiss its defenses after IRS granted JECS a covenant not to sue. This brief addresses those questions.

## ARGUMENT

Arctic Cat and Suzuki are not collaterally estopped from raising their invalidity and unenforceability defenses because Arctic Cat and Suzuki are not "in privity" with JECS for collateral estoppel purposes. *Moore's Federal Practice* identifies three types of "privity" relationships that may justify collateral estoppel against a nonparty:

1. A nonparty who controlled the original suit.
2. A nonparty who has succeeded to a party's interest in property.
3. A nonparty whose interests were represented adequately by a party.

*Moore's Federal Practice 3d*, § 132.04[1][b] (2004). Arctic Cat's and Suzuki's relationship with JECS does not fall under any of these categories.

Arctic Cat and Suzuki did not "control the original suit." On this record, there is no dispute that neither Arctic Cat nor Suzuki had any input whatsoever in the *Polaris* lawsuit. Thus, "control of the original suit" cannot be a basis for a finding of privity with JECS.

Arctic Cat and Suzuki are not "successors in interest," at least insofar as their purchase of Kokusan Denki EFI systems are concerned. "Successors in interest" applies to those nonparties

who take property by transfer from a defeated party after judgment. 18A Wright, Miller, & Cooper, *Federal Practice and Procedure*, § 4462 (2002). The rationale for this rule is that a grantor can transfer no better right or title than he or she possesses. *Id.* Thus, preclusion is limited to the property involved in the judgment. *Id.* Moreover, "the parties are in privity only with respect to an adjudication of rights in the property that was transferred; they are not in privity for other purposes, such as an adjudication of rights in other property that was never transferred between the two." *Int'l Nutrition Co. v. Horphag Research Ltd.*, 220 F.3d 1325, 1329 (Fed. Cir. 2000).

Here, the property involved in the *Polaris* case and transferred from JECS to Arctic Cat and Suzuki was limited to JECS EFI systems. In this case, however, IRS is also alleging infringement by Kokusan Denki EFI systems which were not involved in the *Polaris* case.[1] Thus, Arctic Cat and Suzuki are not "in privity" with <u>JECS</u> for purposes of litigating IRS's infringement claims against products equipped with <u>Kokusan Denki</u> EFI systems. It follows also that Arctic Cat and Suzuki are entitled to raise any defenses that Kokusan Denki could raise had IRS made it a party to this suit. *See* 18A Wright, Miller & Cooper, § 4462 (2002) ("a transferee who takes from two persons, one of whom would be precluded and the other not, should remain free to litigate any claim or issue that would be open to the nonprecluded transferor").

An analogous patent infringement case is *Pall Corp. v. Fisher Scientific Co.*, 962 F. Supp. 210 (D. Mass. 1997). There, Pall had sued MSI in an earlier infringement suit where the validity of the patent had been upheld. Pall then sued Fisher and alleged infringement by six products, two of which were manufactured by MSI. The district court found that collateral

[1] Suzuki purchased its last JECS EFI systems sometime before August 1997, when Suzuki's last sales of engines equipped with JECS EFI systems occurred. *See* Docket No. 402, Arctic Cat's and Suzuki's Opening Br. Supporting Mot. for Summ. J. Based on *Res Judicata* and Legal Estoppel at Ex. 1.

estoppel precluded Fisher from relitigating patent validity with respect to the two products manufactured by MSI, but held that Fisher and MSI were not "in privity" with respect to the other four accused products and, therefore, that Fisher was not precluded from raising invalidity as a defense to infringement by those products. *Id.* at 213-14. By analogy, even if Arctic Cat and Suzuki were collaterally estopped from raising validity and unenforceability as defenses to alleged infringement by the JECS EFI systems, they are not precluded from raising those defenses against alleged infringement by the Kokusan Denki EFI systems.[2]

Nor can it be argued that Arctic Cat's and Suzuki's "interests were represented" by JECS in the *Polaris* case – at least with respect to IRS's infringement allegations directed to the Kokusan Denki EFI systems. JECS dismissed its counterclaims *after* IRS granted JECS a covenant not to sue. At that point in time, JECS had no motive to pursue its invalidity and unenforceability defenses. Thus, JECS's interests and Arctic Cat's and Suzuki's interests were no longer aligned. Had they been parties in the *Polaris* case, Arctic Cat and Suzuki would never have agreed to dismiss their invalidity and unenforceability counterclaims with prejudice because IRS's covenant not to sue did not extend to the EFI systems that Arctic Cat and Suzuki were purchasing from Kokusan Denki. Thus, JECS was no longer representing Arctic Cat's and Suzuki's interests with respect to the validity and enforceability of the '803 patent.

In similar circumstances, other courts have rejected collateral estoppel. For example, in *Black Clawson Co., Inc. v. Kroenert Corp.*, 245 F.3d 759, 764 (8th Cir. 2001), the Eighth Circuit

---

[2] If Arctic Cat and Suzuki were collaterally estopped from raising invalidity and unenforceability defenses as to infringement by the JECS EFI systems, this limitation would be immaterial because Arctic Cat and Suzuki can be "in privity" with JECS only if the JECS EFI systems sold to Arctic Cat and Suzuki were part of the *Polaris* judgment. And if the JECS EFI systems sold to Arctic Cat and Suzuki were part of the *Polaris* judgment, *res judicata* bars IRS from relitigating its infringement allegation directed to the JECS EFI systems in the current action. *See* Docket No. 402, Arctic Cat's and Suzuki's Opening Br. Supporting Mot. for Summ. J. Based on *Res Judicata* and Legal Estoppel.

rejected collateral estoppel where the party in the first suit and the party in the second suit had "divergent" interests, and the party in the first suit "had little practical incentive" to assert the interests of the party in the second suit. Similarly here, after IRS granted JECS a covenant not to sue, JECS had "divergent" interests from Arctic Cat and Suzuki and "had little incentive" to assert invalidity and unenforceability defenses against the IRS patent.

Another analogous case is *Bruckelmyer v. Ground Heaters, Inc.*, 2002 WL 31229712 (D. Minn. 2002). There, Bruckelmyer licensed his inventions to Ground Heaters, Inc. ("GHI"), and GHI had brought a first suit for infringement of the Bruckelmyer patents against T.H.E. Machine Corp. ("Machine"). GHI settled with Machine, agreed that the Bruckelmyer patents were invalid, and the court entered a dismissal with prejudice. But prior to the settlement agreement, GHI stopped paying royalties, Bruckelmyer notified GHI that it was in default, and GHI's license terminated. Bruckelmyer then filed a patent infringement suit against GHI and Machine. Machine moved to dismiss the second suit on grounds of *res judicata* and collateral estoppel arising from its successful defense of the first suit. Judge Frank denied the motion based on lack of privity between Bruckelmyer and GHI, reasoning that "the license agreement terminated prior to GHI and Machine entering into their settlement agreement, thereby destroying any privity between GHI and Bruckelmyer." *Id.* at *3. Indeed, as Judge Frank recognized, "at the time GHI and Machine settled the Michigan action, GHI's interests were in direct opposition to Bruckelmyer's; in the absence of a license, GHI had an interest in determining that the Bruckelmyer patents were invalid so that GHI could continue to produce its products without worrying about infringing the Bruckelmyers patents or having to pay any sort of royalties." *Id.*

Similarly here, after IRS had granted JECS a covenant not to sue, JECS's interests were "in direct opposition" to Arctic Cat's and Suzuki's interests. Suzuki stopped selling engines with JECS EFI systems in August 1997 and switched EFI suppliers to Kokusan Denki. JECS had no

interest whatsoever in ensuring that Arctic Cat and Suzuki could continue to purchase EFI systems from Kokusan Denki without worrying about infringing the '803 patent. Indeed, it would have been in JECS's interests for the '803 patent to remain valid and enforceable so that it might bar Arctic Cat's and Suzuki's purchase of EFI systems from Kokusan Denki, and force Arctic Cat and Suzuki to continue to purchase their EFI systems from JECS. Thus, JECS was not representing Arctic Cat's and Suzuki's entire interests with respect to the validity and enforceability of the '803 patent, and JECS's dismissal of those defenses with prejudice in the *Polaris* case cannot bar Arctic Cat and Suzuki from raising them in this case – at least with respect to IRS's infringement allegations directed to the Kokusan Denki EFI systems.

Finally, it should be noted that IRS and Pacer stand in completely different shoes than Arctic Cat and Suzuki with respect to the *res judicata* and collateral estoppel effects of the *Polaris* judgment and the stipulated dismissal with prejudice in that case. IRS and Pacer were parties to the *Polaris* case. Arctic Cat and Suzuki were not. IRS and Pacer had their day in court. Arctic Cat and Suzuki did not. IRS and Pacer were able to represent their own interests. JECS was not representing Arctic Cat's and Suzuki's entire interests. *Res judicata* and collateral estoppel bar IRS and Pacer from relitigating claims (such as the alleged infringement by JECS EFI systems sold to Arctic Cat and Suzuki) and issues (such as claim construction) that were litigated in the *Polaris* case. Due process, however, precludes the application of *res judicata* or collateral estoppel to bar Arctic Cat and Suzuki from raising invalidity and unenforceability defenses in this case – at least with respect to IRS's infringement allegations directed to the Kokusan Denki EFI systems. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").

SUZUKI MOTOR CORPORATION
By its attorneys

Dated: June 8, 2004

s/William F. Forsyth

William F. Forsyth (MN Atty ID #31070)
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Telephone: (612) 339-2500
Facsimile: (612) 339-6364

Thomas H. Jenkins (Pro Hac Vice)
Bruce C. Zotter (Pro Hac Vice)
Christopher W. Day (Pro Hac Vice)
Finnegan, Henderson, Farabow,
Garrett & Dunner L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

ARCTIC CAT INC.
By its attorneys

Dated: June 8, 2004

s/Annamarie A. Daley

Annamarie A. Daley (MN #158112)
Andrew W. Horstman (MN #47259)
Christopher J. Sorenson (MN #270118)
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181