**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Defendant. | No. 01-CV-543 MJD/RLE |
| INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES INC., a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,<br><br>Counterdefendants. | |

**INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S REPLY TO ARCTIC CAT'S AND SUZUKI'S SUPPLEMENTAL BRIEF ON NEW ISSUES RAISED DURING THE MAY 25, 2004 CLAIM CONSTRUCTION HEARING**

## I. INTRODUCTION

In November 2003, counterdefendants Arctic Cat and Suzuki moved for summary judgment of non-infringement, based upon res judicata, with respect to the Arctic Cat and Suzuki products that incorporated an EFI system manufactured by JECS. The basis for that motion was Arctic Cat's and Suzuki's claim that both were in privity with JECS, asserting, as counterdefendants put it, that they "stand in the shoes of JECS." Arctic Cat's and Suzuki's Opening Res Judicata Brief at 1.

At the May 25, 2004 claim construction hearing, this Court noted the logical implication of counterdefendants' position: by insisting on obtaining the benefits of the JECS ruling of non-infringement in the Polaris case, counterdefendants must also accept the detriments associated with that case, including JECS's dismissal with prejudice of all of its invalidity claims.

Faced with the loss of their invalidity defenses, Arctic Cat and Suzuki now reverse direction and claim that they are not in privity with JECS – the same position that IRS took in opposing their res judicata motion. With this admission, counterdefendants have acknowledged that their res judicata motion – which relied on their being in privity with JECS – was baseless.

Counterdefendants' collateral estoppel argument in their supplemental brief also undercuts their prior positions. Counterdefendants argue that, even if this Court were to find that they were in privity with JECS, collateral estoppel would not require dismissal of their invalidity defenses as to their products that use the Kokusan EFI system. However, counterdefendants' argument validates IRS's position that, for those issues and products not "actually litigated" in the Polaris case, IRS also cannot be bound by the Polaris court's ruling.

Arctic Cat and Suzuki have admitted that the JECS products at issue in this case are different from those at issue in Polaris. Arctic Cat's 12/12/03 Reply Re Res Judicata at 2. Arctic

Cat and Suzuki have also admitted that the Kokusan products at issue in this case were not at issue in the Polaris case. Arctic Cat's 6/8/04 Supplemental Brief Re New Issues at 2. Arctic Cat and Suzuki have also admitted that the issues of zeros in the fuel map and short pulse (vs. no pulse) were not before the Polaris Court. Arctic Cat's 5/21/04 Reply Re No Infringement at 3. Thus, Arctic Cat and Suzuki make IRS's point: collateral estoppel does not apply.

## II. ARGUMENT

Arctic Cat and Suzuki's supplemental brief represents a belated acknowledgement that the summary judgment decision in the Polaris case is not binding in this action because of the substantial differences in the parties, the products, and the issues involved in the two cases. Arctic Cat and Suzuki were willing to shoehorn the rulings in the Polaris case into the present action when it suited their objectives, but, when presented with the logical implications of their prior arguments, counterdefendants suddenly recognize and assert the substantial differences in the two cases – the point IRS has been making all along.

A brief review of counterdefendants' radical change in position is instructive.

In their res judicata motion, Arctic Cat and Suzuki were quite explicit in their identification of themselves with JECS for the purpose of satisfying the privity requirement of res judicata. They argued: "As customers, Suzuki and Arctic Cat stand in the shoes of JECS," noting that "[t]he claims asserted in this case is based on the same patent, the '803 patent, and the same products, the JECS EFI systems sold to Suzuki and Arctic Cat, that were at issue in the Polaris case," concluding that "[a]lthough Arctic Cat and Suzuki were not parties to the Polaris case, they stand in the shoes of a party to that case, JECS, because they are customers of JECS." Arctic Cat's and Suzuki's Opening Res Judicata Brief at 1, 9. In its opposition, IRS pointed out that Arctic Cat and Suzuki had established only that they had an arms-length commercial

relationship with JECS and had not established the necessary elements of privity. Res Judicata Opp. Brief at 13-14.

In sharp contrast to their prior "stand in the shoes" position, counterdefendants now distance themselves from JECS. They argue that they are "not 'successors in interest'" to JECS, that their interests were "not represented" by JECS and that the interests of Arctic Cat and Suzuki and JECS were not only not "aligned," but were "divergent." Suppl. Brief at 1, 3, 4. Arctic Cat and Suzuki, in fact, claim that their interests and JECS's interests were "in direct opposition" and imply that JECS, in agreeing to dismiss its invalidity defenses, might have been motivated by competitive considerations, seeking to "force Arctic Cat and Suzuki to continue to purchase their EFI systems from JECS." Suppl. Brief at 1, 4-5.

This about-face highlights the basic defect in counterdefendants' res judicata motion – Arctic Cat's and Suzuki's complete failure to present any evidence that either company is or was in "privity" with JECS. This plainly dooms the res judicata defense and the pending summary judgment motion.[1]

Arctic Cat's and Suzuki's supplemental brief also severely undercuts their argument that the doctrine of collateral estoppel applies in this case.

As IRS has previously noted, the Eighth Circuit will bind a party to a determination in a prior action only where the issue was "actually litigated in the prior action." Leonard v.

[1] Arctic Cat's and Suzuki's position concerning res judicata is also inconsistent with their prior position in this action. In arguing to limit discovery in *this* case to Suzuki engines sold to Arctic Cat, Suzuki successfully contended that the counterclaim and the focus of this action was on Arctic Cat snowmobiles. 11/15/02 Order at 26, 28-29. In so arguing, Suzuki pointed to IRS's counterclaim and its recitations of the products in suit, the Arctic Cat snowmobiles. Id. at 6, 8-10. In seeking to benefit from the Polaris court's prior determination, however, Arctic Cat and Suzuki focus on IRS's efforts to obtain discovery in the Polaris case and ignore that the Polaris court never resolved the issue of the inclusion of other Suzuki products in the Polaris case, and the fact that the complaint in the Polaris case, like the complaint here, made clear that the products at issue were the Polaris snowmobiles. (IRS provided a copy of the Polaris complaint to the court during the April 5, 2004 hearing and a copy can be found at Exh. 16 to the Decl. of Jill M. Kastner filed in support of IRS's Opp. to MSJ Dismissing Willful Infringement Claims.

Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696, 701 (8th Cir. 2003) (emphasis supplied). The Kokusan EFI system was not "actually litigated" in the Polaris action. Thus, even if this Court did find privity between JECS and Arctic Cat/Suzuki, it would be inappropriate, according to Arctic Cat and Suzuki, to collaterally estop counterdefendants from raising invalidity defenses with respect to those products. But this argument equally applies to Arctic Cat's and Suzuki's claims of non-infringement based on the supposed collateral estoppel effect of the Polaris court's summary judgment decision. The Polaris court did not consider or decide the issue of "zeros in the fuel map" or the issue of "short pulse," as opposed to no pulse. As Arctic Cat and Suzuki now acknowledge, the Polaris court's decision, and its claim construction, were made in the context of different facts, different products and different issues. Removing the Polaris court's decision from that context would lead to error. See IRS's 5/14/04 Opposition Re No Infringement at 6-7.

Indeed, counterdefendants appear to contend that none of the rulings in the Polaris case, including, presumably, the partial claim construction in the Polaris summary judgment order, would apply to products utilizing the Kokusan EFI system. Even under the Polaris court's claim interpretation, they argue JECS "might bar Arctic Cat's and Suzuki's purchase of EFI systems from Kokusan Denki" as infringing. Suppl. Brief at 5. However, their argument, that even if counterdefendants and JECS were in privity, no rulings from that case can apply to issues and products that were not litigated in that case, applies equally to IRS. Thus, IRS, like counterdefendants, cannot be bound by rulings in the Polaris case as to products and issues in this case that were not actually litigated in the prior action. Leonard 341 F.3d at 701.

Arctic Cat's and Suzuki's present position, that they were not in privity with JECS, is factually correct and completely removes the factual basis for their res judicata motion. Arctic

Cat's and Suzuki's position that different products and issues were before the Polaris court is also factually correct and, together with the law, facts and argument previously submitted by IRS, defeats their application of collateral estoppel to claim construction and summary judgment.

Dated: June 15, 2004

McDERMOTT, WILL & EMERY

/s/ Anthony de Alcuaz

Anthony de Alcuaz
Robert J. Blanch
Richard F. Cauley
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000

David J. Pearson (#84712)
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400

***Attorneys for Defendants and Counterclaimants Injection Research Specialists, Inc. and Pacer Industries, Inc.***

MPK 76801-1.054249.0012