# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

ARCTIC CAT, INC., a Minnesota corporation,

Plaintiff,

v.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,

Defendant.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES INC., a Missouri corporation,

Counterclaimants,

v.

ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,

Counterdefendants.

No. 01-CV-543 MJD/RLE

**INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF ARCTIC CAT'S AND SUZUKI'S MOTION FOR SUMMARY JUDGMENT BASED ON INVALID REISSUE AND FALSE REISSUE OATH**

Rule 56(e) of the Federal Rules of Civil Procedure requires that all evidence submitted in support of a motion for summary judgment be admissible evidence. Much of the evidence submitted by Arctic Cat, Inc. and Suzuki Motor Corporation in support of their motion for summary judgment based on invalid reissue and false reissue oath is inadmissible. Injection Research Specialists, Inc. and Pacer Industries, Inc. (collectively "IRS") respectfully request that the Court exclude and disregard all evidence described below that constitutes inadmissible and/or incompetent evidence.

**Exhibit 7: News Release dated October 30, 1989**

Not authenticated. FRE 901.

Hearsay, not within any exception, to the extent the document is being offered for the truth of the matter asserted. FRE 802.

**Exhibit 10: Terry Crocker notebook entry**

Not authenticated. FRE 901.

Lacks foundation.

Hearsay, not within any exception, to the extent the document is being offered for the truth of the matter asserted. FRE 802. IRS also objects to the extent this document is being used to prove the state of mind of a person other than the author of the documents. Arctic Cat and Suzuki attempt to use this document to show the state of mind of Ronald Chasteen, even though there is no evidence authenticating the notes, when they were taken, what they mean, and certainly no evidence that Mr. Chasteen ever saw those notes during the relevant time period.

The document is irrelevant under FRE 401 and 402 or, at least, its probative value is substantially outweighed by the potential for confusion of issues and/or unnecessary waste of the Court's time pursuant to FRE 403.

**Exhibit 30: "IRS Lawyers" document**

The document is irrelevant under FRE 401 and 402 or, at least, its probative value is substantially outweighed by the potential for confusion of issues and/or unnecessary waste of the Court's time pursuant to FRE 403.

Dated: June 30, 2004

David J. Pearson (#84712)
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400

McDERMOTT WILL & EMERY LLP

Anthony de Alcuaz
Robert J. Blanch
Richard F. Cauley
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000

***Attorneys for Defendants and Counterclaimants Injection Research Specialists, Inc. and Pacer Industries, Inc.***