UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota
Corporation,

Plaintiff,

vs.

Injection Research Specialists,
Inc., a Colorado corporation,
and Pacer Industries, Inc., a
Missouri corporation,

Defendants.

and

Injection Research Specialists,
Inc., a Colorado corporation,
and Pacer Industries, Inc., a
Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota
corporation, and Suzuki Motor

Corporation, a Japanese
Corporation,

Counterdefendants. Civ. No. 01-543 (MJD/RLE)

* * * * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the following Motions of the parties, which we address summarily, as the Motions have had no impact on our determination of the substantive issues in the case:

1. The Motion Arctic Cat, Inc. ("Arctic Cat") to Strike Immaterial, Impertinent, and Scandalous Matter from IRS's Opposition Memorandum to Summary Judgment on Champerty and Maintenance Grounds.[1]

2. The Motion of Injection Research Specialists, Inc., and Pacer Industries, Inc., (herein collectively referred to as "IRS") for Order to Modify the Pretrial

[1]As we stated in our Report and Recommendation of August 6, 2004, at p. 83, n. 15, in which we recommended the denial of Arctic Cat's, and Suzuki's, Motion for Summary Judgment on Champerty and Maintenance, we found that the evidence, to which Arctic Cat, and Suzuki, takes exception, had no relevance to our analysis of that Summary Judgment Motion. Consequently, we deny Arctic Cat's Motion to Strike as moot.

Schedule in Order to Permit the Filing of a Motion to Dismiss.[2]

3. The Motion of IRS to Stay the Order of February 12, 2004, Requiring Disclosure of Privileged Documents, and Defer Imposition of Sanction During the Pendency of the Federal Circuit Appeal.[3]

4. The Motion of Arctic Cat and Suzuki Motor Corporation ("Suzuki") for Leave to File a Motion for Summary Judgment of Non-Infringement, and Motion for Summary Judgment on the Basis of Invalidity.[4]

5. The Motion of IRS to Strike New Evidence Improperly Submitted in Reply Memorandum, and to Strike as Untimely the Reply Memorandum.[5]

---

[2]IRS had an opportunity to file, and was granted a Hearing date for the referenced Motion, which it later cancelled. As such, we deny this Motion as moot.

[3]The United States Court of Appeals for the Federal Circuit has rendered its decision on IRS's appeal, and therefore, this Motion is denied as moot.

[4]Arctic Cat and Suzuki have filed Motions for Summary Judgment on Invalidity, and on Non-Infringement grounds, and therefore, this Motion is denied as moot.

[5]In our consideration of the parties' dispositive Motions, on which the Court heard arguments on April 5, 2004, we based our decisions on the evidence available in the Record. We did not afford any weight to improper or scandalous material. With respect to the purported untimeliness of any Reply Memoranda, in the interest of being fully informed on the issues before us, we decline to strike any argument as having been untimely submitted particularly where, as here, we have heard the parties fully on oral argument. Accordingly, this Motion is denied.

6. The Motion of IRS for a Hearing Date for Motion to Dismiss.[6]

NOW, THEREFORE, It is --

ORDERED:

1. That the Motion Arctic Cat to Strike Immaterial, Impertinent, and Scandalous Matter from IRS's Opposition Memorandum to Summary Judgment on Champerty and Maintenance Grounds [Docket No. 492] is DENIED.

2. That the Motion of IRS for Order to Modify the Pretrial Schedule in Order to Permit the Filing of a Motion to Dismiss [Docket No. 510] is DENIED as moot.

3. That the Motion of IRS to Stay the Order of February 12, 2004, Requiring Disclosure of Privileged Documents, and Defer Imposition of Sanction During the Pendency of the Federal Circuit Appeal [Docket No. 521], is DENIED as moot.

4. That the Motion of Arctic Cat, and Suzuki, for Leave to File a Motion for Summary Judgment of Non-Infringement, and Motion for Summary Judgment on the Basis of Invalidity [Docket No. 524], is DENIED as moot.

[6]As stated, IRS was granted a Hearing date on its Motion to Dismiss, but later cancelled that Hearing date, apparently having decided either not to file its Motion to Dismiss, or to withdraw the Motion. Therefore, we deny this Motion as moot.

5. That the Motion of IRS to Strike New Evidence Improperly Submitted in Reply Memorandum, and to Strike as Untimely the Reply Memorandum [Docket No. 555], is DENIED.

6. That the Motion of IRS for a Hearing Date for Motion to Dismiss [Docket No. 558] is DENIED as moot.

BY THE COURT:

August 24, 2004

*s/Raymond L. Erickson*

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE