McDermott
Will & Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Robert J. Blanch
Attorney at Law
rblanch@mwe.com
650.813.5133

August 27, 2004

The Honorable Raymond L. Erickson
Magistrate Judge of the U.S. District Court
U.S. Courthouse
Room 415
515 West First Street
Duluth, MN 55802

Re: Arctic Cat, Inc. v. Injection Research Specialists, Inc., et al.
Civil Action No.: 01-DV-543 MJD/RLE

Dear Magistrate Judge Erickson:

I write to request clarification of the Court's August 24, 2004 Order denying as moot IRS's Motion for Order to Modify the Pretrial Schedule to Permit Filing of a Motion to Dismiss and Motion For a Hearing Date for Motion to Dismiss. IRS agrees that both motions are moot in light of this Court's *sua sponte* recommendation that all claims related to the '374 patent be dismissed with prejudice owing to the Court's lack of subject matter jurisdiction. 8/6/04 Report and Recommendation at 62. IRS seeks clarification of this Court's August 24, 2004 Order in light of the facts set forth below.

This Court granted IRS's Motion for Order to Modify the Pretrial Schedule to Permit Filing of a Motion to Dismiss during a telephonic hearing on March 11, 2004. 3/11/04 Hearing Tr. at 3:25 – 4:4 (Docket No. 560). Earlier, IRS had initially agreed to take its Motion for Leave to File a Motion to Dismiss off calendar because Arctic Cat and Suzuki agreed not to oppose the request for leave and IRS was attempting to work with opposing counsel to enter into a joint stipulation to effect the parties' agreement. 2/18/04 Blanch Letter to Magistrate Judge Erickson. Because the date of the hearing on IRS's Motion to Dismiss had still not been determined, IRS submitted a Request for Hearing Date for Motion to Dismiss on March 19, 2004 and attached a Declaration of Jill Kastner explaining the following discussions by the parties:

> 6. On February 18, 2004, Anthony de Alcuaz, Thomas Jenkins, Annamarie Daley and I met and conferred telephonically concerning, among other things, IRS's motion to dismiss. At that meeting, Ms. Daley informed us that Arctic Cat's February 12, 2004 response to IRS's motion for leave was meant as a response to the motion to dismiss and that Arctic Cat did not object to the timing of IRS's motion. Ms. Daley and Mr. Jenkins suggested that the February 19, 2004 hearing be taken off calendar because neither Arctic Cat nor Suzuki objected to the timing of IRS's motion to dismiss. Ms. Daley and Mr. Jenkins further stated that the motion to dismiss should be heard in conjunction with Arctic Cat's summary judgment motion concerning the '374 patent and that the briefing

on the motion to dismiss should be deemed completed. 3/17/04 Kastner Decl. (Docket No. 559).

At a follow-up telephonic hearing to discuss the timing of the motion to dismiss, among other things, Mr. de Alcuaz suggested the need to have both IRS's motion to dismiss and Arctic Cat's summary judgment motion relating to the '374 patent heard on the same day and stated "Okay, good, then we will – we will plan on proceeding with both those motions [on April 5, 2004] to which the Court responded "Okay." 3/23/04 Hearing Tr. at 33:3-7 (Docket No. 570). Mr. de Alcuaz confirmed that IRS's Motion to Dismiss would be heard on April 5, 2004 in a letter to Ms. Vicki Miller dated April 1, 2004. On April 5, 2004, counsel for IRS and Arctic Cat argued IRS's Motion to Dismiss and the record reflects the following prefatory comments:

> MS. DALEY: Might I suggest I think it might be most expedient to address Mr. de Alcuaz's motion for dismissal on the covenant not to sue since the summary judgment is not opposed, from what I understand.
>
> THE COURT: Okay.
>
> MS. DALEY: Especially since we are on the topic of covenant not to sue.
>
> THE COURT: Sure, that would be fine.
>
> * * *
>
> MR. BLANCH: Robert Blanch for IRS. In terms of the motion to dismiss it is our position that there is no case or controversy remaining . . . . 4/5/04 Hearing Tr. at 44:15 – 45:10 (Docket No. 579).

Accordingly, the Motion to Dismiss was properly on calendar, argued and submitted on April 5, 2004. On page 4, fn. 6 of this Court's August 24, 2004 Order, the Court states that the Motion to Dismiss was not filed or was withdrawn. As reflected above, the Motion to Dismiss was briefed, argued and submitted on April 5, 2004. In light of those facts, we request that fn. 6 be corrected to reflect the above facts.

Very truly yours,

Robert J. Blanch

cc: Annamarie Daley, Thomas Jenkins (via facsimile)