ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**Annamarie A. Daley**
**(612) 349-8431**

August 30, 2004

The Honorable Raymond L. Erickson
United States Magistrate Judge
United States District Court
Federal Building, 515 West First Street
Duluth, MN 55802.1397

Re: *Arctic Cat, Inc. v. Injection Research Specialists, Inc., et al.*
Civil Action No. 01-CV-543 MJD/RLE
Our File No. 121363.0029

Dear Magistrate Judge Erickson,

This letter responds to the letter sent to your chambers, dated August 27, 2004, in the referenced matter regarding one aspect of the Report and Recommendations, issued on August 6, 2004. Pursuant to that Report, all objections were due on August 23, 2004. On August 23, 2004, all parties filed objections to that Report and Recommendation. As a result, we understood that all issues regarding that Report and Recommendation were to be considered by Judge Davis and question the lack of a procedural basis for IRS's letter "seeking clarification."

Additionally, counsel for IRS and Pacer already have taken the position that such further briefing is "prejudicial" and "inherently unfair." During the week prior to the August 23 deadline, all parties also had filed unopposed motions to enlarge the page limits for those objections. In response to those motions, but on August 24, 2004 (one day after the August 23 deadline), Judge Davis entered an order granting the requests for additional pages. Judge Davis also extended the time for filing those objections by one week (to August 30, 2004).

IRS objected to Judge Davis's order (see attached letter) and contended that the one-week extension was prejudicial to IRS and that granting additional time would allow Arctic Cat and Suzuki "to recast their objections in light of the previously served objections of IRS and Pacer . . . and to delay the resolution of these objections for at least an additional week * * * [would] prejudice IRS and Pacer. Additionally, because the parties have already filed their objections, the portion of this Court's Order extending the time within which to do so is moot and no further briefing should be accepted by the Court." In the next paragraph, counsel for IRS and Pacer also contended that such additional briefing would cause "inherent unfairness of allowing a party to recast their objections in light of the previously received objections of the opposing party" and objected to the filing of any

additional or modified objections by Arctic Cat and Suzuki. For the record, neither Arctic Cat nor Suzuki have filed any additional or modified (or "errata") objections.

The August 27, 2004 letter from counsel of IRS and Pacer to this Court seeks to accomplish exactly that result to which IRS and Pacer objected only two days earlier. IRS and Pacer seek to add additional objections to those filed on August 23, 2004. The letter of August 27, 2004 should be rejected as improper under the Rules. Additionally, Arctic Cat and Suzuki have raised an issue regarding this aspect of the Report and Recommendation. As a result, IRS and Pacer have an opportunity to address this issue in the context of their response to the objections of Arctic Cat and Suzuki.

Very truly yours,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Annamarie A. Daley

AAD:bac

cc: Anthony de Alcuaz, Esq.
Thomas H. Jenkins, Esq.
William F. Forsyth, Esq.
David P. Pearson, Esq.