McDermott
Will&Emery

Boston Brussels Chicago Düsseldorf London Los Angeles Miami Milan
Munich New York Orange County Rome San Diego Silicon Valley Washington, D.C.

Anthony de Alcuaz
Attorney at Law
adealcuaz@mwe.com
(650) 813-5193

August 24, 2004

The Honorable Michael J. Davis
Judge, United States District Court
14 E. U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: Arctic Cat, Inc. v. Injection Research Specialists, Inc., and Pacer Industries, Inc., et al.
Civil Case No. 01-CV-543- MJD/RLE

Dear Judge Davis:

This letter relates to this Court's Order of August 24, 2004 which was issued in response to the requests of the parties to the above action for modification of the page limits applicable to the filing of their objections to Magistrate Judge Erickson's Report and Recommendation of August 6, 2004.

By way of a brief background, when we received the Report and Recommendation, all parties conferred and it was agreed that each side would file an unopposed motion requesting the number of pages they felt was necessary to respond adequately to the Magistrate Judge's Report and Recommendation. It was further agreed that the number of pages sought for objections would be applicable to the responses to those objections. Thus, in the case of Arctic Cat and Suzuki, they sought in their unopposed motion 30 pages in which to brief their objections. Under the understanding between the parties, this would allow 30 pages for IRS and Pacer to respond to those objections, subject to the right of IRS and Pacer (or Arctic Cat and Suzuki in their case) to seek additional pages for responses if good cause for such request existed.

Neither side requested any additional time within which to file the objections, and, both sides filed their objections on August 23, 2004, the date such objections were due under the Local Rules.

On August 24, 2004 we received this Court's Order disposing of each party's request for additional pages. In that Order the Court allowed "an additional 50 pages" for the objections. Apparently unaware that the parties had already filed their objections, the Court also extended the time for filing the objections to August 30, 2004.

While we very much appreciate the Court's consideration in granting the additional time for the filing of the objections, in light of the fact that all parties filed their objections on August 23, 2004, the Court's Order in that regard, and its Order providing for additional pages, beyond the number the parties requested in their unopposed motions, will have an unintended and prejudicial effect upon IRS and Pacer absent clarification from the Court.

In conversations with counsel for Suzuki, Mr. Jenkins of Finnegan, Henderson, et al., we have confirmed today that Arctic Cat and Suzuki are considering "withdrawing" their previously filed objections and filing new objections in light of the Court's Order. The effect of allowing Arctic Cat and Suzuki to do so would be to allow them to recast their objections in light of the previously served objections of IRS and Pacer, potentially to extend the page limit for those objections beyond the agreed upon 30 pages and to delay the resolution of these objections for at least an additional week. Again, we appreciate the Court's consideration in granting both the unopposed motions and the additional time, but the effect of the Order in light of the fact that the parties have already filed their briefs will be to prejudice IRS and Pacer. Additionally, because the parties have already filed their objections, the portion of this Court's Order extending the time within which to do so is moot and no further briefing should be accepted by the Court.

While we are not sure as of the time this letter is submitted that Arctic Cat and Suzuki will attempt to withdraw and re-file their brief, we wish to make clear in advance to the parties and the Court that IRS and Pacer object to any such withdrawal and re-filing in light of the facts discussed above, including the parties' previous agreement with respect to the lengths of the brief, the inherent unfairness of allowing a party to recast their objections in light of the previously received objections of the opposing party, the fact that neither side requested an extension of time, the mootness of the Court's Order in light of the filing of the objections on August 23, 2004 and the delay that would be entailed by allowing the filing of any additional or modified objections by Arctic Cat and Suzuki.

We thus request that the Court's Order be clarified to indicate that in light of the filing of the parties' briefs on August 23, 2004, that portion of the Order allowing additional time for the filing is moot and the parties should proceed to file their responses to the objections within the time set by the Local Rules.

We regret the necessity of raising this issue and appreciate the Court's consideration.

Very truly yours,

Anthony de Alcuaz /RJB

Anthony de Alcuaz

ARA/lar

cc: Annamarie Daley, Esq.
Thomas H. Jenkins, Esq.
William F. Forsyth, Esq.
David Pearson, Esq.

MPK 79619-1.054249.0012