UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

MINUTE ORDER

* * * * * * * * * * * * * * * * * * *

Arctic Cat, Inc., a Minnesota Corporation,

Plaintiff,

vs.

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Defendants.

and

Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation,

Counterclaimants,

vs.

Arctic Cat, Inc., a Minnesota corporation, and Suzuki Motor

Corporation, a Japanese
Corporation,

Counterdefendants. Civ. No. 01-543 (MJD/RLE)

* * * * * * * * * * * * * * * * * * * *

The Defendants, and Counterclaimants, Injection Research Specialists, Inc., a Colorado corporation, and Pacer Industries, Inc., a Missouri corporation ("IRS"), seek a clarification of our Order of August 24, 2004, which denied, as moot, two of IRS's Motions which were ancillary to an IRS Motion to Dismiss.[1] IRS does not dispute the mootness of the Motions, which led to their denial, but asserts that this Court's stated basis for mootness was inaccurate.

In turn, the Plaintiff Arctic Cat, Inc., a Minnesota corporation ("Arctic Cat"), objects to IRS's request for clarification, since the parties have already briefed their objections to our earlier Report and Recommendation of August 6, 2004, and Arctic Cat views IRS's request as an attempt to end-run the directives of the District Court,

[1]While not styled as such, we construe IRS's request as one for reconsideration, pursuant to D. Minn. LR7.1(g). As our Local Rules make plain, "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. LR7.1(g). For reasons detailed in the text of this Minute Order, we are presented with no "compelling circumstances" for a reconsideration.

the Honorable Michael J. Davis presiding, concerning the extent of briefing on any such objections. IRS denies any such attempt.

Our Order of August 24, 2004, was intended to be no more than a housekeeping mechanism, by which several stranded Motions, which had no impact on any of the parties' substantive claims or defenses, could be removed from a pending Motion list. IRS's request for clarification, which does not address any substantive issue -- at least insofar as we can discern -- does not warrant the effort, given the enormity of the Record that has confronted this Court, to attribute mootness any differently. Were something of importance drawn to our attention, we would not hesitate to wade, again, into the dense mass of the thousands, upon thousands of pages, which we painstakingly reviewed in rendering our Report and Recommendation, but we find no cause to clarify whether a Motion which, indisputably, should have been denied as moot, was because of one inconsequential reason, or another. The Motions were moot, and were denied as such.

NOW, THEREFORE, It is --

ORDERED:

That the Request of the Defendants, and Counterclaimants, for a clarification of this Court's Order of August 24, 2004 [Docket No. 663], is DENIED.

BY THE COURT:

August 31, 2003

s/Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE