**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

ARCTIC CAT INC.,
a Minnesota Corporation,

Plaintiff,

v.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado Corporation, and PACER INDUSTRIES, INC., a Missouri Corporation,

Defendants.

INJECTION RESEARCH SPECIALISTS, INC., a Colorado Corporation, and PACER INDUSTRIES, INC., a Missouri Corporation,

Counterclaimants,

v.

ARCTIC CAT INC.,
a Minnesota Corporation, and
SUZUKI MOTOR CORPORATION,
a Japanese Corporation,

Counterclaim Defendants.

Civil Action No. 01-CV-543 (MJD/RLE)

Hon. Michael J. Davis
Hon. Raymond L. Erickson (Magistrate)

**ORAL ARGUMENT REQUESTED**

**ARCTIC CAT'S AND SUZUKI'S MEMORANDUM TO INFORM THE COURT OF RECENT FEDERAL CIRCUIT PRECEDENT ON WILLFUL INFRINGEMENT AND TO RESPOND TO IRS'S SEPTEMBER 13, 2004 OBJECTIONS AND IRS'S SEPTEMBER 7, 2004 RESPONSE**

# TABLE OF CONTENTS


I. NEW FEDERAL CIRCUIT PRECEDENT CONFIRMS THAT IRS CANNOT DEFEAT SUMMARY JUDGMENT ON ITS WILLFULNESS CLAIM BY PROPOSING AN INFERENCE BASED ON ADVICE OF COUNSEL, AND PROVIDES ADDITIONAL SUPPORT FOR THE MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS IRS'S CLAIM OF WILLFUL INFRINGEMENT. ..... 1

II. IRS'S "OBJECTIONS" TO ARCTIC CAT'S AND SUZUKI'S SEPTEMBER 7, 2004 RESPONSIVE BRIEF IGNORE THE CORRECT LEGAL STANDARD. ..... 2

A. IRS Cannot Avoid the Consequences of Missing Evidence Prejudicial to Claims in This Case. ..... 4

B. With Respect to Summary Judgment Based on Legal Estoppel, the Court Should Consider Arctic Cat's and Suzuki's Submission of Additional Evidence in Support of the Magistrate Judge's Recommendation That IRS's Patent Rights Were Exhausted. ..... 6

C. With Regard to IRS's Motions for Summary Judgment Based on Anticipation and Obviousness, the Court Should Consider Arctic Cat's and Suzuki's Submission of Additional Evidence Supporting the Recommendations to Deny Summary Judgment. ..... 7

III. IRS'S SEPTEMBER 7, 2004 RESPONSE DISTORTS THE UNDISPUTED FACTS AND LAW OF RES JUDICATA, LACHES, AND ESTOPPEL. ..... 10

A. IRS's Argument That Arctic Cat and Suzuki Were Not in Privity With JECS During the *Polaris* Case is Irrelevant to the Legal Elements of *Res Judicata*. ..... 10

B. The Uncontroverted Record Confirms IRS's Unreasonable Delay and Evidentiary Prejudice. ..... 11

C. Dismissal of Arctic Cat's '374 Patent Claim Should be Without Prejudice. ..... 14

CONCLUSION ..... 15




Word 20108198.1

Arctic Cat Inc. ("Arctic Cat") and Suzuki Motor Corporation ("Suzuki") respectfully submit this Memorandum to inform the Court of recent Federal Circuit precedent on willful infringement, and to address Injection Research Specialists, Inc.'s ("IRS") September 13, 2004 "Objections" and September 7, 2004 Response.

## I. NEW FEDERAL CIRCUIT PRECEDENT CONFIRMS THAT IRS CANNOT DEFEAT SUMMARY JUDGMENT ON ITS WILLFULNESS CLAIM BY PROPOSING AN INFERENCE BASED ON ADVICE OF COUNSEL, AND PROVIDES ADDITIONAL SUPPORT FOR THE MAGISTRATE JUDGE'S RECOMMENDATION TO DISMISS IRS'S CLAIM OF WILLFUL INFRINGEMENT.

Magistrate Judge Erickson has already recommended that this Court dismiss IRS's willful infringement claim, and Arctic Cat has provided further support for dismissing IRS's willful infringement claim. In addition to these grounds, under new Federal Circuit precedent Magistrate Judge Erickson's recommendation to dismiss IRS's willful infringement claim should be adopted.

On September 13, 2004, the Federal Circuit issued its *en banc* opinion in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*[1] In *Knorr-Bremse*, the infringement defendants Dana Corporation ("Dana")[2] and Haldex Brake Products Corporation ("Haldex") appealed from a finding by the Eastern District of Virginia federal court that the defendants willfully infringed Knorr-Bremse's disk-brake patent. The district court found willful

[1] Slip op. 01-1357 (Fed. Cir. Sept. 13, 2004) (en banc). A copy of the Federal Circuit's opinion is attached to this Memorandum.

[2] Dana is the parent corporation of Pacer Industries − one of the defendants in this case. Wesley Whitmyer, Esq., IRS's patent attorney on the '374 patent, represented one of the defendants in the *Knorr-Bremse* litigation. Mr. Whitmyer was named by IRS in its original Rule 26 disclosure as one of five witnesses in this case. Mr. Whitmyer was deposed in this case and testified that his entire prosecution file on the '374 patent is missing. See Declaration of Annamarie A. Daley Regarding Arctic Cat and Suzuki's Motion for Summary Judgment on the Basis of Equitable Estoppel and Laches, December 22, 2003, Exh. 22 (Whitmyer Aug. 27, 2003 Dep. Tr.) at 31. Dana's briefs submitted to the Federal Circuit are available at the website of Mr. Whitmyer's law firm (St. Onge Steward Johnston & Reens, LLC) at www.ssjr.com/briefs.asp.

infringement partially on the basis that Haldex had obtained counsel's opinion but had not disclosed it (on attorney-client privilege grounds) and that Dana had not obtained its own advice of counsel. On appeal to the Federal Circuit, Dana argued that an adverse inference should not be permitted based on the failure to obtain or to disclose advice of counsel.

The Federal Circuit agreed with Dana, vacating the willfulness finding and remanding to the district court for a new consideration on the willfulness issue without any inference based on the defendants' failure to obtain or to disclose advice of counsel. In rejecting any inference of willful infringement based on the failure to obtain or disclose advice of counsel, the Federal Circuit overruled previous precedent allowing such inference.

Here, in opposing Magistrate Judge Erickson's recommendation to dismiss IRS's willful infringement claim, IRS has argued that a jury could infer willful infringement based on Arctic Cat's failure to obtain advice of counsel. Although Magistrate Judge Erickson found that Arctic Cat obtained and relied upon advice of its patent counsel shortly after IRS's infringement allegation in February 1995, IRS still maintains that Arctic Cat's willful infringement is supported by a lack of attorney advice obtained by Arctic Cat. Not only is IRS's proposed inference belied by the facts, any such inference now is impermissible under *Knorr-Bremse*. Courts can no longer instruct juries that they may infer willful infringement based on a defendant's failure to obtain advice of counsel. Magistrate Judge Erickson's recommendation to dismiss IRS's willful infringement claim from this case should be adopted.

## II. IRS'S "OBJECTIONS" TO ARCTIC CAT'S AND SUZUKI'S SEPTEMBER 7, 2004 RESPONSIVE BRIEF IGNORE THE CORRECT LEGAL STANDARD.

IRS's September 13, 2004 "Objections" violate this Court's Local Rule 7.1(f) and contain inaccurate representations of fact and law. Disregarding its own breach of the Local Rules, IRS

argues in its objections that Arctic Cat and Suzuki violated Local Rule 7.1(b)(2).[3] According to IRS, Arctic Cat and Suzuki should have submitted certain ostensibly "new" exhibits in their opening summary judgment briefs, rather than in their Response to IRS's Objections. Apart from the fact that Arctic Cat and Suzuki could not have anticipated the need to include at least some of this material in their opening briefs, IRS's Objections ignore the correct legal standard for reviewing the Magistrate Judge's Report and Recommendation.

Contrary to IRS's representations, the evidence at issue was not raised in a Local Rule 7.1(b)(2) Reply Memorandum. Instead, Arctic Cat and Suzuki submitted this evidence under the procedures set forth in FED. R. CIV. P. 72(b) and Local Rule 72.1(c) for *de novo* review of the Magistrate Judge's Report and Recommendation. To resolve any objections, the Court is empowered to conduct a *de novo* review of the Report and Recommendation.[4] Under this standard of review, the Court is required to make a new examination of the issues upon which the specific, written objections were based, either on the record, through the recall of witnesses, or by receiving additional evidence.[5] In fact, Local Rule 72.1(c)(2) specifically states that, in conducting *de novo* review, the Court "may also receive further evidence, recall witnesses, or recommit the matter to the Magistrate Judge with instructions."[6] Thus, in resolving the objections to the Magistrate Judge's Report and Recommendation, this Court should deny IRS's

---

[3] *See* IRS's Obj. dated Sept. 13, 2004, at 5 (quoting the 1999 Advisory Committee's Note to LR 7.1(b)(2)). A review of IRS's September 13, 2004 Objections demonstrates that its title is merely a guise for a reply brief.

[4] *See* FED. R. CIV. P. 72(b); LR 72.1(c)(2).

[5] *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that the failure to conduct *de novo* review required remand); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (holding that *de novo* review of record required study of transcript or tape recording).

[6] L.R. 72.1(c)(2).



Word 20108198.1

Objections and fully consider the evidence and arguments presented in Arctic Cat's and Suzuki's Response.[7]

Additionally, IRS claims in its September 13, 2004 "Objections" that the failure of Arctic Cat and Suzuki to object to a certain conclusion by Magistrate Judge Erickson in their original objections constitutes a waiver.[8] However, if IRS is correct in its analysis, then many of IRS's own arguments also are untimely objections. For example, until its September 7 Response, IRS never objected to the following findings or conclusions:

1) the "glut of evidentiary prejudice"[9];

2) the rejection of IRS's '374 patent excuse[10]; and

3) the rejection of the *Polaris* litigation excuse after August 13, 1998.[11]

**A. IRS Cannot Avoid the Consequences of Missing Evidence Prejudicial to Claims in This Case.**

In its September 13, 2004 "Objections," IRS objected to Arctic Cat's arguments relating to the missing EFI prototype as being untimely.[12] In reality, however, Arctic Cat raised this issue in its combined Response and Reply regarding IRS's willful infringement claim[13] and in its

---

[7] Arctic Cat and Suzuki will not here address each evidentiary objection and argument contained in IRS's "Objections" or September 7, 2004 Response, but only those particular statements that Arctic Cat and Suzuki believe require a further response to assist the Court in its determination. A decision not to address particular arguments should not be interpreted as agreement with IRS or a waiver of any argument or issue. Arctic Cat and Suzuki believe that other points raised by IRS have already been disputed and disproved in Arctic Cat's and Suzuki's other submissions to this Court.

[8] IRS "Objections" dated September 13, 2004 at 4.

[9] Report at 149.

[10] Report at 143.

[11] Report at 141.

[12] IRS's Obj. dated Sept. 13, 2004, at 1.

[13] *See* Arctic Cat's Combined Memorandum in Opposition to IRS's Motion for Partial Summary Judgment of Willfulness and in Reply to IRS's Opposition to Arctic Cat's Motion for Partial Summary Judgment on Claims of Willful Infringement of January 20, 2004 at 4.

laches and estoppel motion.[14] And Magistrate Judge Erickson found that this missing prototype was part of the "glut of evidentiary prejudice" suffered by Arctic Cat and Suzuki.[15]

IRS's new argument that it still has an electronic control unit ("ECU"), in response to the Magistrate Judge's finding regarding the missing prototype, grossly mischaracterizes the undisputed facts of record. This argument ignores the fact that an ECU is only one component of the complete prototype EFI system. IRS's argument also is belied by the inventor's testimony:

> Q. When's the last time you saw the rest of the functioning prototype?
> A. I saw part of it at the Polaris trial.
> Q. Is that the last time you saw the rest of the functioning prototype?
> MR. DE ALCUAZ: Objection; misstates the witness's testimony. He said part.
> THE WITNESS: The bits and pieces, throttle cables, things like that, I haven't seen those probably since then. Even there, I don't know if we – no, actually the cables were attached to it. That's right. So the cables were there, throttle bodies. It was probably somewhere around the Polaris trial.[16]

IRS's motive to mischaracterize the ECU as evidence of the existence of the missing EFI prototype is transparent. IRS has argued for an inference, unsupported by actual evidence, of Arctic Cat's deliberate copying to defeat summary judgment. IRS apparently realizes that this Court could not consider such a proposed inference where IRS lost the evidence that Arctic Cat and Suzuki might offer to disprove such an inference. In light of IRS's willfulness arguments, such missing evidence obviously is prejudicial to Arctic Cat and Suzuki.

---

[14] Arctic Cat's and Suzuki's Memorandum in Support of Motion for Summary Judgment on the Basis of Equitable Estoppel and Laches of Dec. 22, 2003 at 7.

[15] Magistrate's Report and Recommendation dated August 6, 2004 at 149.

[16] Ex. 14, Decl. of Annamarie A. Daley Regarding Arctic Cat and Suzuki's Motion for Summary Judgment on the Basis of Equitable Estoppel and Laches, dated December 22, 2003. *See* Arctic Cat's and Suzuki's Response of Sept. 7, 2004 at 9, n. 16.

### B. With Respect to Summary Judgment Based on Legal Estoppel, the Court Should Consider Arctic Cat's and Suzuki's Submission of Additional Evidence in Support of the Magistrate Judge's Recommendation That IRS's Patent Rights Were Exhausted.

IRS next objects under Local Rule 7.1(b)(2) to the submission of selected portions of the Expert Report of IRS's expert, Dr. William Ribbens, and selected portions of the deposition testimony of the inventor of the patent-in-suit, Mr. Ronald Chasteen, in Arctic Cat's and Suzuki's Response to IRS's Objections to Magistrate Judge Erickson's Report and Recommendation.[17] As discussed above, this procedural objection is unfounded. Under FED. R. CIV. P. 72(b) and Local Rule 72.1(c)(2), Arctic Cat and Suzuki were entitled to submit evidence to facilitate this Court's *de novo* review of Magistrate Judge Erickson's recommendation that IRS's covenant not to sue JECS exhausted its right to assert patent infringement against JECS's customers, Arctic Cat and Suzuki.

Moreover, as IRS concedes, the Local Rules permit parties to submit additional evidence "when necessary to address factual claims of the responding parties that were not reasonably anticipated."[18] In its Objections to the Magistrate Judge's Report and Recommendation on the issue of exhaustion, IRS argued, for the first time, that "although the Magistrate Judge found that 'JECS's EFI systems are specifically designed for use in two cycle engines,' neither Arctic Cat nor Suzuki presented any evidence to show this fact or that there were no non-infringement uses for the JECS product . . . ."[19] The only reason, however, why Arctic Cat and Suzuki did not present such evidence earlier was because IRS had not made these arguments before Magistrate Judge Erickson issued his Report and Recommendation. Moreover, given that IRS's new

---

[17] *See* IRS's Obj. dated Sept. 13, 2004, at 4-5 (referring to the Day Decl. dated Sept. 7, 2004, Exs. 1 and 2).

[18] *Id.* at 5 (citing 1999 Advisory Committee's Notes to LR 7.1(b)(2)).

[19] IRS's Obj. dated Aug. 23, 2004, at 25.

argument is directly contrary to (1) the opinions of its own expert, Dr. Ribbens: (2) the sworn testimony of the inventor of the patent-in-suit, Mr. Chasteen; and (3) IRS's own admissions in the *Polaris* case,[20] Arctic Cat and Suzuki could not have reasonably anticipated that IRS would make this argument at an earlier stage. Arctic Cat's and Suzuki's decision to submit the selected portions of Dr. Ribbens's Expert Report and Mr. Chasteen's sworn testimony fully complies with the requirements of the Local Rules. As a consequence, this Court should fully consider this evidence in denying IRS's Objections to the Magistrate Judge's finding that IRS exhausted its patent rights.

### C. With Regard to IRS's Motions for Summary Judgment Based on Anticipation and Obviousness, the Court Should Consider Arctic Cat's and Suzuki's Submission of Additional Evidence Supporting the Recommendations to Deny Summary Judgment.

IRS's objections to evidence offered by Arctic Cat and Suzuki in response to IRS's "summary judgment" motions on prior art also should be rejected. With regard to anticipation, IRS objected to the 1983 Cuyuna proposal and the 1987 Arctic Cat proposal based on authentication, timeliness, and enablement grounds. These objections are groundless. The evidence at issue is self-authenticating because these documents were produced in the ordinary course of business. The notion that the EFI systems at issue were not developed to a level of commercial perfection satisfactory to IRS is not enough to preclude the trier of fact from considering the issues of anticipation, conception, and diligence in reduction to practice. *See Taskett v. Dentlinger*, 344 F.3d 1337, 1341-42 (Fed. Cir. 2003). And, FED. R. CIV. P. 72(b) and Local Rule 72.1(c)(2) specifically permit the Court to review this kind of evidence as part of its de novo review of Magistrate Judge Erickson's recommendation to deny IRS's motion on the Cuyuna prior art.

---

[20] *Id.* at 23-24, nn.53-56 and accompanying text.



Word 20108198.1

With regard to obviousness, IRS objected to certain deposition testimony of Mr. Berry,[21] Arctic Cat's and Suzuki's invalidity expert, on the basis that the testimony was not "before the Magistrate Judge."[22] These objections are similarly baseless. Under FED. R. CIV. P. 72(b) and Local Rule 72.1(c)(2), this Court is empowered to review further evidence in conducting *de novo* review of the Magistrate Judge's recommendation to deny IRS's motions for summary judgment on the issues of anticipation and obviousness.

In its Objections, IRS also sought to limit Arctic Cat's and Suzuki's ability to present expert and fact witness testimony at trial.[23] Specifically, IRS argued that Mr. Berry's deposition testimony as to the motivation to combine various prior art should be excluded based on the expert disclosure requirements of FED. R. CIV. P. 26(a)(2)(B).[24] IRS also argues that "this Court should strike" the future testimony of Arctic Cat's and Suzuki's fact and expert witnesses.[25] These arguments amount to an improper attempt to recast IRS's summary judgment motion into an evidentiary motion to strike. But, as Magistrate Judge Erickson found, summary judgment is not the appropriate mechanism for resolving disputes over the admissibility of evidence at trial:

> While IRS argues that some of the evidence, which is relied upon by Arctic Cat and Suzuki, will be inadmissible at Trial under Rule 701, Federal Rules of Evidence, that determination is premature on this Record. Consequently, without knowing, conclusively, what evidence Arctic Cat and Suzuki will present at Trial, it is premature to grant Summary Judgment to IRS, especially when IRS has failed to demonstrate, by expert testimony or otherwise, that the combinations are not obvious.[26]

---

21 Mr. Berry has testified that, in his opinion, the other prior art listed in his report "could have been combined to provide obviousness." Arctic Cat's and Suzuki's Resp. Br. dated Sept. 7, 2004, at 40, n.88 and accompanying text.

22 *See* IRS's Objections dated Sept. 13, 2004, at 7-8.

23 *Id.* at 7.

24 *Id.*

25 *Id.*

26 Report & Recommendation at 92.

Since IRS concedes that its motions were directed to some, but not all, of the alternative prior art grounds listed in Mr. Berry's report for invalidating the '803 patent, based on anticipation and obviousness grounds, summary judgment based on Arctic Cat's and Suzuki's claims of invalidity based on anticipation and obviousness was never appropriate under FED. R. CIV. P. 56.[27]

Moreover, the record does not support IRS's claims as to the insufficiency of various combinations of prior art to permit the trier of fact to decide the issues of anticipation and obviousness. For example, contrary to IRS's assertion that the record does not provide adequate motivation to combine the 17 prior art references identified Mr. Berry's report, IRS did not contest Arctic Cat's and Suzuki's showing that:

> Mr. Berry specifically analyzed most of the individual prior art used in the 17 combinations as a consequence of those materials being common to the combinations on which he explicitly opined, and during his deposition, also further discussed some of the 'common' prior art. Under oath, Mr. Berry testified that the other prior art references listed in his report 'could have been combined to provide obviousness.'[28]

Nor does IRS dispute that, to establish obviousness, the requisite evidence of motivation to combine "can be found not only in the knowledge of a person of ordinary skill in the art, but also in the nature of the problem to be solved, and most importantly, in the prior art themselves."[29] Thus, this Court should disregard IRS's evidentiary objections and deny summary judgment to IRS as to Arctic Cat's and Suzuki's claims of anticipation and obviousness.

---

27 *See* Arctic Cat's and Suzuki's Resp. Br. dated Sept. 7, 2004, at 25-30 (identifying disputed issues of fact as to anticipation); *id.* at 37-43 (listing disputed issues of fact as to obviousness).

28 *Id.* at 40, nn.86-88 and accompanying text (emphasis in original) (citing Day Decl. dated Sept. 7, 2004, Ex. 3, Berry Expert Report at 2-3, §§ 3.8-3.9; *id.* at 12, § 4.6.3; *id.*, Ex. 4, Berry Dep. Tr. at 85-86, 120-25, 151-56, 180-96, 225-35, and 225-35).

29 *Id.* at 38-39.

## III. IRS'S SEPTEMBER 7, 2004 RESPONSE DISTORTS THE UNDISPUTED FACTS AND LAW OF RES JUDICATA, LACHES, AND ESTOPPEL.

### A. IRS's Argument That Arctic Cat and Suzuki Were Not in Privity With JECS During the *Polaris* Case is Irrelevant to the Legal Elements of *Res Judicata*.

In its September 7 Response to Arctic Cat's and Suzuki's Objections to the Magistrate Judge's Report and Recommendation, IRS argues that *res judicata* does not apply solely because "the record is clear that Arctic Cat and Suzuki cannot meet the 'same parties' element."[30] This argument disregards the undisputed facts of record, as well as longstanding Supreme Court precedent on the law of *res judicata*. *See, e.g., Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 328-50 (1979) (upholding the defensive use of *res judicata* by a nonparty to the prior suit against a patentee who had lost in the prior suit).

*Res judicata* precludes IRS from relitigating the JECS EFI systems purchased by Arctic Cat and Suzuki because IRS litigated and lost its infringement claim against those EFI systems in the *Polaris* case. Because IRS was a party in the *Polaris* case, there is no issue of identity of interests or adequacy of IRS's representation in the *Polaris* case. Whether Arctic Cat and Suzuki were parties or in privity with a party to the *Polaris* case is irrelevant to that claim.

In contrast, Arctic Cat's and Suzuki's defenses were not litigated in the *Polaris* case. Arctic Cat and Suzuki were not parties to the *Polaris* case, and no party in the *Polaris* case represented their interests as to the validity and enforceability of the '803 patent (particularly when the patent was also asserted against other EFI systems purchased by Arctic Cat and Suzuki). Thus, dismissal of JECS's defenses to the '803 patent in that case cannot constitute *res judicata* as to Arctic Cat's and Suzuki's defenses to the '803 patent in this case. As Arctic Cat and Suzuki explained before Magistrate Judge Erickson:

---

30 IRS's Resp. dated Sept. 7, 2004, at 8-9.

> IRS and Pacer stand in completely different shoes than Arctic Cat and Suzuki with respect to the *res judicata* and collateral estoppel effects of the *Polaris* judgment and the stipulated dismissal with prejudice in that case. IRS and Pacer were parties to the *Polaris* case. Arctic Cat and Suzuki were not. IRS and Pacer had their day in court. Arctic Cat and Suzuki did not. IRS and Pacer were able to represent their own interests. JECS was not representing Arctic Cat's and Suzuki's entire interests. *Res judicata* and collateral estoppel bar IRS and Pacer from relitigating claims (such as the alleged infringement by JECS EFI systems sold to Arctic Cat and Suzuki) and issues (such as claim construction) that were litigated in the *Polaris* case. Due process, however, precludes the application of *res judicata* or collateral estoppel to bar Arctic Cat and Suzuki from raising invalidity and unenforceability defenses in this case – at least with respect to IRS's infringement allegations directed to the Kokusan Denki EFI systems.[31]

Thus, Arctic Cat and Suzuki are not precluded by *res judicata* from litigating their defenses to the '803 patent in this case, and this Court should disregard IRS's arguments as to the fact that Arctic Cat and Suzuki were not in privity with JECS during the *Polaris* case as being contrary to the law of *res judicata*.

### B. On the Equitable Estoppel and Laches Defenses, the Uncontroverted Record Confirms IRS's Unreasonable Delay and Evidentiary Prejudice.

IRS wrongly asserts that "any potential excuse for IRS's delay" is fatal to Arctic Cat's and Suzuki's laches motion.[32] If true as a proposition of law, assuming that every patentee would offer *some* potential excuse for delay, summary judgments on laches grounds would never occur. But this is not the case, as reflected in the prior court decisions granting summary judgments on laches grounds.[33]

Here, because more than six years had passed between IRS's February 1995 threat and IRS's filing of its counterclaim, the six-year presumption should apply. However, Magistrate

---

[31] Arctic Cat's and Suzuki's Suppl. Br. dated June 8, 2004, at 5 (citing *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had any opportunity to be heard.")).

[32] IRS Resp. dated September 4, 2004 at 17.

[33] *See* Arctic Cat's and Suzuki's Objections dated August 23, 2004 at 16, 19-20.

Judge Erickson found that IRS's presentation of evidence of three potential excuses "burst the bubble."[34] But, as a matter of law, to defeat the six-year presumption under *Aukerman*, IRS must offer an excuse "sufficient to raise a genuine issue respecting the reasonableness of the delay." *See Aukerman*, 960 F.2d at 1037-38. Because IRS has not offered a legally sufficient excuse to overcome the presumption, a finding should be made that the "bubble" has not been "burst" and that Arctic Cat and Suzuki are entitled to the six-year presumption.[35]

Even if the presumption does not apply as Magistrate Judge Erickson found, he properly rejected: 1) the purported excuse of the pendency of the '374 patent application;[36] and 2) the purported excuse of the *Polaris* litigation after August 13, 1998.[37] With respect to the third excuse – IRS's trade secret litigation against Arctic Cat and Suzuki – this excuse also should be rejected. As Magistrate Judge Erickson found, "IRS cite[d] no authority, and none has been independently found, for the proposition that the patentee can delay filing patent claims while suing the alleged infringer on entirely different claims."[38] IRS never objected to this finding or conclusion of law. Despite this conclusion of law and finding, the Report later concludes "given that IRS's appeal in the Colorado trade secret litigation was not denied until July 5, 2000, a

[34] Report at 140.

[35] Additionally, IRS's three and one-half year delay was unreasonable, as a matter of law, after if failed to assert its patent claims following the *Polaris* litigation as promised in its original February 1995 letter.

[36] Report at 143. This contention should be rejected for a number of other reasons. First and foremost, IRS never filed any claim against Arctic Cat or Suzuki on the '374 patent. Second, as referenced in footnote 2 *supra*, IRS's entire prosecution file for the '374 patent admittedly is missing. Once again, this missing file is part of the "glut of evidentiary prejudice" found by Magistrate Judge Erickson at page 149 of the Report and Recommendation. IRS's attempt to use the pendency of the '374 patent application in its response to Arctic Cat's and Suzuki's estoppel and laches defenses demonstrates the prejudicial impact of this missing information.

[37] Report at 141.

[38] Report at 142.

factfinder could conclude that IRS's delay was reasonable."[39] Since no law exists to permit IRS's trade secret litigation excuse, such evidence cannot be used by a factfinder to conclude that IRS's delay was reasonable.

Additionally, under the facts in this case, IRS's pursuit of trade secret claims against Arctic Cat and Suzuki should not be permitted as an excuse to delay pursuit of patent claims. Here, IRS specifically told Arctic Cat in its February 1995 letter that it would sue for both trade secret and patent claims not later than the conclusion of the Polaris litigation. IRS's actual threat to Arctic Cat: "Be advised that IRS intends not later than the conclusion of the Polaris et al. litigation, to bring suit against ARCTCO for infringement of the '803 patent claims, <u>and</u> other causes of action based on the misuse by ARCTCO of the information supplied by IRS in 1988 and 1989."[40] Magistrate Judge Erickson reviewed this evidence and concluded "not only did IRS fail to communicate its reasons for delaying suit against Arctic Cat, and Suzuki . . . the equities would certainly require IRS to communicate the reasons for its additional delays."[41] IRS's efforts to use its own decision to commence only trade secret litigation as the excuse for its delay in filing patent litigation should not be condoned. To allow such a practice only promotes the piecemeal litigation which has occurred in the years of litigation between these parties.

Thus, even if the court finds that the bubble was burst, since IRS did not file its claim on the '803 patent until September 26, 2001, as a matter of law, IRS has no reasonable excuse for its delay. IRS's separate trade secret lawsuit against Arctic Cat and Suzuki is not a legally sufficient excuse.

---

[39] Report at 146.

[40] Ex. 2 (*emphasis added*), Decl. of Annamarie A. Daley Regarding Arctic Cat and Suzuki's Motion for Summary Judgment on the Basis of Equitable Estoppel and Laches, dated December 22, 2003.

[41] Report at 144.

In addition, IRS has stated that "the Magistrate Judge found that a triable issue of fact remained for the factfinder on the issue of whether Arctic Cat and Suzuki suffered prejudice."[42] This completely misrepresents the Magistrate Judge's conclusion. When the Magistrate Judge referred to the "ample evidence from which a factfinder would conclude that Arctic Cat, and Suzuki, have suffered evidentiary prejudice," he was referring to the "factfinder" only because of his previous statement that he would recommend denial of the laches motions for reasons other than issues of prejudice.[43] The Magistrate Judge referred to the "ample evidence" of prejudice and the "quantity of missing and destroyed evidence",[44] in addition to the "glut of evidentiary prejudice."[45] The Magistrate Judge did not find that issues remained as to whether Arctic Cat and Suzuki had demonstrated prejudice.[46]

**C. Dismissal of Arctic Cat's '374 Patent Claim Should be Without Prejudice.**

In IRS's September 7, 2004 Response, it contends that the '374 patent claims should be dismissed with prejudice even though "IRS's covenant not to sue Arctic Cat on the '374 patent divested this Court of jurisdiction over issues concerning the '374 patent."[47] "A lack of subject matter jurisdiction usually justifies only a dismissal, not a dismissal with prejudice." *Textile*

---

[42] IRS September 7, 2004 Response at 26 (citing page 151 of the Magistrate Judge's Report).

[43] These include the Magistrate Judge's "most egregious situations" standard (Report at 144) and the conclusion that "[c]ourts have also expressed a reluctance to resolve patent issues on Motions for Summary Judgment" (Report at 145). Arctic Cat and Suzuki objected to these findings.

[44] Report at 151.

[45] Report at 149.

[46] IRS also erroneously asserts (Response dated Sept. 7, 2004 at 13) that if a triable issue exists on the issue of economic prejudice, such evidence is sufficient to "burst the bubble." The law is clear, as Magistrate Judge Erickson concluded, that "[p]rejudice may be either evidentiary, or economic…." Report at 147. IRS never objected to this conclusion.

[47] IRS's September 7, 2004 Response at 30.

*Prods. v. Mead Corp.*, 134 F.3d 1481, 1486 (Fed. Cir. 1998).[48] Moreover, a dismissal with prejudice in this case would affect only Arctic Cat's defenses to this patent. Only Arctic Cat asserted claims regarding the '374 patent. IRS never asserted any '374 patent claims, although it repeatedly reserved the right to do so in various discovery responses and pleadings. As a result, the proposed dismissal with prejudice would only affect Arctic Cat's defenses, not IRS's claims, all to Arctic Cat's detriment. A dismissal without prejudice of Arctic Cat's '374 patent claims also would be consistent with the approach taken by the parties and the Court with the two other patents for which IRS provided covenants not to sue during this litigation.[49]

## CONCLUSION

For the foregoing reasons, this Honorable Court should grant summary judgment of no willful infringement, grant summary judgment based on *res judicata* and legal estoppel, deny summary judgment based on anticipation and obviousness, dismiss the '374 claim without prejudice and overrule IRS's evidentiary objections.

Dated: September 27, 2004

SUZUKI MOTOR CORPORATION

By its attorneys

s/William F. Forsyth

William F. Forsyth (MN Atty ID #31070)
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Telephone: (612) 339-2500
Facsimile: (612) 339-6364

[48] Magistrate Judge Erickson's dismissal of Arctic Cat's declaratory judgment action as to the '374 patent should be distinguished from dismissal with prejudice issued by the *Polaris* court. Although both were entered after IRS unilaterally granted a covenant not to sue, the parties in the *Polaris* case stipulated to a dismissal with prejudice of all patent claims. Here, Arctic Cat opposes a dismissal with prejudice.

[49] *See* Docket Nos. 89 and 91.

Thomas H. Jenkins (Pro Hac Vice)
Bruce C. Zotter (Pro Hac Vice)
Christopher W. Day (Pro Hac Vice)
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W., Suite 600
Washington, D.C. 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

ARCTIC CAT INC.

By its attorneys

s/Annamarie A. Daley

Annamarie A. Daley (MN #158112)
Aaron A. Myers (MN #311959)
Robins, Kaplan, Miller & Ciresi, L.L.P.
2800 LaSalle Plaza, 800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181