**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| ARCTIC CAT, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Defendant. | ) | No. 01-CV-543 MJD/RLE<br><br>**ORAL ARGUMENT REQUESTED** |
| INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES INC., a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,<br><br>Counterdefendants. | ) | |

**INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S OPPOSITION TO ARCTIC CAT'S AND SUZUKI'S SEPTEMBER 27, 2004 MOTION FOR LEAVE TO FILE MEMORANDUM**

## I. INTRODUCTION.

On September 13, 2004, IRS submitted objections to new evidence and new objections raised in Arctic Cat's and Suzuki's September 7, 2004 Response Brief. As IRS noted in its seven page objections, Arctic Cat and Suzuki improperly sought to submit untimely new evidence and raise new objections in violation of Minn. Local Rules 7.1(b)(2) and 72.1(c)(2). Now, Arctic Cat and Suzuki seek leave to file a further sixteen page brief, much of which is nothing more than an improper sur-reply. While IRS would not oppose Arctic Cat's and Suzuki's identification of new Federal Circuit precedent (if cited without unnecessary attorney argument) or their filing of a response narrowly tailored to IRS's evidentiary and procedural objections, IRS must oppose Arctic Cat's and Suzuki's motion for leave, which does neither. More specifically, IRS opposes Arctic Cat's and Suzuki's motion because the proffered brief is largely an improper sur-reply containing new argument and new evidence and a rehash of past attorney argument. Such a sur-reply is not authorized under the Local Rules. For these and the following reasons, Arctic Cat's and Suzuki's motion for leave should be denied.

## II. ARCTIC CAT'S AND SUZUKI'S SUR-REPLY TO IRS'S RESPONSE IS NOT AUTHORIZED UNDER THE LOCAL RULES

Arctic Cat's and Suzuki's request for leave to "respond to" IRS's September 7, 2004 Response brief is unauthorized by the Local Rules and reinforces the existence of triable issues of fact that preclude the grant of Arctic Cat's and Suzuki's motions for summary judgment. Local Rule 72.1(c)(2) permits the filing of objections to the Magistrate Judge's Report and Recommendation and the subsequent filing of a response to those objections. It does not authorize a sur-reply to the response.

The proffered memorandum, and most particularly Section III at pp. 10-15, simply adds argument, or reiterates old arguments, supporting their motions and opposing IRS's response to

their objections. No sur-reply is authorized under the Local Rules, and no good cause exists for allowing a sur-reply, particularly where it is being used by Arctic Cat and Suzuki to raise issues that Arctic Cat and Suzuki never identified in their initial moving papers, their oppositions to IRS's summary judgment motions, or at the hearing before Magistrate Judge Erickson in April. At some point, the papers must close.

IRS respectfully requests that this Court deny Arctic Cat's and Suzuki's motion for leave in light of the thirteenth-hour sur-reply at pages 10-15 of the proffered brief.

## III. NEW FEDERAL CIRCUIT PRECEDENT: KNORR-BREMSE

On September 13, 2004, the Federal Circuit in Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp. held in relevant part that (1) the invocation of the attorney-client privilege and/or work product privilege shall not result in an adverse inference with respect to willful infringement that the opinion was unfavorable, and (2) the failure to obtain legal advice shall not result in an adverse inference that such opinion was or would have been negative, "although there continues to be 'an affirmative duty of due care to avoid infringement of the known patent rights of another,'" citing L.A. Gear Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1127 (Fed. Cir. 1993). Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp., 2004 U.S. App. LEXIS 19185, at *16-17, *21-22 (Fed. Cir. Sept., 13, 2004).

IRS does not object to Arctic Cat's and Suzuki's bringing this new authority to the Court's attention without argument, but the conclusions that they draw in the improper argument are just wrong. Arctic Cat and Suzuki gloss over the Federal Circuit's confirmation that upon receiving notice of another person's patent rights, a party has an affirmative duty to avoid infringing upon those patent rights. Knorr-Bremse at * 22 (Arctic Cat Exh. A at 15). This remains the law of willful infringement. The Federal Circuit reiterated that willful infringement is determined under the totality of the circumstances and may include contributions of several

factors previously set forth in Read Corp. v Portec, Inc., 970 F.2d 816, 826-27 (Fed. Cir. 1992) and in Rolls-Royce Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1110 (Fed. Cir. 1986). Id. at *12-13. These factors include: (1) whether the defendant, after he learned of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed, (2) remedial action of the defendant, (3) whether the infringer deliberately copied the ideas or design[1] of another, among others. Read, 970 F.2d at 826-27.

Factors (1) – (3) remain highly relevant to IRS's opposition to Arctic Cat's motion for summary judgment of non-willfulness and preclude summary judgment because factual issues exist as to each such factor. Similarly, factors (1) - (2) are the basis for IRS's motion for adjudication of facts pursuant to Fed. R. Civ. P. 56(d). Arctic Cat cannot prevail upon its willful infringement motion because Arctic Cat cannot prove (much less show that no triable issue of fact remains) that it exercised its duty of care to avoid infringement.

The record is clear that Arctic Cat was on notice of IRS's patent rights in February, 1995, Arctic Cat took no remedial steps to avoid infringement, it obtained no written or oral opinions of counsel regarding the '803 patent prior to May 2001, and it failed to rely on any such opinion. IRS's Mtn. for Partial S.J. of Willfulness at 14-15. These specific facts remain highly relevant to this Court's willfulness determination according to Knorr-Bremse, are based on Arctic Cat's own admissions and discovery responses, are without substantial controversy, and should be deemed established for trial pursuant to Fed. R. Civ. Proc. 56(d). Finding these facts established is consistent with Rule 56's policy to expedite litigation; it will streamline the trial, conserve judicial resources, and will permit the Court to focus on the true matters of controversy. Knorr-

[1] The Federal Circuit had previously noted in Read that copying of another's "ideas" and "designs" "would encompass, for example, copying the commercial embodiment, not merely the elements of a patent claim", contrary to Arctic Cat's and Suzuki's representation to this Court that direct proof of copying on a patent claim element-by-claim element basis is required to establish willful infringement. Read, 970 F.2d at 827 n.7.

Bremse does not change these facts.

## IV. THIS COURT'S DE NOVO REVIEW OF THE MAGISTRATE JUDGE'S FINDINGS DOES NOT PERMIT ARCTIC CAT AND SUZUKI TO SUBMIT NEW EVIDENCE IN SUPPORT OF THEIR MOTIONS.

After a one-page discussion of Knorr-Bremse, Arctic Cat's and Suzuki's proposed brief purports to respond to IRS's objections, arguing that new evidence of arguments and untimely objections should be considered regardless of the timeliness of their submission. Again, they are wrong. There is no dispute that this Court must perform a de novo review of the findings in the Magistrate Judge's Report and Recommendation. There is no authority, however, for the idea that a de novo review means that Arctic Cat and Suzuki should be permitted to raise new evidence to which IRS has never had the opportunity to respond any time they want to. To the contrary, as this court noted in United Healthcare Co. v. AdvancePCS, 2002 U.S. Dist. LEXIS 6011 (D. Minn. Mar. 22, 2002) (Kyle, J.), Local Rule 7.1(b)(2) "specifically contemplates that the factual basis for a dispositive motion will be established with affidavits and exhibits served and filed in conjunction with the initial motion and responding party's memorandum of law." (emphasis added). The advisory committee notes emphasize that "[r]eply affidavits are appropriate only when necessary to address factual claims of the responding party that were not reasonably anticipated. It is improper to withhold information – either from discovery or from initial moving papers – in order to gain an advantage." 1999 Advisory Committee's Note to LR 7.1(b)(2) (emphasis supplied). Although this rule was created for reply briefs, the purpose behind the rule is even more applicable here, where Arctic Cat and Suzuki failed to provide the evidence necessary to support their motions in their moving papers or even their reply briefs, only submitting the untimely evidence with their response to IRS's objections. By the use of this gambit, IRS was deprived of any opportunity to respond. All of Arctic Cat's and Suzuki's evidence submitted with their response to IRS's objections is impermissible under the Local

Rules and should be excluded.

## V. THE LOCAL RULES DO NOT PERMIT UNTIMELY OBJECTIONS TO FINDINGS AND CONCLUSIONS OF THE MAGISTRATE JUDGE.

Local Rule 72.1(c)(2) provides that all objections to the findings and conclusions in the Magistrate Judge's report and recommendation must be made within 10 days after service. See generally, Miles v. Barnhart, 374 F.3d 694, 698-99 (8th Cir. 2004) (noting that failure to object to Magistrate Judge's Report and Recommendation within 10 days waives later right to appeal); Reko v. Atlantic Mutual Ins. Co., 70 F.Supp. 2d 1005, 1007 (D. Minn. 1999) (appeal filed 22 days after entry of non-dispositve order stricken as untimely). Arctic Cat and Suzuki fail to offer any justification for their untimely objections. Because Arctic Cat and Suzuki failed to raise all of its objections in a timely manner, all untimely objections should be deemed waived.[2]

## VI. CONCLUSION

For these and the foregoing reasons, Arctic Cat's and Suzuki's motion for leave should be denied.

[2] Arctic Cat claims that IRS "waived" objections as to certain "findings" of the Magistrate Judge. The examples provided, however, are erroneous because they are not findings or conclusions of the Magistrate Judge. The Magistrate Judge noted that Arctic Cat and Suzuki offered a "glut of evidentiary prejudice" and concluded that such evidence was sufficient for a triable issue of fact to exist for resolution by the finder of fact. Rprt. at 149-151. The Magistrate Judge further noted he did not find IRS's waiting for the '374 patent to issue to be persuasive, but still found that a triable issue of fact remained for the jury as to IRS's proffered justification for its delay. Rprt. at 143, 146. On summary judgment, the weight of the evidence is irrelevant. See White v. Farrier, 849 F.2d 322, 325 (8th Cir. 1988). Therefore, Magistrate Judge Erickson's comments on the weight of the evidence is not a finding or conclusion to which IRS had an obligation to object. Finally, the Magistrate Judge accepted IRS's proffered "other litigation" excuse of the Polaris case, up to the conclusion of the Polaris case. The Polaris case ended in November of 1998. The Magistrate Judge's typographical error noting an end in August rather than November is not a finding or conclusion, but is just that – a typographical error. The Magistrate Judge's conclusion was clear that the Polaris case was a legally recognized justification for delay. Rprt. at 139. There was no reason for IRS to object to a typographical error not relevant to the Magistrate Judge's ultimate determination.

Dated: September 29, 2004

McDERMOTT WILL & EMERY LLP

Anthony de Alcuaz
Robert J. Blanch
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000

and

David J. Pearson (#84712)
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400

***Attorneys for Defendants and Counterclaimants Injection Research Specialists, Inc. and Pacer Industries, Inc.***

MPK 81050-1.009900.0011