**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Defendant. | No. 01-CV-543 MJD/RLE |
| INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES INC., a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,<br><br>Counterdefendants. | |

**INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S UNOPPOSED MOTION TO EXTEND PAGE LIMITS RE OBJECTIONS TO FEBRUARY 18, 2005 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Defendants Injection Research Specialists, Inc. and Pacer Industries, Inc. (hereinafter and collectively "IRS") hereby move the Court for an order extending the maximum page limit for objections to Magistrate Judge Raymond L. Erickson's February 18, 2005 Report and Recommendation. Counsel for Suzuki represented in a letter dated February 22, 2005 that

Suzuki and Arctic Cat "will not oppose [IRS's] motion for an extension" of the page limit but "do not wish to join the motion."

The Magistrate Judge's 80-page Report and Recommendation encompasses the Magistrate Judge's Markman claim construction ruling concerning U.S. Patent No. Re. 34,803 ("the '803 patent") and his disposition of two separately noticed motions for summary judgment of non-infringement and obviousness. The motion for summary judgment of non-infringement itself is premised on multiple grounds. IRS respectfully seeks an order extending the page limit set by L.R. 72.1(c)(2) of 20 pages (10 pages for opening objections and 10 pages for responses to the other parties' objections), to 40 pages in total. IRS anticipates that it will need 35 pages for its opening objections and 5 pages for its responses. This will permit IRS to address adequately the many conclusions of law and findings of fact encompassed by the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND:

On February 18, 2005, Magistrate Judge Erickson issued his Report and Recommendation relating to three matters pending before the Magistrate Judge:

1. Claim construction of the '803 patent, which was the subject of the parties' opening, reply, and supplemental briefs (docket nos. 242, 243, 245, 248, 250, 255, 590, and 602) and a one day hearing;

2. Arctic Cat's and Suzuki's Motion for Summary Judgment of No Infringement of the '803 Patent (docket nos. 551, 552, 553, 583, 584, 585, 594, 596, 597, 600, 607, 609, 610, 612, 613); and

3. Arctic Cat's and Suzuki's Motion for Summary Judgment on the Basis of Invalidity of the '803 patent Under 35 U.S.C. 103 (docket nos. 548, 549, 550, 580, 581, 582, 598, 599, 601, 607, 608).

A Markman claim construction hearing relating to the meaning of a number of disputed claim terms of the '803 patent in view of the patent claim language, patent specification, 765 page patent file history, and prior art of record was held on May 25, 2004. A separate hearing on Arctic Cat's and Suzuki's motions for summary judgment of non-infringement and obviousness was held the following day on May 26, 2004.

The Magistrate Judge has given the parties until March 7, 2005 to file their respective objections to the Magistrate Judge's February 18, 2005 Report and Recommendation.

## II. REQUESTED ORDER:

Because the Magistrate Judge consolidated his Markman claim construction order and his rulings on two separately noticed motions for summary judgment in a single Report and Recommendation consisting of 80 pages, IRS moves the Court for permission to file objections in excess of the 10-page limit set forth in Local Rule 72.1(c) and, specifically, permission to file a 35-page memoranda in support of its opening objections and a 5-page memoranda for its response to Suzuki's and Arctic Cat's objections. Suzuki and Arctic Cat have indicated that they do not oppose IRS's motion for an extension of the page limits.

IRS does not believe it will be possible to adequately present objections to the Magistrate Judge's 80-page Report and Recommendation within 10 pages, given the breadth of the order relating to patent claim construction and the fact that it disposed of two separately noticed summary judgment motions. Although the '803 patent consists of only four patent claims, Arctic Cat and Suzuki initially claimed that they disputed 38 claim elements (despite later reducing that number to 34 and attempting to interpret those 34 terms in various groups or combinations). As

a result, the parties needed written briefing of 44 pages each and almost an entire day of oral argument to explain their respective claim interpretations. Here, a complete explanation of IRS's objections to the Magistrate Judge's claim construction in view of the relevant case law, the intrinsic evidence of record, and party admissions will alone require significantly more than 10 pages.

Additionally, IRS must object to a number of the Magistrate Judge's factual findings and conclusions of law regarding Arctic Cat's and Suzuki's separately noticed motions for summary judgment of non-infringement and invalidity pursuant to 35 U.S.C. §103. Much of Arctic Cat's and Suzuki's motion for summary judgment of non-infringement concerns the alleged collateral estoppel effect of a prior partial summary judgment ruling in the Polaris case based on different products. This issue, which is at the heart of Arctic Cat's and Suzuki's non-infringement defense, is distinct from the merits of the Magistrate Judge's order regarding claim construction and will require extensive briefing. Furthermore, Arctic Cat's and Suzuki's obviousness motion did not turn on claim construction at all but rather implicates the complete absence of a teaching or suggestion to combine the alleged prior art references and the absence of competent evidence about the structure and functioning of the alleged prior art. In both instances, good cause exists to extend the page limitations for filing objections to the consolidated Report and Recommendation of the Magistrate Judge because IRS will require significantly more than 10 pages to object to the Magistrate Judge's rulings on these two separately noticed motions for summary judgment. See generally Montgomery v. Independent School District No. 709, 109 F. Supp. 2d 1081, 1083 n.2. (D. Minn. 2000)(granting plaintiff's motion for permission to file memoranda in excess of 35-page limit set forth in Local Rule 7.1(c) because the parties had

raised a number of complex issues and because the plaintiff's memoranda addressed three separate dispositive motions, and considering lengthy memoranda in its entirety).

Although IRS hopes that its objections will require fewer than 35 pages, in light of the Court's disposition of the two summary judgment motions and claim construction, IRS believes that any more stringent page limit will not allow IRS to adequately address those objections, to its prejudice.

## III. CONCLUSION

In light of the Magistrate Judge's disposition of two summary judgment motions and issuance of a consolidated Markman claim construction ruling, and in order that IRS may state its objections and not suffer the prejudice which would occur should the objections be limited to 10 pages, good cause exists for an order to extend the page limit to 35 pages for IRS's objections to the Magistrate Judge's Report and Recommendation and 5 pages for responses to Arctic Cat's and Suzuki's objections. IRS therefore respectfully requests that the accompanying order be issued on an expedited basis in view of the March 7, 2005 deadline for filing objections.

Dated: February 23, 2005

/s/David P. Pearson

David P. Pearson (#84712)
Attorney for Defendants and Counterclaimants Injection Research Specialists, inc. and Pacer Industries, Inc.
WINTHROP & WEINSTINE, PA
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402-4629
(612) 604-6693

and

Anthony deAlcuaz
Robert J. Blanch
MCDERMOTT WILL & EMERY, LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 813-5000

2196475v1