**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Defendant. | No. 01-CV-543 MJD/RLE |
| INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES INC., a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,<br><br>Counterdefendants. | |

**INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S CORRECTED UNOPPOSED MOTION TO EXTEND PAGE LIMITS RE OBJECTIONS TO FEBRUARY 18, 2005 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Defendants Injection Research Specialists, Inc. and Pacer Industries, Inc. (hereinafter and collectively "IRS") hereby move the Court for an order extending the maximum page limit for

objections and responses to the opposing party's objections to Magistrate Judge Raymond L. Erickson's February 18, 2005 Report and Recommendation.

The Magistrate Judge's 80-page Report and Recommendation encompasses the Magistrate Judge's Markman claim construction ruling concerning U.S. Patent No. Re. 34,803 ("the '803 patent") and his disposition of two separately noticed motions for summary judgment of non-infringement and obviousness. The motion for summary judgment of non-infringement itself is premised on several grounds. IRS respectfully seeks an order extending the page limit set by L.R. 72.1(c)(2) of 20 pages (10 pages for opening objections and 10 pages for responses to the other parties' objections), to 40 pages in total within which the parties may state both their objections to the Report and Recommendation and their response to the opposing party's objections, which page limit could be allocated between the two briefs as the parties may elect. This will permit the parties to address adequately any objections to the Magistrate Judge's Report and Recommendation they may have and provide the parties with sufficient flexibility to adequately meet the opposing party's objections, if any.

## I. BACKGROUND:

On February 18, 2005, Magistrate Judge Erickson issued his Report and Recommendation relating to three matters pending before the Magistrate Judge:

1. Claim construction of the '803 patent, which was the subject of the parties' opening, reply, and supplemental briefs (docket nos. 242, 243, 245, 248, 250, 255, 590, and 602) and a one day hearing;

2. Arctic Cat's and Suzuki's Motion for Summary Judgment of No Infringement of the '803 Patent (docket nos. 551, 552, 553, 583, 584, 585, 594, 596, 597, 600, 607, 609, 610, 612, 613); and

3. Arctic Cat's and Suzuki's Motion for Summary Judgment on the Basis of Invalidity of the '803 patent Under 35 U.S.C. 103 (docket nos. 548, 549, 550, 580, 581, 582, 598, 599, 601, 607, 608).

A Markman claim construction hearing relating to the meaning of a number of disputed claim terms of the '803 patent in view of the patent claim language, patent specification, 765 page patent file history, and prior art of record was held on May 25, 2004. A separate hearing on Arctic Cat's and Suzuki's motions for summary judgment of non-infringement and obviousness was held the following day on May 26, 2004.

The Magistrate Judge has given the parties until March 7, 2005 to file their respective objections to the Magistrate Judge's February 18, 2005 Report and Recommendation.

## II. REQUESTED ORDER:

Because the Magistrate Judge consolidated his Markman claim construction order and his rulings on two separately noticed motions for summary judgment in a single Report and Recommendation consisting of 80 pages, IRS moves the Court for permission for the parties to file objections in excess of the 10-page limit set forth in Local Rule 72.1(c) and, specifically, permission for the parties to have a total of 40 pages within which to state their objections to the Report and Recommendation and their response to the opposing party's objections, which page limit could be allocated between the two briefs as the parties may elect. Suzuki and Arctic Cat have indicated that they do not oppose IRS's motion for an extension of the page limits.

IRS does not believe it will be possible to adequately present objections to the Magistrate Judge's 80-page Report and Recommendation within 10 pages, given the breadth of the order relating to patent claim construction and the fact that it disposed of two separately noticed summary judgment motions. Here, a complete explanation of IRS's objections to the Magistrate Judge's claim construction in view of the case law, the intrinsic evidence of record, and party

admissions will alone require significantly more than 10 pages. See generally Montgomery v. Independent School District No. 709, 109 F. Supp. 2d 1081, 1083 n.2. (D. Minn. 2000)(granting plaintiff's motion for permission to file memoranda in excess of 35-page limit set forth in Local Rule 7.1(c) because the parties had raised a number of complex issues and because the plaintiff's memoranda addressed three separate dispositive motions, and considering lengthy memoranda in its entirety).

Although IRS hopes that its total objections and responses will require fewer than 40 pages, in light of the Court's disposition of the two summary judgment motions and claim construction, IRS believes that any more stringent page limit will not allow IRS to adequately address those objections, to its prejudice.

## III. CONCLUSION

In light of the Magistrate Judge's disposition of two summary judgment motions and issuance of a consolidated Markman claim construction ruling, and in order that the parties may state any objections they may have and not suffer the prejudice which would occur should the objections be limited to 10 pages, good cause exists for an order to extend the page limit for the parties to 40 pages in total, to be allocated between the opening objections and responsive objections, as the parties may elect. IRS therefore respectfully requests that the accompanying order be issued on an expedited basis in view of the March 7, 2005 deadline for filing objections.

Dated: February 24, 2005

McDERMOTT WILL & EMERY LLP

/s/ Robert J. Blanch

Anthony de Alcuaz
Robert J. Blanch
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000

and

David J. Pearson (#84712)
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400

***Attorneys for Defendants and Counterclaimants Injection Research Specialists, Inc. and Pacer Industries, Inc.***

MPK 81885-1.054249.0012