UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Arctic Cat, Inc.**,
a Minnesota Corporation,
Plaintiff,
v.

**Injection Research Specialists, Inc.**,
a Colorado corporation, and
**Pacer Industries, Inc.**,
a Missouri corporation,
Defendants.

---

**Injection Research Specialists, Inc.**,
a Colorado corporation, and
**Pacer Industries, Inc.**,
a Missouri corporation,
Counterclaimants,
v.

**Arctic Cat, Inc.**,
a Minnesota Corporation, and
**Suzuki Motor Corporation**,
a Japanese Corporation,
Counterdefendants.

ORDER

Civil No. 01-543 (MJD/RLE)

---

Annamarie A. Daley, Aaron A. Myers, Robins, Kaplan, Miller & Ciresi L.L.P., Counsel for **Arctic Cat, Inc.**

Thomas H. Jenkins, Bruce C. Zotter, Christopher W. Day, Finnegan, Henderson, Farabow, Garrett & Dunner L.L.P., Counsel for **Suzuki Motor Corp.**

William F. Forsyth, Henson & Efron, P.A., Counsel for **Suzuki Motor Corp.**

Anthony de Alcuaz, David W Slaby, Jill M. Kastner, Michael S. Wilcox, Robert J. Blanch, McDermott Will & Emery, Counsel for **Injection Research Specialists, Inc., and Pacer Industries, Inc.**

David P. Pearson, Tiffany Ann Blofield, Winthrop & Weinstine, Counsel for **Injection Research Specialists, Inc., and Pacer Industries, Inc.**

---

The above-entitled matter comes before the Court upon the Report and Recommendation [Docket No. 685] of United States Magistrate Judge Raymond L. Erickson, dated February 18, 2005. The Report and Recommendation recommended that the Motion of Arctic Cat, Inc. ("Arctic Cat") and Suzuki Motor Corporation ("Suzuki"), for Summary Judgment on the Basis of Invalidity of the '803 Patent Under 35 U.S.C. § 103 for obviousness, be denied and that the Motion of Arctic Cat and Suzuki for Summary Judgment of No Infringement of the '803 Patent be granted, in part.

Both parties have filed objections to portions of the Report and Recommendation. Injection Research Specialists ("IRS") and Pacer Industries, Inc. ("Pacer") object primarily on the basis that Magistrate Judge Erickson erred in his application of issue preclusion with regard to claim construction. IRS and Pacer also object to the Magistrate Judge's independent claim construction approach. They argue that because the claim construction relating to "computed injection timing" is wrong, summary judgment based upon that construction is inappropriate.

Arctic Cat and Suzuki also filed objections to portions of the Report and Recommendation. They object to two of Magistrate Judge Erickson's recommended claim constructions: (1) not requiring a fuel map that stores fuel values in units of volume, and (2) not construing "injection" as requiring "an amount of fuel sufficient for combustion." Arctic Cat and Suzuki also object to the

Magistrate Judge's recommendation to deny portions of their Motion for Summary Judgment of No Infringement and the recommendation to deny Arctic Cat and Suzuki's Motion for Summary Judgment on the Basis of Invalidity.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review, the Court adopts the Report and Recommendation dated February 18, 2005.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation [Docket No. 685] filed by United States Magistrate Judge Raymond L. Erickson is hereby **ADOPTED**.

2. Arctic Cat and Suzuki's Motion for Summary Judgment on the Basis of Invalidity of the '803 Patent Under 35 U.S.C. § 103 [Docket No. 580] is **DENIED**.

3. Arctic Cat and Suzuki's Motion for Summary Judgment of No Infringement of the '803 Patent [Docket No. 583] is **GRANTED IN PART, AND DENIED IN PART**, as detailed in the Report and Recommendation [Docket No. 685].

Dated: __March 31, 2005_________

__s/Michael J. Davis_________
Judge Michael J. Davis
United States District Court