**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT INC.,<br>a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC.,<br>a Missouri corporation,<br><br>Defendants.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC.,<br>a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT INC.,<br>a Minnesota corporation, and<br>SUZUKI MOTOR CORPORATION,<br>a Japanese corporation,<br><br>Counterclaim Defendants. | Civil Action No. 01-CV-543 (MJD/RLE)<br><br>Hon. Michael J. Davis<br>Hon. Raymond L. Erickson (Magistrate) |

**JOINT NOTICE OF INTENT TO CLAIM AWARDS OF ATTORNEY FEES PRIOR TO ENTRY OF FINAL JUDGMENT**

Pursuant to L.R. 54.3(b)(2), Arctic Cat Inc. ("Arctic Cat") and Suzuki Motor Corporation ("Suzuki") jointly provide notice of their intent to claim awards of attorney fees prior to entry of final judgment. Arctic Cat and Suzuki will claim awards of attorney fees pursuant to 35 U.S.C. §

285 and pursuant to this Court's inherent power to assess fees as a sanction for litigation misconduct. The following counsel rendered the legal services upon which the claims will be based:

| **For Arctic Cat:** | **For Suzuki:** |
|---|---|
| *Robins, Kaplan, Miller & Ciresi L.L.P.*<br><br>Annamarie A. Daley<br>Rita Coyle DeMeules<br>Scott P. Fink<br>Michael A. Hellwich<br>Andrew W. Horstman<br>David E Marder<br>Kathleen A. Marron<br>Aaron A. Myers<br>Stacie E. Oberts<br>Kelly L. Olmstead<br>David P. Pinto<br>Kathleen M. Quinn<br>Christopher J. Sorenson<br>Jeffrey R. Vesel<br>William A. Webb<br>Scott D. Woods<br><br>*Merchant & Gould P.C.*<br><br>Jeffer Ali<br>Rebecca A. Bortolotti<br>Jonelle R. Burnham<br>Alan G. Carlson<br>Julie R. Daulton<br>Matthew A. Doscotch<br>Matthew M. Gaffney<br>Robert J. Glance<br>Gregory C. Golla<br>John D. Gould<br>Robert A. Kalinsky<br>Deakin T. Lauer<br>Thomas J. Leach<br>Douglas P. Mueller<br>Wendy M. Seffrood<br>J. Derek Vandenburgh | *Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.*<br><br>Jason R. Buratti<br>Aryn D. Davis<br>Christopher W. Day<br>Gerald F. Ivey<br>Matthias A. Kamber<br>Thomas H. Jenkins<br>Michael W. Kim<br>S.H. Michael Kim<br>Esther H. Lim<br>Gary C. Ma<br>Robert A. Matthews, Jr.<br>Karna J. Nisewaner<br>D. Patrick O'Reilley<br>John Y. Pfeifer<br>Robert Pollock<br>Andrew P. Riley<br>Megan M. Sugiyama<br>Chad D. Wells<br>Michael L. Woods<br>Naoki Yoshida<br>Bruce C. Zotter<br><br>*Henson & Efron, P.A.*<br><br>William F. Forsyth<br>Neil M. Kliebenstein<br>Matthew H. Morgan |



Word 20131095.1

In addition to counsel fees, Arctic Cat and Suzuki intend to seek all other costs, fees, and expenses associated with the litigation of this case. The awards will be sought jointly and severally against Injection Research Specialists, Inc., Pacer Industries, Inc., and all other persons and entities who may be held liable for awards of fees and costs. *See, e.g., Evident Corp. v. Church & Dwight Co., Inc.*, No. 03-1541, 2005 WL 407718 (Fed. Cir. Feb. 22, 2005) (finding parties jointly and severally liable for attorney fees under Section 285).

Arctic Cat and Suzuki propose a two-step process to address their claims prior to entry of final judgment. *See, e.g., Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (explaining "two-step process" under which Court must determine that the case is "exceptional" before reaching issue of attorney fees). First, Arctic Cat and Suzuki propose briefing on the issue of whether this is an "exceptional case" under 35 U.S.C. § 285 and whether the Court's inherent power should be invoked on the basis of litigation misconduct. Second, if the Court determines that this is an exceptional case and/or that the Court should invoke its inherent power, the parties will brief the issue of whether fees and costs should be awarded and in what amounts. Arctic Cat and Suzuki propose the following schedule for briefing on the first step:

| | |
|---|---|
| **Arctic Cat's and Suzuki's Joint Memorandum** | Two weeks after entry of Court's Order setting a schedule for the submission and consideration of the issue of whether this is an "exceptional case" under 35 U.S.C. § 285 and/or whether the Court's inherent power should be invoked. |
| **IRS's and Pacer's Joint Response** | Two weeks after Arctic Cat's and Suzuki's Joint Memorandum. |
| **Arctic Cat's and Suzuki's Joint Reply** | One week after IRS's and Pacer's Joint Response. |

Under the applicable legal standard, the Court must issue detailed findings to support an "exceptional case" finding. *See, e.g., Arcade, Inc. v. Minnesota Mining and Mfg. Co.*, 1 F.3d 1253, 1993 WL 210808, **3 (Fed. Cir. 1993) (affirming award under Section 285 "because the district court made detailed findings supporting its conclusion of exceptional case"); *Bayer Aktiengesellschaft v. Duphar Int'l Research B.V.*, 738 F.2d 1237, 1242 (Fed. Cir. 1984) ("specific finding" of exceptional circumstances is necessary to award of attorney fees under Section 285). In light of this legal requirement, for briefing on the first step, Arctic Cat and Suzuki propose a limit of 17,500 total words to be allocated between Arctic Cat's and Suzuki's memorandum and reply, and a limit of 17,500 words for IRS's and Pacer's response.[1]

For the second step, if the Court determines that this is an exceptional case and/or that the Court should invoke its inherent power, Arctic Cat and Suzuki propose the following briefing schedule:

| | |
|---|---|
| **Arctic Cat's Memorandum and Suzuki's Memorandum** | Two weeks after Court Order finding that this is an exceptional case and/or that the Court should invoke its inherent power. |
| **IRS's and Pacer's Responses** | Two weeks after Arctic Cat's Memorandum and Suzuki's Memorandum. |
| **Arctic Cat's Reply and Suzuki's Reply** | One week after IRS's and Pacer's Response. |

On the second step, Arctic Cat and Suzuki propose that Arctic Cat and Suzuki separately each receive a limit of 7,000 total words to be allocated between their individual memoranda and replies, and a limit of 14,000 words for IRS's and Pacer's responses in total to the individual memoranda.

Dated: May 11, 2005.

[1] The word count is proposed consistent with the Amendments to Local Rules published May 2, 2005, which replace the previous memoranda page limits with word-count limits. Under the amended Local Rules, 3,500 words are allowed for every 10 pages previously allowed. *See, e.g.,* LR 72.2(b) (previous limit of 10 pages changed to 3,500 words). Accordingly, the 17,500 word limit corresponds to 50 pages.

ARCTIC CAT INC.
By its attorneys

s/Annamarie A. Daley
Annamarie A. Daley (MN #158112)
Aaron A. Myers (MN #311959)
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

SUZUKI MOTOR CORPORATION
By its attorneys

s/William F. Forsyth
William F. Forsyth (MN #31070)
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Telephone: (612) 339-2500
Facsimile: (612) 339-6364

Thomas H. Jenkins (Pro Hac Vice)
Bruce C. Zotter (Pro Hac Vice)
Christopher W. Day (Pro Hac Vice)
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400