**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT INC.,<br>a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC.,<br>a Missouri corporation,<br><br>Defendants. | Civil Action No. 01-CV-543 (MJD/RLE)<br><br>Hon. Michael J. Davis<br>Hon. Raymond L. Erickson (Magistrate) |
| INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC.,<br>a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT INC.,<br>a Minnesota corporation, and SUZUKI MOTOR CORPORATION,<br>a Japanese corporation,<br><br>Counterclaim Defendants. | |

**ARCTIC CAT'S AND SUZUKI'S REPLY TO IRS'S AND PACER'S RESPONSE TO NOTICE OF INTENT TO CLAIM AWARD OF ATTORNEY FEES**

Contrary to the arguments of defendants Injection Research Specialists and Pacer Industries (collectively referred to as "IRS"), Arctic Cat's and Suzuki's Joint Notice of

Intent to Claim Awards of Attorney Fees Prior to Entry of Final Judgment ("Joint Notice") is not "premature and procedurally improper."[1] As a matter of law, consistent with the case law and the rules, this Court can consider Arctic Cat's and Suzuki's request for attorney fees and costs before entering final judgment. Furthermore, Arctic Cat's and Suzuki's proposed briefing schedule and maximum word limits are procedurally proper and supported by good cause. As a result, Arctic Cat and Suzuki should be permitted to file their motions and a briefing schedule entered as proposed in their Joint Notice.

**1. This Court can consider Arctic Cat's and Suzuki's motions regarding attorney fees and costs[2] before entering final judgment.**

The issue of Arctic Cat's and Suzuki's proposed motions regarding attorney fees and costs is not "premature." In a similar situation, Judge Montgomery rejected the argument that a court must delay consideration of attorney fees pending entry of final judgment.[3] In *Upsher-Smith*, Judge Montgomery considered a Section 285 motion for attorney fees before entry of final judgment. Citing reasons of "judicial economy and efficiency," that court declined finding the issue of attorney fees premature under L.R. 54.3. As Judge Montgomery explained:

> [T]he basic intent of Rule 54.3(b) is to encourage prompt submission of fee motions so that courts can review such requests shortly after a case has been decided. … [I]t is best to address the issue now with the underlying

---

[1] *See* IRS's May 12, 2005 "Response" (Dkt. 717), p. 1.

[2] Arctic Cat and Suzuki have proposed a two-step briefing schedule. First, briefing on their motion for a finding of exceptional case under 35 U.S.C. § 285 and/or a finding that the court should invoke its inherent sanction powers as a result of IRS's litigation misconduct. Second, if either aspect of their motion is granted, briefing on the amount of attorney fees and costs to be awarded.

[3] *See Upsher-Smith Labs., Inc. v. Pan American Labs., Inc.*, No. 01-352 (ADM/AJB), 2004 WL 902176, *2 (D. Minn. April 26, 2004).

> facts and circumstances of this litigation freshly in mind, rather than deferring consideration for several weeks or months.[4]

The rationale in *Upsher-Smith* is consistent with this District's policy of favoring prompt determination of fee requests. As noted in the Advisory Committee's Note to Local Rule 54.3, "applications for attorney's fees should be submitted promptly after a determination of the case on the merits. Prompt submission aids the trial judge, whose memory of the work of the lawyers is fresh, and facilitates appellate consideration of the whole controversy."[5]

Accordingly, Arctic Cat and Suzuki properly submitted their Joint Notice, and this Court can appropriately consider the issue of Suzuki's and Arctic Cat's attorney fees before entering final judgment in this matter.

**2. The proposed briefing schedule and suggested word counts are procedurally proper and appropriate for this case.**

Arctic Cat's and Suzuki's Notice was not "an improper motion to extend the word limits and to set a briefing schedule without a showing of good cause."[6] A memorandum may exceed 12,000 words "with permission of the Court."[7] In their Joint Notice, Arctic Cat and Suzuki explained the legal rationale for the requested word limit. In light of the legal requirement for detailed findings surrounding the "exceptional case" analysis,[8]

---

[4] *Id. See also, e.g., Mathis v. Spears*, 857 F.2d 749, 751-52 (district court's finding of exceptional case before entering final judgment).
[5] *See* L.R. 54.3, 1991 Advisory Committee's Note.
[6] *See* Response (Dkt. 717), p. 1.
[7] L.R. 7.1(c).
[8] *See, e.g., Arcade, Inc. v. Minnesota Mining and Mfg. Co.*, 1 F.3d 1253, 1993 WL 210808, **3 (Fed. Cir. 1993) (affirming award under Section 285 "because the district court made detailed findings supporting its conclusion of exceptional case"); *Bayer*

Arctic Cat and Suzuki proposed a word limit so that the various issues relating to IRS's misconduct, which includes document destruction (as the Court has already found),[9] agreements to pay witnesses amounts contingent upon the results achieved,[10] defiance of the Orders of the Court,[11] and others,[12] can be fully addressed. Further, the Local Rules expressly allow parties seeking attorney fees to propose a briefing schedule to the Court.[13]

Arctic Cat and Suzuki respectfully request that this Court enter an Order adopting the briefing schedule and maximum word limits proposed in Arctic Cat's and Suzuki's Joint Notice and allowing determination of these motions prior to the entry of final judgment.

Dated: May 18, 2005.

---

*Aktiengesellschaft v. Duphar Int'l Research B.V.*, 738 F.2d 1237, 1242 (Fed. Cir. 1984) ("specific finding" of exceptional circumstances is necessary to award of attorney fees under Section 285).

[9] Dkt. 698, Order of March 8, 2005, p. 16.

[10] Dkt. 312, Order of August 26, 2003, p. 8, n.2.

[11] *See* Dkt. 699, Report and Recommendation of March 14, 2005, p. 27, n. 3.

[12] *See, e.g.*, Dkt. 699, Report and Recommendation of March 14, 2005, p. 32 ("the falsity of IRS's representations to the Patent Examiner appear self evident … ."); 89 Fed. Appx. 736, 2004 WL474002 at *1 (Fed. Cir. 2004)("Injection Research's dogged citation to the minority view of the United States Court of Appeals for the Third Circuit is not well received.").

[13] L.R. 54.3(b). Arctic Cat and Suzuki do not oppose allowing IRS and Pacer 25 days, rather than two weeks, to file their initial response memorandum, as requested in IRS's Response.

ARCTIC CAT INC.
By its attorneys

s/Annamarie A. Daley
Annamarie A. Daley (MN #158112)
Aaron A. Myers (MN #311959)
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

SUZUKI MOTOR CORPORATION
By its attorneys

s/William F. Forsyth
William F. Forsyth (MN #31070)
Henson & Efron, P.A.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402-4503
Telephone: (612) 339-2500
Facsimile: (612) 339-6364

Thomas H. Jenkins (Pro Hac Vice)
Bruce C. Zotter (Pro Hac Vice)
Christopher W. Day (Pro Hac Vice)
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005-3315
Telephone: (202) 408-4000
Facsimile: (202) 408-4400