**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Defendant. | Civil Action No. 01-CV-543 MJD/RLE<br><br>**ORAL ARGUMENT REQUESTED** |
| INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,<br><br>Counterdefendants. | |

**INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO ENTER FINAL JUDGMENT, TO DISMISS REMAINING DECLARATORY JUDGMENT CLAIMS WITHOUT PREJUDICE, AND TO STAY ARCTIC CAT'S AND SUZUKI'S ATTORNEY FEES CLAIMS PENDING APPEAL**

## TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. PROCEDURAL HISTORY ..... 3

III. ARGUMENT ..... 7

A. This Court Should Enter Final Judgment in Arctic Cat and Suzuki's Favor and Dismiss All Remaining Declaratory Judgment Claims and Counterclaims ..... 7

B. Arctic Cat and Suzuki's Claims for Attorney's Fees Should Be Stayed Pending Appeal ..... 11

IV. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020 (Fed. Cir. 1992) .................... 5, 6, 10

*Astrazeneca AB v. Mutual Pharmaceutical Co., Inc.*, 2003 U.S. Dist. LEXIS 21055 (E.D. Penn. Nov. 12, 2003) .................... 10

*Budinich v. Becton Dickinson And Co.*, 486 U.S. 196 (1988) .................... 12

*Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 124 L.Ed. 21, 113 S.Ct. 1967 (1993) .................... 8

*Glaxo Group Limited v. Apotex, Inc.*, 272 F.Supp.2d 772 (N.D. Ill. 2003) .................... 11

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 882 F.2d 1556 (Fed. Cir. 1989) .................... 5

*J.P. Stevens Co. Inc. v. Lex Tex Ltd. Inc.*, 822 F.2d 1047 (Fed. Cir. 1987) .................... 11

*Liquid Dynamics Corporation v. Vaughan Company, Inc.*, 355 F.3d 1361 (Fed. Cir. 2004) .................... 1

*Nestier Corp. v. Menasha Corp. - Lewisystems Division*, 739 F.2d 1576 (Fed. Cir. 1984) .................... 8

*Nystrom v. Trex Company, Inc.*, 339 F.3d 1347 (Fed. Cir. 2003) .................... 1

*Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459 (Fed. Cir. 1998) .................... 8

*Sandt Technology, Ltd. v. Resco Metal and Plastics Corporation*, 264 F.3d 1344 (Fed. Cir. 2001) .................... 5, 8

*Schwing GmBh v. Putzmeister Aktiengesellschaft*, 2001 U.S. Dist. LEXIS 19574 (D. Minn. Aug. 7, 2001) .................... 11

## FEDERAL STATUTES

35 U.S.C. §102 .................... 4, 7

35 U.S.C. §251 .................... 4

Fed. R. Civ. P. 54(d)(2) .................... 8, 10

# I. INTRODUCTION

The proceedings on the merits in this District Court are, for all intents and purposes, over. All of the claims of the '803 patent asserted by IRS have been held invalid, and this Court's rulings on summary judgment preclude assertion of any other claims of the '803 patent. The entry of judgment and an immediate appeal will promote judicial economy, conserve the parties' resources, prevent duplication of efforts, and thus efficiently move this matter towards its ultimate resolution. No just reason warrants delaying entry of judgment at this time.

IRS and Pacer respectfully request that this Court exercise its discretion to dismiss all remaining claims and counterclaims and enter final judgment pursuant to Federal Rules of Civil Procedure 54(a) and 58(d). See Liquid Dynamics Corporation v. Vaughan Company, Inc., 355 F.3d 1361 (Fed. Cir. 2004) (district court's dismissal of invalidity and inequitable conduct counterclaims as moot after granting summary judgment of non-infringement was not an abuse of discretion); Nystrom v. Trex Company, Inc., 339 F.3d 1347, 1351 (Fed. Cir. 2003) (appeal of grant of summary judgment of non-infringement and summary judgment of invalidity of patent claims 18-20 dismissed for lack of a final judgment because the district court stayed certain counterclaims rather than dismissing counterclaims or certifying an appeal pursuant to Rule 54(b)).

IRS and Pacer maintain and reserve their positions as to this Court's prior orders,[1] but in light of those orders, final judgment should be entered in Arctic Cat's and Suzuki's favor on the following: (1) Arctic Cat's declaratory judgment of patent invalidity (Count I of Arctic Cat's Amended Complaint for Declaratory Judgment (Docket No. 6) of the asserted '803 patent claims (2-4) based on the Court's grant of summary judgment of invalid reissue oath; (2) Arctic Cat's declaratory judgment of non-liability (Count II) on all '803 patent claims based on the Court's grant of summary judgment of equitable estoppel, laches, and legal estoppel, (3) Arctic Cat's declaratory judgment of non-infringement (Count III) on all '803 patent claims for Arctic Cat's Kokusan-equipped snowmobiles (except those containing the Suzuki 2002 785-EID engine) based on the Court's grant of partial summary judgment of non-infringement; (4) Arctic Cat's and Suzuki's defense of non-willfulness based on the Court's grant of partial summary judgment of non-willfulness; and (5) Arctic Cat's and Suzuki's "non-liability" claim that issue preclusion applies to elements of the patent claims that were at issue in a prior litigation involving IRS and Pacer ("the Polaris case") and that IRS and Pacer are, therefore, collaterally estopped from asserting a claim construction inconsistent with that adopted in the Polaris case.

---

[1] In proposing a judgment and seeking its entry to expedite the appeal process, IRS does not waive its objections to any orders of the Court or abandon any of the positions it has taken in the litigation. Instead, the proposed judgment simply mirrors what IRS and Pacer understand the Court to have done to date, to which IRS has previously and does now object. IRS reserves its right to appeal the judgment sought by this motion.

In order to satisfy the finality requirements for appeal, this Court should also dismiss all pending declaratory judgment claims and counterclaims. Specifically, this Court should dismiss without prejudice as moot Arctic Cat's claim for invalidity as to unasserted claim 1 of the patent-in-suit, dismiss with prejudice IRS's counterclaim for patent infringement with respect to the accused Kokusan-equipped products (except the 2002 785-EID model), dismiss without prejudice IRS's counterclaim for patent infringement with respect to the accused JECS-equipped products and accused products containing the Suzuki 2002 785-EID engine, and should dismiss without prejudice any remaining claims by any party.[2] Similarly, the Court should stay Arctic Cat's and Suzuki's claims for attorney fees pending appeal, so as to avoid relitigation of those matters should the appellate court reverse and remand.

Immediate entry of final judgment would promote judicial efficiency, conserve the Court's and the parties' resources, and expedite the final resolution of the issues in this case — with no prejudice to Arctic Cat or Suzuki.

## II. PROCEDURAL HISTORY

Plaintiff Arctic Cat, Inc. commenced this action against Injection Research Specialists, Inc. and Pacer Industries, Inc. on March 28, 2001, seeking declaratory judgment with respect to four patents. IRS counterclaimed for patent infringement against Arctic Cat and its engine supplier, Suzuki Motor Corporation, on one patent, U.S. Patent No. Re. 34,803 ("the '803 patent"). IRS covenanted not to sue Arctic Cat on the other

---

[2]The parties should maintain the right to reassert claims dismissed in the event of reversal or remand.

three patents and moved to dismiss Arctic Cat's declaratory relief claims based on those patents. See Docket Nos. 81, 84, and 511. The Court granted those motions over Arctic Cat's objections.

Arctic Cat's Complaint for declaratory judgment, as amended, contained three "counts" relating to the remaining '803 patent-in-suit: (1) invalidity; (2) non-liability; and (3) non-infringement. See 6/5/01 Amended Complaint (Docket No. 6). Each of Arctic Cat's three "counts," in turn, consists of alternative yet distinct statutory or common law theories. Count I, for instance, asserts alternative claims for invalidity under 35 U.S.C. §§ 102 (anticipation), 103 (obviousness), 112 (specification errors), and/or 116 (errors in naming inventors). Id. at 3. Count II, styled "non-liability," rests alternatively on laches, estoppel, acquiescence, waiver, intervening rights, res judicata, collateral estoppel, and statute of limitations. Id. at 3-5. Finally, declaratory judgment Count III alleges non-infringement by Arctic Cat's snowmobiles of "any valid claim" of the '803 patent and, alternatively, the absence of direct, contributory, or induced infringement of the '803 patent.

In response to IRS's September 26, 2001 counterclaim for infringement of the '803 patent, Arctic Cat and Suzuki asserted additional affirmative defenses, including invalidity based on the Reissue Statute, 35 U.S.C. §251. Arctic Cat and Suzuki's responses to the counterclaim, however, contained no further declaratory judgment claims, counterclaims, or cross-claims. See Arctic Cat's 11/21/01 Amended Reply to Counterclaim for Patent Infringement and Affirmative Defenses (Docket No. 36); Suzuki's 1/4/02 Answer (Docket No. 40).

On May 10, 2005, this Court granted Arctic Cat's Motion for Summary Judgment Based on Invalid Reissue, thus invalidating all the asserted claims of the '803 patent — claims 2, 3, and 4. See 5/10/05 Order (Docket No. 715).[3] This ruling resolved Arctic Cat's invalidity "count" as to all of the asserted patent claims. It also has effectively mooted IRS's patent infringement counterclaim. Sandt Technology, Ltd. v. Resco Metal and Plastics Corporation, 264 F.3d 1344 (Fed. Cir. 2001) (finding of invalidity renders unnecessary an infringement analysis of the asserted claims).

The Court granted summary judgment of legal estoppel, laches, and equitable estoppel in favor of Arctic Cat and Suzuki on March 9, 2005. See Order dated 3/9/05 (Docket No. 698). The Court's ruling on legal estoppel immunized Arctic Cat and Suzuki from liability for infringement for their manufacture, use, and sale of JECS-equipped snowmobiles. 3/9/05 Order at 16-29, 31. The laches ruling immunized any patent infringement by Arctic Cat and Arctic Cat between the issue date of the '803 patent (12/9/94) and the day IRS filed suit (9/26/01). 3/9/05 Order at 11-12. More significantly, the Court's finding of equitable estoppel entirely barred IRS's infringement claims and prayers for injunctive relief and damages against Arctic Cat and Suzuki.[4] A.C. Aukerman

---

[3] IRS did not assert original claim 1 against Arctic Cat and Suzuki. Claim 1 of the '803 patent was originally issued as claim 1 of the '701 patent and was not substantively amended during the reissue proceedings that resulted in the '803 patent. Because original claims are not subject to attack on defective reissue grounds, Arctic Cat and Suzuki did not and could not raise unasserted claim 1 in their summary judgment motion premised on their "defective reissue and false reissue oath" affirmative defense. Hewlett-Packard Co. v. Bausch & Lomb Inc., 882 F.2d 1556, 1566 (Fed. Cir. 1989) ("carry-over" claims remain valid).

[4] Arctic Cat's Motion for Summary Judgment on the Basis of Equitable Estoppel and Laches sought the following relief: "Under the Court's equitable and inherent powers, this Court should grant Arctic Cat and Suzuki's motion for summary judgment, dismiss IRS and Pacer's

Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1028 (Fed. Cir. 1992). Although these rulings did not dispose of Arctic Cat's alternative theories of "waiver and acquiescence," Arctic Cat's "non-liability count" has been resolved. The grant of Arctic Cat's motion for summary judgment of equitable estoppel also has mooted IRS's counterclaim for patent infringement as well as Arctic Cat's remaining non-infringement "count."

The Magistrate Judge conducted a Markman hearing on May 25, 2004 and issued a claim construction order. The Markman ruling construed all disputed claim terms, not simply those terms on which Arctic Cat relied to assert non-infringement. Relying in part on collateral estoppel (one of Arctic Cat's alternative "non-liability" theories), this Court held that virtually all of Arctic Cat and Suzuki's Kokusan-equipped snowmobiles did not infringe the '803 patent claims. 2/18/05 Report and Recommendation at 70 (Docket No. 685, finding that all but one Kokusan model utilized "computed injection timing"), adopted on 3/13/05. In addition, the Court denied summary judgment of non-infringement on an alternative non-infringement ground because an issue of fact exists as to whether the JECS-equipped and Kokusan-equipped snowmobiles inject fuel every engine cycle.[5] Id. at 55, 57, 61-62. This denial of summary judgment also involved the application of collateral estoppel to claim construction.

---

counterclaim with prejudice and issue judgment in favor of Arctic Cat on Count II of its Amended Complaint on the grounds that the '803 patent is unenforceable." 12/22/03 Mot. at 23 (Docket No. 465).

[5] The Court also applied collateral estoppel in construing the "priming" and "pump control" limitations of unasserted claim 1. 2/18/05 Report and Recommendation at 41, adopted on March 31, 2005.

On March 9, 2005, summary judgment of non-willfulness was entered in Arctic Cat's favor. See (Docket No. 698). The Court found that Arctic Cat's continued sales of Kokusan-equipped snowmobiles could not support a finding of willful infringement. The Court declined to address whether the sales of the JECS products could support a finding of willful infringement based on its finding that its grant of legal estoppel for Arctic Cat's JECS-equipped snowmobiles rendered the issue moot. See 2/18/05 Report and Recommendation at 166; 3/9/05 Order (adopting same). Taken together, these rulings have eliminated IRS's "demand for judgment" seeking willful infringement damages.

The Court denied, however, Arctic Cat's motions for summary judgment of anticipation and obviousness and IRS's cross-motion for no anticipation. 3/9/05 Order (denying motions for on-sale bar and no anticipation based on Cuyuna and Arctic Cat bench systems); 3/31/05 Order (Docket No. 708, denying motion for summary judgment of obviousness based, in part, on Court's claim construction). Thus, absent further order of this Court, triable issues of fact remain at least as to Arctic Cat's invalidity Count I for unasserted '803 patent claim 1 based on anticipation, obviousness, and issues arising under 35 U.S.C. §§112 and 116.

## III. ARGUMENT

### A. This Court Should Enter Final Judgment in Arctic Cat and Suzuki's Favor and Dismiss All Remaining Declaratory Judgment Claims and Counterclaims

Through its recent rulings, this Court has resolved all issues pertaining to liability. The only liability issue arguably still unresolved relates to the validity of claim 1 of the '803 patent. There is no need to try the validity of claim 1 of the '803 patent, because IRS

has not accused the defendants of infringing that claim and IRS is, in any event, barred from asserting claim 1 by this Court's prior rulings. Accordingly, to promote efficiency and to conserve the resources of both the Court and the parties, IRS respectfully requests that this Court dismiss Arctic Cat's remaining declaratory judgment claim without prejudice as moot and enter final judgment. Alternatively, this Court may enter judgment under Federal Rule of Civil Procedure 54(b) on patent invalidity, equitable estoppel, laches, legal estoppel, collateral estoppel, claim construction, and non-willfulness and stay the remainder of the proceedings pending appeal.

The Federal Circuit has ruled that either of these methods would enable an immediate appeal:

> [T]he district could have dismissed the counterclaim without prejudice (either with or without a finding that the counterclaim was moot) following the grant of summary judgment of infringement. "We have previously held that a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." Phonometrics, Inc. v. N. Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998) (citing Nestier Corp. v. Menasha Corp. – Lewisystems Div., 739 F.2d 1576, 1580-81 (Fed. Cir. 1984)). We note that the Supreme Court's decision in Cardinal Chemical Co. v. Morton International, Inc., 508 U.S. 83, 124 L. Ed. 21 1, 113 S. Ct. 1967 (1993), which prohibits us, as an intermediate court, from vacating a judgment of invalidity when we conclude that a patent is not infringed, does not preclude the discretionary action of a district court, in an appropriate case, in dismissing an invalidity counterclaim without prejudice when it concludes a patent is not infringed.

Nystrom, 339 F.3d at 1351; see Liquid Dynamics, 355 F.3d at 1361; see generally Sandt, 264 F.3d 1344 (finding of invalidity renders unnecessary an infringement analysis of the asserted claims). Although either method may be acceptable, entry of final judgment provides greater finality and certainty, and removes this matter from the Court's busy docket pending appeal.

This Court need not address, and a jury should not be required to decide, unnecessary and now moot claims for patent invalidity as to unasserted '803 patent claim 1. If the Federal Circuit affirms the Court's reissue oath ruling, all remaining invalidity claims as to the asserted claims will be moot, and, as a practical matter, there will be no need for a trial.

Alternatively, if the Federal Circuit affirms summary judgment of equitable estoppel and laches, Arctic Cat and Suzuki will have little incentive to litigate invalidity or infringement as to claim 1 since this Court has held that the doctrines of equitable estoppel and laches render them not liable for patent infringement. Indeed, Arctic Cat and Suzuki have already conceded that IRS's infringement counterclaim is no longer at issue and that judgment on Arctic Cat's non-liability Count II should be entered. 12/22/03 Motion for Summary Judgment on the Basis of Equitable Estoppel and Laches, at 23 (Docket No. 465); see also Aukerman, 960 F.2d at 1028.[6]

Moreover, prompt appellate review of the Court's claim construction and the Court's application of collateral estoppel to the meaning of four claim elements will also promote efficiency. For example, if the parties were to proceed to trial now as to the validity of claim 1 and if the Federal Circuit later reverses the Court's claim construction requiring the injection of fuel every cycle, Arctic Cat's obviousness and anticipation

---

[6]In view of the Court's determination that none of the patent claims may be asserted against Arctic Cat and Suzuki by reason of equitable estoppel, no controversy remains as to unasserted claim 1. See generally Nystrom, 339 F.3d at 1351 (confirming that a district court has discretion to dismiss an invalidity counterclaim without prejudice (with or without a finding of mootness) following the grant of summary judgment of non-infringement.

defenses will be affected because unasserted claim 1 would have a different claim scope. The Federal Circuit's determination of the meaning of the patent claims now will promote efficiency in the event that the case is remanded for further proceedings on infringement and invalidity.

The equities also favor entry of a prompt final judgment. Arctic Cat filed its declaratory judgment claim in March, 2001. Although Arctic Cat styles itself as the plaintiff, Pacer is the patentee and IRS is the exclusive licensee of the patent-in-suit. Arctic Cat and Suzuki have earned millions of dollars on electronic fuel injection snowmobile sales, the same technology that the inventor, Ronald Chasteen, disclosed to Arctic Cat more than a decade ago. There is no reason to delay an appeal upon invalidity, non-liability, infringement, claim construction, and willfulness. Only through such appeal will the issues be ultimately resolved.

### B. Arctic Cat and Suzuki's Claims for Attorney's Fees Should Be Stayed Pending Appeal

IRS also respectfully requests that this Court stay Arctic Cat and Suzuki's claim for attorneys fees pending appeal because many, if not all the premises on which the claim is based, are intertwined with factual and legal issues that will be addressed on appeal. See Astrazeneca AB v. Mutual Pharmaceutical Co., Inc., 2003 U.S. Dist. LEXIS 21055 (E.D. Penn. Nov. 12, 2003) ("Given that this Court's determination of whether this is an exceptional case will depend, in part, on the outcome of the appeal that is likely in this case, it is within this Court's discretion to stay the issues of attorney's fees until such appeals are complete."); see also 1993 Advisory Committee Notes to Fed. R. Civ. P.

54(d)(2) ("if an appeal on the merits of the case is taken, the court may rule on the claim for fees, defer its ruling on the motion, or deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); Schwing GmBh v. Putzmeister Aktiengesellschaft, 2001 U.S. Dist. LEXIS 19574 at *3 (D. Minn. Aug. 7, 2001) (granting final judgment of non-infringement pursuant to Rule 54(b), dismissing the patentee's Complaint with prejudice, and staying litigation of the remaining defenses and claims, including attorney's fee and costs, pending appeal); Glaxo Group Limited v. Apotex, Inc., 272 F. Supp. 2d 772 (N.D. Ill. 2003) (staying further proceedings on fee petition until conclusion of appeal).

Here, Arctic Cat and Suzuki's prayer for an "exceptional case" depends largely on their claims of evidentiary prejudice, the same alleged prejudice that the Federal Circuit will analyze when it reviews the equitable estoppel and laches summary judgment rulings. Compare Arctic Cat's 5/18/05 Reply to Response to Notice of Intent to Claim Award of Attorney fees, at 4 and 4 fn.9. Arctic Cat's prayer for an "exceptional case" is also intertwined with IRS's claims of attorney-client privilege which will be resolved when the Federal Circuit reviews the summary judgment of invalid reissue oath ruling. Id. at 4 fn. 12.

Arctic Cat and Suzuki also have implied that they intend to argue that IRS committed inequitable conduct in obtaining the '803 Reissue patent. See 5/18/05 Reply to Response to Notice, at 4 n. 12 (citing IRS's representations to the examiner during reissue). Inequitable conduct is a factor that this Court may consider in determining the existence of an exceptional case. J.P. Stevens Co. Inc. v. Lex Tex Ltd. Inc., 822 F.2d

1047, 1052 (Fed. Cir. 1987) (inequitable conduct is a factor in attorney fee award, but does not compel such an award absent a finding that it would be "grossly unjust" for winner to bear its own attorney fees). In this case, however, inequitable conduct has not been established, nor has inequitable conduct been the subject of any motion, any proper briefing or any presentation of evidence before this Court. A genuine dispute of material fact as to whether Mr. Chasteen intended to deceive the Patent Office mandated the denial of Arctic Cat and Suzuki's "false reissue" invalidity motion. See 3/14/05 Report and Recommendation at 32 (Docket No. 699), adopted by 5/10/05 Order (Docket No. 715). Thus, addressing the exceptional case issue now may require the adjudication of complex and disputed facts as to issues unresolved by the Court's prior rulings.

Arctic Cat and Suzuki's claims of "exceptional case" should be deferred until after appeal. Consideration of that issue now would be wasteful and will require extensive briefing and argument concerning the factual basis for that claim and the reasonableness of the asserted attorney's fees. The factual and legal basis for Arctic Cat and Suzuki's "exceptional case" claim is inextricably intertwined with substantive issues that will be resolved on appeal. Staying Arctic Cat and Suzuki's attorney's fees claims will conserve the parties' resources, promote judicial economy, and, in any event, will not disturb finality. See Budinich v. Becton Dickinson And Co., 486 U.S. 196, 201-03 (1988) (an unresolved issue of attorney's fees does not prevent judgment on the merits from being final).

Arctic Cat's premature notice of intent to seek attorney's fees presupposes that no substantial issues on the merits remain. IRS agrees, and for this reason respectfully seeks entry of a final judgment so that an immediate appeal may be taken.

## IV. CONCLUSION

For these reasons, IRS's and Pacer's motion for entry of a final judgment, for dismissal of the pending declaratory judgment claims and counterclaims, and for stay of Arctic Cat and Suzuki's claim for attorney's fees pending appeal should be granted. Final judgment should be entered as reflected in the proposed form of judgment. To avoid waste and duplicative proceedings, claims for attorney's fees should be stayed pending appeal.

Dated: May 24, 2005

McDERMOTT WILL & EMERY LLP

/s/ Anthony de Alcuaz
Anthony de Alcuaz
Robert J. Blanch
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000

and

David J. Pearson (#84712)
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400

***Attorneys for Defendants and Counterclaimants Injection Research Specialists, Inc. and Pacer Industries, Inc.]***

MPK 91630-1.054249.0012