# Exhibit A

BICKEL & BREWER
ATTORNEYS AND COUNSELORS
311 SOUTH WACKER DRIVE
56TH FLOOR
CHICAGO, ILLINOIS 60606
PHONE: (312) 986-0900
FAX: (312) 986-0610

4800 BANK ONE CENTER
1717 MAIN STREET
DALLAS, TEXAS 75201
(214) 653-4000

680 FIFTH AVENUE
14TH FLOOR
NEW YORK, NEW YORK 10019-5429
(212) 489-1400

February 11, 1991

Mr. Roger Skime
Vice President Engineering
ARTCO, Inc.
P.O. Box 810
Thief River Falls, Minnesota 56701

Re: Injection Research Specialists, Inc. v. Polaris Industries L.P., Civil Action No. 90-1143

Dear Mr. Skime:

As a follow-up to Gary Divel's letter of October 2, 1990, we understand that ARTCO has recently embarked on an effort to develop and market an electronic fuel injection system for certain performance models of its Artic Cat snowmobiles.

As you know, we are currently engaged in litigation with Polaris as well as other entities based on their misappropriation and infringement of various IRS proprietary rights.

We know you are aware of U.S. Patent No. 4,901,701 and that you appreciate the proprietary rights of IRS. Will you please provide immediate confirmation that your EFI effort does not and will not implicate ARTCO's use of or reliance on any IRS proprietary technology. We will appreciate your early response.

Very truly yours,

Robert P. Cummins

cc: John G. Balch
Gary L. Divel

JASA/64

CONFIDENTIAL

# Exhibit B

# IRS, Inc.

## Injection Research Specialists, Inc.

Deposition Exhibit
# 383
6/12/03
Blomstrom #12681

March 23, 2001

Christopher A. Twomey
President and Chief Executive Officer
Arctic Cat, Inc.
601 Brooks Avenue South
Thief River Falls, MN 56701

**VIA FEDERAL EXPRESS**

RE: Infringement of U.S. Patent No. Re. 34,803, 5,813,374, 6,062,202 and Re. 34,079

Dear Mr. Twomey:

As you know, we successfully prosecuted an action against Polaris to protect our Intellectual Property relating to fuel injection techniques and devices developed by Ron Chasteen and Injection Research Specialists, ("IRS"). During eleven years of litigation, Polaris won many battles, but lost the war, which was good for us, but very bad for them. We now find ourselves with Arctic Cat winning the first battle, but the war is far from over.

Before proceeding, with additional litigation, as one CEO to another, I would like to explore if there is a business solution, early, that is both cost effective to Arctic Cat and much less time consuming to us. At the final meeting with Polaris, Polaris said that if they had it to do over, they would have chosen an early business solution, rather than the failed litigation route.

This letter is my attempt to offer resolution to this matter, early.

The outcome of our efforts to protect our intellectual property resulted in the entry of a judgment against Polaris in excess of $45,000,000 in damages and a successful appeal on the issue of pre-judgment interest, which would effectively double the award. Our ultimate recovery was close to that amount, but remains confidential. Having successfully resolved the Polaris litigation, and obtained two new U.S. patents, U.S. Patent Nos. 5,813,374 and 6,062,202, it is now necessary that we resolve, either by agreement or by trial, claims relating to Arctic Cat's use of the four patents described above.

A 058869

*90 S. Cascade Avenue, Suite 950, Colorado Springs, CO 80903 Phone 719-442 2300 Fax 719-442-2346*

Arctic Cat is using the inventions claimed in IRS' patents and has been doing so for some time. Of equal importance is Arctic Cat's present use of the inventions claimed in those patents and the need for Arctic Cat to either cease using those inventions or pay for that use. Put more simply, Arctic Cat is infringing the four referenced patents and, unless we reach an agreement concerning a settlement of claims for past infringement and a license for future use, we will bring an action to recover those past damages and to obtain a preliminary injunction to bar Arctic Cat's continuing sales of the infringing products.

With respect to the newly issued patents, the '374 and '202 patents, Arctic Cat's infringement is clear and ongoing. We are confident that your company's own analysis has and will confirm the value of obtaining a license under the newly issued patents rather than becoming subject to injunctive relief barring the sale of substantial portion of Arctic Cat's product line, including inventories floored with third parties. With respect to the '803 and '079 patents, Arctic Cat has been on notice of infringement since 1995. During a substantial portion of the intervening years, we were engaged in active and successful litigation with Polaris, which has now been completed. We have estimated Arctic Cat's exposure to past infringement of the '803 patent, for example, at not less than $100,000,000, (since Arctic Cat used it on approximately 2.5 x as many units as Polaris), exclusive of interest, and such exposure may be substantially greater. While it has proven more difficult to quantify Arctic Cat's exposure for use of the '079 patent, that exposure is also very substantial.

We write in the hope that Arctic Cat's extremely substantial exposure to an award of damages, interest, attorney's fees, and the possibility that those damages may be enhanced for willful infringement, taken together with what we believe to be the likelihood of the entry of preliminary and permanent injunctions barring the sale of a substantial, and profitable, portion of your company's products, we hope the current situation will lead to immediate and productive discussions between us. Those discussions must proceed quickly and with a realistic eye on Arctic Cat's exposure to be successful.

Please let me know if you and Arctic Cat are prepared to engage in serious, good faith discussions to resolve these issues by close of business, Wednesday, March 28, 2001. If that willingness exists, we would like to discuss a meeting with you to occur within the next 7 to 10 business days between the business principals only.

Very truly yours,

John G. Balch

Cc: Raphael Lupo, Esq.
Anthony deAlcuaz, Esq.
Ron Chasteen

# Exhibit C

# KUTAK ROCK LLP

SUITE 2900
717 SEVENTEENTH STREET
DENVER, COLORADO 80202-3329

303-297-2400
FACSIMILE 303-292-7799

www.kutakrock.com

ATLANTA
CHICAGO
DES MOINES
FAYETTEVILLE
KANSAS CITY
LINCOLN
LITTLE ROCK
NEWPORT BEACH
OKLAHOMA CITY
OMAHA
PASADENA
RICHMOND
SCOTTSDALE
WASHINGTON

..N H. BERNSTEIN
bernstein@kutakrock.com
292-7730

April 5, 2002

VIA FACSIMILE

Gary Lozow, Esq.
Isaacson, Rosenbaum, Woods & Levy, P.C.
633 Seventeenth St., Suite 2200
Denver, CO 80202

Peter Van Mieghem, Esq.
McDermott, Will & Emery
3150 Porter Drive
Palo Alto, CA 94304

Re: Injection Research Specialists, Inc. ("IRS")
Motion to Modify Protective Orders in the Colorado litigation

Dear Messrs. Lozow and Van Mieghem:

We are in receipt of your Motion to Modify Protective Orders recently filed in the 1990 and 1997 IRS lawsuits. We are troubled by some of the language contained within the Motion. By suggesting to the Court that we have violated the Court's orders, you have put us in a position of defending our actions, with the possible need of filing a response to the Motion with the court.

Specifically, Mr. Van Mieghem's assertion in his declaration that "Counsel for IRS and Pacer are still in possession of the JECS previously produced documents which were innocently retained by prior counsel who mistakenly did not follow instructions in the Colorado Protective Orders to destroy or return them" is a gross mischaracterization of the facts. The protective order required either the return or destruction of any confidential documents to the producing party within 90 days after final adjudication. The Tenth Circuit Court of Appeals entered its judgment against IRS on July 5, 2000. Any appeal taken to the United States Supreme Court would have been filed on or before approximately October 5, 2000. Accordingly, under the protective order, documents should have been returned or destroyed on or before January 5, 2001.

Although we did not return or destroy the confidential documents on or before January 5, 2001, we informed Mr. Balch in a letter dated March 1, 2001, that we would begin the process of returning or destroying all of the documents produced, confidential or not. Shortly thereafter, we

Exhibit No.: 1044
Deponent: Clark
Date/RPR: 5/6/04 MH
Hunter + Geist, Inc.

were asked by Brad Beck to delay returning or destroying any documents until McDermott, Will & Emery had an opportunity to decide which documents should be retained. We agreed to the delay in the return or destruction of the documents until April 20, 2001. On April 5, 2001, Brad Beck e-mailed Mr. Van Mieghem inquiring about the future of the documents so that he (Mr. Beck) could advise Kutak Rock. In a letter to me dated April 13, 2001, Mr. de Alcuaz of McDermott, Will & Emery requested that we continue to retain the documents beyond April 20, 2001 so that he could determine which documents would be needed in the new Arctic Cat litigation. Almost an entire year passed while we waited to hear from McDermott, Will & Emery what documents they needed and what their plan of action would be.

After waiting a year for the response, we learned for the first time in the Motion that the only documents sought are those that were produced by JECS. However, by service of the Motion, counsel for all of the other defendants may now be concerned about the retention of confidential documents and whether there has been a violation of the protective order. Simply stated, we do not appreciate being set up as the scapegoat for any violations (technical as they may be) of a court order that any party may have made in connection with these documents, particularly when our firm fully cooperated with McDermott, Will & Emery's instructions (as lead counsel to our client) and when we have warehoused approximately 160 boxes of documents at our expense for more than a year after we have asked to be relieved of that burden.

Irrespective of the forgoing, now that the court has approved the substitution of counsel, we suggest that we deliver all of the documents in our custody and control regarding IRS to Mr. Lozow at Isaacson, Rosenbaum. Otherwise, unless other arrangements are made, we intend to begin destruction of all of the files in our possession no later than May 1, 2002, except for the JECS documents, which appear to be the only documents that are the subject matter of the Motion. I would ask that Mr. Lozow contact Peter Clark of our office to arrange for the transfer of the documents to his office.

Very truly yours,

John H. Bernstein

cc: Bradley A. Beck, Esq.
Mr. John Balch
Mr. Peter W. Clark

10/23/2003 18:50 FAX 650 813 4672 MCDERMOTT WILL 021

KR DEN 30 82 7799

(AUTO)

HE FOLLOWING FILE(S) ERASED

| FILE | FILE TYPE | OPTION | TEL NO. | PAGE | RESULT |
|---|---|---|---|---|---|
| 03 | MEMORY TX | | 9-3032923152 | 03/03 | OK |

ERRORS

1) HANG UP OR LINE FAIL 2) BUSY 3) NO ANSWER 4) NO FACSIMILE CONNECTION

KUTAK ROCK LLP

SUITE 2900
717 SEVENTEENTH STREET
DENVER, COLORADO 80202-3329
303-297-2400
FACSIMILE 303-292-7799

# FACSIMILE TRANSMISSION

**DATE:** April 5, 2002

**TO:**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Gary Lozow, Esq.<br>Bradley A. Beck, Esq.<br>Isaacson, Rosenbaum, Woods & Levy, P.C. | 303-292-3152 | 303-292-5656 |

If you experience any problems in receiving these pages, please call (303) 297-2400 as soon as possible. Thank you.

**FROM:** John H. Bernstein **EMPL. NO.:** 2531
**CLIENT:** 329702-2

| NUMBER OF PAGES, INCLUDING COVER PAGE: 3 | CONFIRM: No |
|---|---|

**MESSAGE:**

K 00027

10/23/2003 18:50 FAX 650 813 4672 MCDERMOTT WILL 022

KR DEN 303 7799

(AUTO)

FOLLOWING FILE(S) ERASED

| FILE | FILE TYPE | OPTION | TEL NO. | PAGE | RESULT |
|---|---|---|---|---|---|
| 1 | MEMORY TX | | 9-1-6508135100 | 03/03 | OK |

ERRORS

1) HANG UP OR LINE FAIL 2) BUSY 3) NO ANSWER 4) NO FACSIMILE CONNECTION

KUTAK ROCK LLP

SUITE 2900
717 SEVENTEENTH STREET

DENVER, COLORADO 80202-3329

303-297-2400
FACSIMILE 303-292-7799

# FACSIMILE TRANSMISSION

**DATE:** April 5, 2002

**TO:**

| NAME | FAX NO. | PHONE NO. |
|---|---|---|
| Peter P. Van Mieghem, II, Esq.<br>McDermott, Will & Emery | 650-813-5100 | 650-233-5500 |

If you experience any problems in receiving these pages, please call (303) 297-2400 as soon as possible. Thank you.

**FROM:** John H. Bernstein **EMPL. NO.:** 2531

**SECRETARY:** SLOrvis

**RE:** Injection Research Specialists, Inc.

| CLIENT NUMBER: 3297/02-2 |
|---|

K 00028

# Exhibit D

**Clark, Peter W.**

| | |
|---|---|
| **From:** | Clark, Peter W. |
| **Sent:** | Friday, March 29, 2002 9:18 AM |
| | Bernstein, John H. |
| **Cc:** | Hesse, M. Anne |
| **Subject:** | RE: IRS/Polaris |

John,
Anne and I spoke about this matter earlier this week. I have been in touch with IRS's California counsel every day this week. They are in the process of filing a motion to have the protective order lifted to allow them access to all of the confidential documents from the prior litigation (our boxes in storage). They were quite focused on the 1997 litigation, and reminded them that most of our documents were from the 1990 litigation. I mentioned to them again that we are moving later this year and will no longer store the IRS documents. Hopefully there will be some action soon on the motion and we can send boxes to the California firm.

At this time, we probably have some boxes that could be turned over to the client. I would need to review our letter again and the box index. At the time of our letter, Tana made recommendations as to which boxes could be turned over to the client and as to which boxes that should be destroyed.

I will let you know when I hear anything regarding the new motion(s).

Peter

-----Original Message-----

| | |
|---|---|
| **From:** | Bernstein, John H. |
| **Sent:** | Tuesday, March 19, 2002 4:39 PM |
| **To:** | Clark, Peter W. |
| **Cc:** | Hesse, M. Anne |
| **Subject:** | IRS/Polaris |

Peter--please advise Anne and me of status of documents. With the move coming up, Anne is trying to get rid of boxes of documents on old files. Are we in a position to send these boxes to the client? Thanks.

John H. Bernstein
KUTAK ROCK LLP
303-292-7730: Direct
303-292-7799: Fax
john.bernstein@kutakrock.com

Exhibit No.: 1042
Deponent: Clark
Date/RPR: 5/6/04 mH
Hunter + Geist, Inc.

K 00023