# Exhibit P

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

- - -

| | | |
|---|---|---|
| ARCTIC CAT, INC. | : | |
| Plaintiff, | : | |
| -vs- | : | Civil Action No. 01-CV-543 (MID/RLE) |
| INJECTION RESEARCH SPECIALISTS, INC. AND PACER INDUSTRIES, INC. | : | |
| Defendants. | : | |
| INJECTION RESEARCH SPECIALISTS, INC. AND PACER INDUSTRIES, INC. | : | |
| Counterclaimants, | : | |
| -vs- | : | |
| ARCTIC CAT, INC. AND SUZUKI MOTOR CORPORATION | : | |
| Counterclaim Defendants. | : | |

- - -

Deposition of A. GLENN PATON, witness herein called by the Counterclaim Defendant and Plaintiff for cross examination under the Ohio Rules of Civil Procedure, taken before me, the undersigned, Karen D. Metersky, a Notary Public and Court Reporter, within and for the State of Ohio, pursuant to agreement and stipulations of counsel hereinafter set forth at the offices of Cooper & Walinski, 900 Adams Street, Toledo, Ohio, 43624, on Thursday, August 14, 2003, deposition commencing at 9:30 o'clock a.m.



- - -

LASER BOND FORM A PENGAD • 1-800-631-6989 • www.pengad.com

A. I sign a vast number of different types of legal documents. Some of them I read very intensely. Some I do not. It depends on what the subject matter is.

Q. Do you recall whether you read this particular document before you signed?

A. I do not recall. I do not recall.

Q. But you did -- you did review this document when it was given to you by counsel this Monday?

A. It depends on -- this Monday?

Q. This Monday?

A. I read it.

Q. Did you read it that Mon -- on -- on Monday?

A. I can't say definitely Monday. I reviewed it Tuesday, Wednesday.

Q. So you -- did you review it several times? Did you pick this document up several times?

A. I picked it up several times.

Q. Okay. Did any particular portion of the document that you focused on in your review?

A. No.

Q. Based on your review, do you have a sense of what this document purports to do?

A. I understand there is a lawsuit that may

LASER BOND FORM A PENGAD • 1-800-631-6989 • www.pengad.com

generate a -- a sum of money and of which 25 percent will accrue to Dana Corporation. In the interim, we pay 25 percent of the legal cost of pursuing this matter.

Q. So do you understand this document to mean that Dana Corporation is funding at least, in part, the litigation that's set forth in this -- in this document?

A. Yes, I understand that.

Q. Do you know whether it's usual or unusual for Dana Corporation to fund a litigation of this sort?

A. I -- I don't have any knowledge to say that -- what was the word you used, common or --

Q. Whether it was usual or unusual?

A. Whether it was usual or unusual. I have no reason to know either usual or unusual.

Q. Mr. Springer, are you aware of any corporate -- were you aware of the -- of the -- the substance of the negotiations that led to the -- the signing of this agreement?

A. No, I am not.

Q. Do you know why Dana Corporation entered into this agreement?

A. Not the specific reasons.

Q. Do you know any of the general reasons?

A. Just from the face of the document concept.

LASER BOND FORM A PENGAD • 1-800-631-6989 • www.pengad.com

# Exhibit Q

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Transclean Corporation, James P. Viken, Jon A. Lang, and Donald E. Johnson,

Plaintiffs,

vs.

Bridgewood Services, Inc.,

Defendant. Civ. No. 97-2298 (RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 6th day of February, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to the consent of the parties, as authorized by Title 28 U.S.C. §636(c), upon the Defendant's Motion for an Order Delaying the Finality of Judgment.

As argued by the Defendant, pursuant to Rule 58, Federal Rules of Civil Procedure, it is within our discretion to delay the finality of the Judgment entered on January 8, 2001, until after we have resolved the parties' pending Motions for Attorneys Fees. Rule 58 provides, in relevant part, as follows:

FEB 06 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

204

> * * * Entry of the Judgment shall not be delayed, or the time for appeal extended, in order to tax costs or award fees, except that, when a timely motion for attorneys' fees is made under Rule 54(d)(2), the court, before a notice of appeal has been filed and has become effective, may order that the motion have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59.

Rule 58, Federal Rules of Civil Procedure.

The Supreme Court has held that a decision on the merits of a case is appealable even though the amount, or recoverability of attorney's fees, remains to be determined. See, Budinich v. Becton Dickinson and Co., 486 U.S. 196, 199 (1988). However, an Order awarding attorneys' fees, but without determining the specific amount of the award, is not a final and appealable Order. See, In re Modern Textile, Inc., 900 F.2d 1184, 1192 (8th Cir. 1990), citing Gates v. Central States Teamsters Pension Fund, 788 F.2d 1341, 1343 (8th Cir. 1986).

Here, because the parties' respective Motions for Attorneys' Fees currently pend, judicial efficiency, as well as the convenience of the parties, commends our issuance of an Order delaying the entry of Final Judgment, until the ancillary issue of attorneys' fees is resolved. Otherwise, the potential for piecemeal appeals from interrelated Orders becomes unavoidable -- a result that we find unacceptable. A consolidated resolution of all issues, including those surrounding an award of attorneys' fees,

would not only benefit the parties to this litigation, but would facilitate an expeditious processing of all appellate proceedings. As was recently explained by the United States Court of Appeals for the Second Circuit:

> * * * [T]he 1993 introduction of the Rule 58 provision giving the district court discretion to enter a Rule 58 * * * order was intended simply to increase judicial efficiency by allowing an appeal from a decision on attorneys' fees to be coordinated with the appeal from the judgment. Thus, the drafters stated that although in some cases the district court might prefer to address requests for attorneys' fees only after the merits of the underlying judgment have been reviewed, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.

Mendes Junior Intern. Co. v. Banco Do Brasil, S.A., 215 F.3d 306, 313 (2nd Cir. 2000).

These same considerations directly apply here, and we conclude that the Defendant's Motion should be granted, so that our Judgment, which was entered on January 8, 2001, will not be considered a Final Judgment until five (5) days after we have resolved, and entered Final Judgment, on the pending Motions for Attorneys' Fees.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion for an Order Delaying the Finality of Judgment is GRANTED, and Final Judgment will not be entered

until five (5) days after our Order which resolves the parties' cross-Motions for attorneys' fees.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE