**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| ARCTIC CAT, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Defendant. | No. 01-CV-543 MJD/RLE |
| INJECTION RESEARCH SPECIALISTS, INC., a Colorado corporation, and PACER INDUSTRIES, INC., a Missouri corporation,<br><br>Counterclaimants,<br><br>v.<br><br>ARCTIC CAT, INC., a Minnesota corporation, and SUZUKI MOTOR CORPORATION, a Japanese corporation,<br><br>Counterdefendants. | |

**INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S REPLY TO ARCTIC CAT'S AND SUZUKI'S RESPONSE TO INJECTION RESEARCH SPECIALISTS, INC.'S AND PACER INDUSTRIES, INC.'S MOTION TO ENTER FINAL JUDGMENT, TO DISMISS REMAINING DECLARATORY JUDGMENT CLAIMS WITHOUT PREJUDICE AND TO STAY ATTORNEYS' FEES CLAIMS PENDING APPEAL**

# I. INTRODUCTION

The prompt entry of a final judgment is appropriate because many, if not all, of the original premises on which Arctic Cat's and Suzuki's claim for attorneys' fees are intertwined with factual and legal issues that will be addressed on appeal. Delaying the entry of judgment and determining the exceptional case and attorneys' fees issues now will have two effects: (1) the delay of IRS's appeal contrary to Fed. R. Civ. P. 58, and, (2) the waste of this Court's and the parties' resources.

In their joint opposition, Arctic Cat and Suzuki do not dispute that a trial on the validity of the single unasserted patent claim would be wasteful and unnecessary. Indeed, both Arctic Cat and Suzuki have conceded that at least a partial judgment should be entered. Opp. at 19 ( "While Arctic Cat and Suzuki are not opposed to a subsequent entry of judgment under Rule 54(b), no judgment should be entered until their claims for attorney fees are resolved."). However, Arctic Cat and Suzuki have not explained how their alternative approach is superior to IRS's requested relief or actually promotes "judicial efficiency and avoiding piecemeal appeals". Opp. at 22. Arctic Cat and Suzuki's approach fails in all respects. Notably, Arctic Cat and Suzuki did not attach a proposed form of judgment, unlike IRS and Pacer, or explain why an unspecified Rule 54(b) judgment, a partial judgment, would avoid piecemeal appeals.

In contrast to IRS's and Pacer's proposed judgment, which will facilitate appellate review of claim construction and infringement, Arctic Cat and Suzuki's hypothesized Rule 54(b) partial judgment will likely address neither because of lack of finality of the

underlying claim construction/infringement order and remaining issues of fact regarding infringement. Arctic Cat and Suzuki's incomplete approach guarantees rather than avoids multiple "piecemeal" appeals and may require multiple trials in the event that the Federal Circuit modifies the Court's claim construction after a Rule 54(b) appeal. IRS and Pacer's specific form of judgment pursuant to Rule 54(a), however, avoids this lack of finality problem. By structuring its appeal to dismiss without prejudice certain pending declaratory judgment claims and infringement counterclaims, IRS's proposed judgment will be "final" and will likely lead to a more complete appellate review. Nystrom v. Trex Company, Inc., 339 F.3d 1347, 1351 (Fed. Cir. 2003).

Arctic Cat and Suzuki's proposal forces the Court to waste its time reviewing exceptional case and attorneys' fees allegations when the factual predicates for either finding may be reversed on appeal. In the meantime, this case would remain on this Court's busy docket and IRS's right to appeal would be delayed for months. Because Arctic Cat and Suzuki have made no showing of harm from a stay of an exceptional case/attorneys' fees inquiry or (let alone any reason why an appeal and an exceptional case/attorney's fees inquiry should not proceed in parallel), there is no reason to delay judgment or suspend IRS and Pacer's right to undertake an immediate appeal.

## II. ARGUMENT

### A. Arctic Cat And Suzuki Overstate The Law Regarding The Timing of Attorneys' Fees Claims.

It is well settled that a decision on the merits of a case is appealable even though the amount or recoverability of attorneys' fees remains to be determined. Budinich v.

Becton Dickinson and Co., 486 U.S. 196, 1999 (1988). Thus, the law does not "require" an adjudication of attorneys' fees before an appeal is taken or a judgment is entered. Opp. at 2, 9.

In order to ensure that the fee opponent has notice of any fee motion prior to the expiration of the time to appeal, Federal Rule of Civil Procedure 54(d)(2) provides that a motion for attorneys' fees be filed within 14 days of entry of judgment.[1] In addition to performing this notice function, the short 14-day period

> permits the resolution of the fee motion soon after trial, when the services performed are fresh in the judge's mind. It also permits the court, where appropriate, to make a quick resolution of the fee motion so that any appeal of that issue might be consolidated with an appeal of the merits.
>
> Conversely, a quick resolution of the fee issue is not always desirable. For instance, if the status of the fee movant as a prevailing party is subject to serious challenge, the district court may find it desirable to postpone any decision on fees until after an appeal has confirmed the merits judgment.

10 Moore's Federal Practice, §54.151[1] (Matthew Bender 3d ed.) (emphasis added).

Under Rule 58, "entry of judgment generally may not be delayed for the taxing of costs or awarding of fees" as "the general purpose of Rule 58 is to facilitate appeals." 12 Moore's Federal Practice, §58.04[4] (Matthew Bender 3d ed.). Nonetheless, if a party files a timely motion for attorney's fees under Rule 54(d)(2) and no notice of an appeal is taken, the district court "can" but need not suspend finality to resolve a motion for fees. See generally 1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d)(2); see also Fed. R. 58(C)(2). The district court may also "rule on the claim for fees, may defer its ruling

[1] In the fee motion, the movant must also specify the judgment. Fed. R. Civ. P. 54(d)(2)(B).

on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved" in the event that an appeal is taken. 1993 Advisory Committee Notes to Fed. R. Civ. P. 54(d)(2).[2]

Contrary to Arctic Cat and Suzuki's contentions, district courts in Minnesota, as elsewhere, have broad discretion to determine the timing of an attorneys' fees petition. In Microsoft Corporation v. Multi-Tech Systems, Inc., 2002 U.S. Dist. LEXIS 27119 (ADM/RLE) (D. Minn. October 23, 2002), this Court found no just reason for delay in entering a final judgment of noninfringement on five patents in favor of Microsoft and granted a joint motion pursuant to Rule 54(b).[3] Given the Court's construction of the asserted claims of the patents to which the plaintiff objected, the plaintiff agreed that Microsoft did not infringe. The Court found that "resolution by the appellate court of claim construction issues will control future trial court proceedings." Id. at *3 (emphasis added). More importantly, the Court "weighed the need for immediate appeal versus the

[2] Arctic Cat's citation of so-called "prefatory language" of the Advisory Committee Notes is misleading because that language comes from a completely different paragraph from that cited by IRS. Arctic Cat also omitted the following sentence just below the "prefatory language": "Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment, though revised Rule 58 provides a mechanism by which prior to appeal the court can suspend the finality to resolve a motion for fees." 1993 Advisory Committee Notes to Rule 54(d)(2)(emphasis added). Arctic Cat also ignored IRS's central point that the district court has broad discretion to "rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." IRS's 5/24/05 Brief at 11.

[3] Arctic Cat's attempt to distinguish Schwing GmbH v. Putzmeister Aktiengesellschaft, 2001 U.S. Dist. LEXIS 19578 (D. Minn. Aug. 7, 2001)(staying attorneys' fees claims pending appeal), on the grounds that the parties had "jointly requested" a Rule 54(b) certification is misplaced. The Minnesota District Court would not have signed the stipulated order if it did not believe that it had discretion to do so under the law and that such result, an appeal before consideration of attorneys' fees, was appropriate.

policy against piecemeal litigation and finds that there is no just reason for delay in entering final judgment". Id. (emphasis added).[4]

Here, as in Microsoft and unlike the unpublished case cited by Arctic Cat's counsel, no trial has occurred, no motion to delay the finality of judgment has been filed, and the Court's claim construction will control further proceedings, if any. Compare Daley Exh. Q. While a stay of attorneys' fees claims pending appeal is appropriate in this case as well, some important factual distinctions between the present case and Microsoft militate against a Rule 54(b) judgment, as Arctic Cat and Suzuki have recommended.

Although a Rule 54(b) certification was appropriate in the Microsoft case in view of the patentee's concession of non-infringement and the Court's express finding that invalidity counterclaims were "sufficiently factually distinct from the infringement disputes resolved by the claim construction issues on which the Court has already ruled," the status of this case is vastly different. Id. at *3.

This Court found that issues of fact preclude summary judgment of noninfringement on the "injects fuel every cycle" construed limitation. 2/18/05 Report and Recommendation at 61, adopted on 3/31/05. This Court also relied, at least in part, on issue preclusion to find no infringement by most but not all Kokusan models due to the absence of the "computed injection timing" construed limitation.[5] Id. at 62, 70.

---

[4] Robins, Kaplan et al. was counsel of record for appellant Multi-Tech Systems, Inc. See 357 F.3d 1340 (Fed. Cir. 2004).

[5] It is also possible that if the Federal Circuit decides to hear the case following entry of a Rule 54(b) judgment, it will limit its analysis to the District Court's finding of issue

Accordingly, the Federal Circuit may determine that resolution of claim construction in the context of a Rule 54(b) judgment is inappropriate for two reasons. First, no final judgment occurred with respect to the JECS-equipped snowmobiles and Kokusan-equipped snowmobiles having the Suzuki 2002 785-EID model owing to issues of fact as to the injection of fuel every cycle. Second, the "injects fuel every cycle" construed limitation (and all remaining claim limitations) will surely arise in any obviousness analysis of the Okumura art on which Arctic Cat and Suzuki still rely as an invalidity basis, and possibly in a future trial on infringement. See generally Nystrom v. Trex Company, LLC, 339 F.3d 1347, 1351 (Fed. Cir. 2003)("immediate appeal of an interlocutory claim construction ruling without a resolution of all of the factual issues of infringement or validity dependent thereon is often desired by one or both of the parties for strategic or other reasons. But, . . . the rules of finality that define the jurisdiction of this court do not contain special provisions for patent cases or admit to exceptions for strategic reasons or otherwise, short of meeting the condition specified in Rule 54(b) or 28 U.S.C. 1292(b), (c)(1).").

Given the possibility that the vague Rule 54(b) alternative proposed by Arctic Cat and Suzuki may not reach the important claim construction issues set forth in the Court's February 18, 2005 Report and Recommendation, Arctic Cat and Suzuki's alternative will more likely lead to piecemeal appeals.[6] Because IRS's proposed judgment offers a more

---

preclusion relating to just a handful of claim elements.

[6] A Rule 54(b) judgment requires that the court make an express determination that there is no just reason for delay and an express direction for entry of final judgment on fewer than all of the claims. The finality of a judgment under Rule 54(b) is subject to de novo

complete way of resolving the case, this Court should exercise its discretion to grant IRS's and Pacer's motion for entry of final judgment pursuant to Rule 54(a) and stay any attorneys' fees petitions pending appeal.

**B. Arctic Cat And Suzuki Will Suffer No Prejudice From An Immediate Appeal And A Stay Of Attorneys' Fees Claims**

IRS and Pacer pointed out in their opening brief that all of the original reasons for Arctic Cat's and Suzuki's claim for attorneys' fees are either intertwined with factual and legal issues that will be addressed on appeal or are fact-intensive inquiries (like inequitable conduct) that have not been briefed and are sharply disputed. If the Federal Circuit reverses one or more bases underlying any exceptional case finding, it will likely vacate and therefore render moot all briefing, orders, and hearings related to that topic. Furthermore, if the Federal Circuit reverses and remands the case for further proceedings, Arctic Cat and Suzuki will have a second opportunity to bring any exceptional case/attorneys' fees claim again after trial. It is wasteful of the Court's time and the parties' time and money to potentially re-do this exercise.

Since Arctic Cat and Suzuki's original bases for seeking attorneys' fees have been addressed point by point, Arctic Cat and Suzuki have gone back to the well to create new speculative threats, including insolvency. This is simply a red herring. The identity of IRS's principal shareholder, Arctic Slope Regional Corporation, and the corporate parent of Pacer, Dana Corporation, have not changed. If Arctic Cat and Suzuki's speculation about the financial status of IRS or Pacer or both were based on fact and not hyperbole,

---

review. Nystrom, 339 F.3d at 1351.

Arctic Cat and Suzuki presumably should want an appeal to be hastened, not delayed for months.

Arctic Cat and Suzuki's recycling of accusations of "litigation misconduct"[7] made in their unsuccessful champerty summary judgment motion does not change the fact that IRS's proposal for entry of judgment and stay of attorneys' fees is more efficient.[8] It is more complete, more likely to resolve the key pending legal issues, more likely to resolve

---

[7] Arctic Cat's repeated refusal to accept valid covenants not to sue offered by IRS on the '079, '202, and '374 patents is well documented in IRS's prior briefing and further establishes that Arctic Cat and Suzuki's claims of "litigation misconduct" are baseless. See Docket Nos. 81, 84, 511; see also Power Mosfet Techs. L.L.C. v. Siemans AG, 378 F.3d 1396, 1425 (Fed. Cir. 2004)(affirming denial of award of attorneys' fees to accused infringer that acted without decorum during the litigation); Forest Laboratories, Inc. v. Abbott laboratories, 339 F.3d 1324, 1328 (Fed. Cir. 2004)(noting that "[Section] 285 is limited to circumstances in which it is necessary to prevent a 'gross injustice' to the accused infringer. . . .")(internal citations omitted).

[8] IRS also objects to Arctic Cat and Suzuki's allegation that IRS's appeal of an order finding waiver of attorney-client privilege was in bad faith or that IRS violated this Court's orders. 5/18/05 Reply to Response to Notice of Intent to Claim Award of Attorney fees, at 4 fn. 12; Opp. at 24. IRS vigorously sought to protect its privileged communications from disclosure. IRS did not defy any order but timely filed a notice of appeal and a request for stay. Once IRS's collateral order appeal was dismissed, IRS informed the Court the next day that IRS would produce the contested documents subject to its objections and prior to the time set forth in the Magistrate Judge's Order of 2/12/04. IRS's appeal was based on recent case law in the D.C. Circuit, one of the most influential circuit courts in this country, the Third Circuit, the primacy of the attorney-client privilege, and a careful analysis of Federal Circuit precedent. IRS also cited the Knorr-Bremse case (then being reconsidered by the Federal Circuit) in its Federal Circuit appeal brief to highlight the importance of the attorney-client privilege. The Federal Circuit later confirmed in that case that no adverse inference should be drawn from the non-disclosure of a privileged opinion of counsel. Knorr-Bremse Systeme Fuer Nutzfahzeuge GmbH v. Dana Corporation, 383 F.3d 1337, 1344 (Fed. Cir. 2004). In terms of their request for attorneys' fees, Arctic Cat and Suzuki fail to mention to this Court that the Federal Circuit declined to award fees or costs to either Arctic Cat or Suzuki as a result of the dismissal of IRS's collateral order appeal.

the case sooner, more efficient in terms of the Court's busy schedule, better at conserving the parties' resources, and does so with no harm to Arctic Cat or Suzuki.

## III. CONCLUSION

For these reasons, IRS's and Pacer's motion for entry of a final judgment, for dismissal of the pending declaratory judgment claims and counterclaims, and for stay of Arctic Cat and Suzuki's claim for attorneys' fees pending appeal should be granted.

Dated: August 12, 2005

McDERMOTT WILL & EMERY LLP

/s/ Anthony de Alcuaz

Anthony de Alcuaz
Robert J. Blanch
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000

and

David J. Pearson (#84712)
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4629
Telephone: (612) 604-6400

***Attorneys for Defendants and Counterclaimants Injection Research Specialists, Inc. and Pacer Industries, Inc.***

MPK 95674-1.054249.0012